**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

> **WARREN FREEDENFELD ASSOCIATES, INC.**,
> as successor in interest to
> Warren Freedenfeld & Associates, Inc.,
>        **Plaintiff**
>
> v.
>
> **MICHAEL P. MCTIGUE, DVM**, individually
> and as Trustee of the McTigue Family Trust,
> **NANCY A. MCTIGUE**, as Trustee
> of the McTigue Family Trust,
> **BRIAN C. HURLEY, DVM,**
> **GARDNER ANIMAL CARE CENTER, LLC**
> d/b/a Gardner Animal Hospital,
> **EDWARD D. CORMIER ASSOCIATES, INC.**,
> and
> **BENNETT BUILDING CORPORATION**,
>        **Defendants**

**CIVIL ACTION NO.:**

**05 11573 RGS**

## DEFENDANT EDWARD D. CORMIER ASSOCIATES'
## MOTION TO DISMISS
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

   Defendant Edward D. Cormier Associates hereby moves this Court for an order dismissing all counts in the complaint alleged against this defendant pursuant to Federal Rule of Civil Procedure 12(b)(6). As discussed in detail in the accompanying Memorandum in Support of Defendant Edward D. Cormier Associates' Motion to Dismiss, the plaintiff fails in the complaint to allege any causes of action against this defendant upon which relief can be granted. The plaintiff's complaint should be dismissed as against this defendant as a result. In further support of this

motion, this defendant relies on the accompanying memorandum, filed this day, which provides a detailed listing of reasons, with supporting authorities, why this motion should be granted.

### REQUEST FOR ORAL ARGUMENT

The defendant request that this Court hear oral argument on this motion.

**Edward D. Cormier Associates, Inc**.
by its attorneys,

*/s/ Stephen D. Rosenberg*
_____
Stephen D. Rosenberg
**THE MCCORMACK FIRM, LLC**
One International Place - 7th Floor
Boston, MA    02110
Ph:    617•951•2929
Fax:   617•951•2672

78189.1

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing *Defendant Edward D. Cormier Associates' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)* upon all counsel of record, by mailing a copy hereof, via first class mail, postage prepaid, addressed to:

>Barry S. Scheer, Esq.
>**Parker Sheer, LLP**
>One Constitution Center
>Boston, MA     02129
>
>F. Joseph Gentili, Esq.
>**Capobianco & Gentili, PC**
>15 West Central Street
>Natick, MA     01760
>
>Robert D. City, Esq.
>Michael J. Dissette, Esq.
>**City, Hayes & Dissette, PC**
>50 Congress Street
>Boston, MA     02109
>
>Robert N. Meltzer, Esq.
>P.O. Box 1459
>Framingham, MA   01701
>
>Mary C. Casey, Esq.
>**Harbor Law Group**
>385 South Street
>Shrewsbury, MA     01545

**DATED** this ____ day of _____, 2005.

>/s/   Stephen D. Rosenberg
>_____
>         Stephen D. Rosenberg

**UNITED STATES DISTRICT COURT**
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WARREN FREEDENFELD ASSOCIATES, INC., as successor in interest to Warren Freedenfeld & Associates, Inc., **Plaintiff** <br><br> v. <br><br> MICHAEL P. MCTIGUE, DVM, individually and as Trustee of the McTigue Family Trust, NANCY A. MCTIGUE, as Trustee of the McTigue Family Trust, BRIAN C. HURLEY, DVM, GARDNER ANIMAL CARE CENTER, LLC d/b/a Gardner Animal Hospital, EDWARD D. CORMIER ASSOCIATES, INC., and BENNETT BUILDING CORPORATION, **Defendants** | CIVIL ACTION NO.: <br><br> 05 11573 RGS |

**MEMORANDUM IN SUPPORT OF
DEFENDANT EDWARD D. CORMIER ASSOCIATES'
MOTION TO DISMISS**

---

**I.   INTRODUCTION**

As discussed in detail below, the plaintiff's complaint is a very creative, but fundamentally flawed, attempt to assert claims under the copyright act and the Lanham Act. Unfortunately for the plaintiff, but luckily from the perspective of preventing the unnecessary expenditure of the defendants and this Court's resources by forcing lengthy litigation simply to end up at the same resolution of the plaintiff's claims that can rightly be reached today, three of the fatal flaws in Warren Freedenfeld Associates, Inc.'s ("WFA") causes of action are apparent on the face of the

complaint. As a result, the plaintiff's claims can be resolved by means of a motion to dismiss at this point in time, rather than by other means at a latter point in time.

Defendant, Edward D. Cormier Associates, Inc., ("Edward Cormier Associates") therefore moves for a dismissal of all of the plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state any causes of action upon which relief can be granted. Relief is unavailable to the plaintiff on its copyright infringement and Lanham Act claims from the very face of the complaint because:

(a) WFA previously reduced all control of and rights in the documents at issue to those set forth in a contractual agreement governing the use of the documents, and as such WFA now only possesses rights for breach of contract with regard to those plans and does not possess the ability to proceed under the copyright act;

(b) the copyright claims are time barred in any event by the applicable statue of limitations; and

(c) with regard to the Lanham Act claim, the plaintiff has not pled the necessary element of an impact on interstate commerce.

Each of these points is discussed in detail below.

**II.   ALL COUNTS IN THE COMPLAINT THAT ARE ALLEGED AGAINST EDWARD CORMIER ASSOCIATES UNDER THE COPYRIGHT ACT SHOULD BE DISMISSED BECAUSE, UNDER THE ALLEGATIONS IN THE COMPLAINT, THE PLAINTIFF CAN ONLY ASSERT CONTRACTUAL RIGHTS WITH REGARD TO THE PLANS ALLEGEDLY PREPARED BY IT.**

**A.   The Complaint Establishes that the Plaintiff's Rights, if any, with Regard to the Plans Are Governed Solely By A Contract Between It and Two of the Defendants**

The plaintiff's complaint makes clear that, in fact, all that is at issue in this matter is a contractual dispute between the plaintiff on the one hand, and defendants Michael McTigue and Gardner Animal Hospital on the other. It is clear from the allegations of the complaint that those parties entered into a contractual agreement resolving the issue of ownership, control and right of use of the initial drawings allegedly executed by WFA, and in so doing agreed that no disputes

other than breaches of that actual contractual agreement could be litigated by any of these parties, including WFA. The plaintiff acknowledges in its complaint that:

> "[o]n September 2, 1999, Freedenfeld and the [Gardner Animal Hospital] agreed to settle the dispute between the parties by entering into a Termination and Mutual Release Agreement (the "Termination Agreement"). Under the terms of the Termination Agreement, the parties agreed to release each other of all claims each may have had against each other. However, the parties specifically agreed that the [Gardner Animal Hospital] would not use the [initial draft plans prepared by WFA]."

Complaint at ¶ 24. Notably, the Termination Agreement is an exhibit to the complaint, and is referenced by the plaintiff at paragraph 24 of the complaint. Complaint at ¶ 24 and Exhibit H.

Thus, it is apparent from the complaint's allegations itself, and from the plaintiff's own admission in the complaint, that these parties made a decision to conclusively resolve their dispute over who should be able to do what with the initial drawings allegedly prepared by WFA through the instrument of a contractual undertaking. That document alone, by the express agreement of those parties, controls the ownership and right to use those plans from the day it was executed forward, particularly since the parties to that agreement, most importantly WFA, specifically agreed in that document that all claims of any nature and "of any kind arising at any time from [September 2, 1999, the date the Termination Agreement was executed] forward, whether arising out of the [Termination Agreement] *or otherwise*" are released. Complaint at Exhibit H. The only rights WFA retained under the Termination Agreement with regard to the initial draft plans that WFA allegedly prepared, under the express terms of the Termination Agreement, were for breaches of that Termination Agreement. Complaint at Exhibit H. Accordingly, in 1999, the plaintiff and two of the defendants in this matter (the only defendants with whom the plaintiff had any relationship with regard to the creation, payment for and control of the initial draft plans allegedly prepared by WFA), entered into a binding contractual agreement governing: (1) payment to WFA for the preparation of and the rights to use the initial draft plans allegedly prepared by WFA; (2) Gardner Animal Hospital and Michael McTigue's right to control and use those initial draft plans; (3) the

relinquishment of any other rights of WFA with regard to those initial draft plans; and (4) the release by all signatories of all claims related in any manner to those initial draft plans other than disputes over a breach of the Termination Agreement itself.

The complaint's allegations and exhibits make this clear, and in fact it is the only reasonable construction possible of the allegations in the complaint. As such, this Court is fully entitled to recognize, on a motion to dismiss, that the complaint cannot make out any viable claims for copyright infringement and that the plaintiff cannot proceed under the copyright act. Rather, the complaint makes clear that WFA possesses only whatever interests and rights it retained in that contract known as the Termination Agreement. The Court need not construe that document at this time and decide what rights WFA retained or did not retain; rather, the Court need only recognize that the only rights that remain in WFA's possession after the Termination Agreement was executed on September 2, 1999 are its contractual rights under that contract and its only rights of recovery are for breach of that contract. As such, this is purely a breach of contract action, not an actionable copyright infringement claim. The plaintiff, by execution of the Termination Agreement, agreed that all rights regarding the initial draft plans it allegedly helped prepare are governed by that contract; the plaintiff may not now ignore that and prosecute claims for copyright infringement.

Accordingly, all of the plaintiff's claims under the copyright act must be dismissed. All that is alleged in the complaint, as detailed above, is a contract cause of action, not a cause of action under the copyright act.

**B.    Any Construction of, Or Determination of the Exact Impact of, the Terms of the Termination Agreement, Beyond Simply Dismissing the Plaintiff's Complaint for Alleging Claims Under the Copyright Act rather than Claims for Breach of Contract, Is Premature**

Let us be clear, however, that it is the position of Edward Cormier Associates that the Court neither should nor need construe the terms of that contractual agreement at this time to decide this

motion to dismiss; all that is necessary is to recognize that the plaintiff's case, as pled in the complaint, is one for breach of contract, and is not properly pled under the copyright act. It should be dismissed as a result.

If, however, the Court is of the opinion that a decision on this motion, or on the impact of the Termination Agreement, requires a construction of the terms of the Termination Agreement, it is the position of Edward Cormier Associates that such a ruling is premature, and that the actual meaning of any terms in the Termination Agreement neither can nor should be construed until after discovery, consisting at least of the production of documents by the plaintiff and the deposition of the plaintiff. The legal principles governing the construction of the terms of the Termination Agreement and the impact of those terms on a claim of copyright infringement require such discovery prior to the construction and interpretation of those terms. For instance, the Termination Agreement unquestionably transferred rights to Michael McTigue and Gardner Animal Hospital, and at a minimum, in the position of Edward Cormier Associates, provided an explicit or implicit license to all parties, including Edward Cormier Associates, to make use of the initial plans allegedly prepared in part by WFA; if the Termination Agreement is part of an implied license, the law in this circuit is clear that objective manifestations of an intent to grant such a license, beyond just the terms of the Termination Agreement itself, are to be considered in determining whether such a license was granted. John G. Danielson, Inc. v. Winchester - Conant Properties, Inc., 322 F.3d 26, 40 - 42 (1st Cir. 2003); Meisner Brem Corp. v. Mitchell, 313 F.Supp.2d 13, 17 - 19 (D.NH. 2004). As a result, actual construction and interpretation at this time of the terms within the Termination Agreement is premature.

Rather, what is appropriate at this time is a dismissal of the complaint for pleading copyright violations and causes of action under the copyright act, rather than a breach of contract claim, which the very existence of Exhibit H to the complaint makes clear is all that plaintiff can assert at

this point in time (and all it has been able to assert since execution of the Termination Agreement in 1999). Any ruling beyond that which would require an actual construction of the document's terms would be premature, and should only be undertaken on a summary judgment motion after conclusion of necessary and appropriate discovery affecting the proper construction of those terms. See Danielson, 322 F.3d at 40 - 42; Meisner Brem, 313 F.Supp.2d at 17 - 19.

### III.  COUNT VI OF THE COMPLAINT SHOULD BE DISMISSED FOR THE SAME REASON AS WELL AS FOR FAILURE TO ALLEGE THE ESSENTIAL ELEMENT OF AN IMPACT ON INTERSTATE COMMERCE

Count VI of the plaintiff's complaint is styled as an action under the Lanham Act for false designation of origin and unfair competition. The plaintiff alleges in the complaint that all of the actions of alleged copying and infringement of the initial plans allegedly prepared by WFA are actionable under these theories as well. However, once again, by the allegations of the complaint, the plaintiff long ago resolved all rights as to control, display or use of those plans by means of the Termination Agreement; it is that contractual agreement alone that governs who may do what with those plans. As such, this count should be dismissed for the same reasons, addressed above, that the copyright act claims should be dismissed; quite simply, all that the plaintiff holds at this point in time is a right to proceed under contract with regard to any party's display of those plans and it holds no right to proceed under the Lanham Act in that regard.

Independent of this issue, however, is the fact that an impact on interstate commerce is an essential element of any claim under the Lanham Act for false designation of origin. E.g. General Council of Assemblies of God v. Fraternidad de Iglesia de Asamblea de Dios Autonoma Hispana, Inc., 382 F.Supp.2d 315, 322 (D.PR. 2005). The First Circuit, in a case addressing a significantly similar fact pattern, teaches that, at a minimum, a plaintiff architect in a case of this nature must show that it operated outside of Massachusetts at relevant time periods and must establish a relationship between the harms suffered by it and interstate commerce. Danielson, 322 F.3d at

46. The plaintiff's complaint utterly fails to make such a showing and is, in fact, devoid of any allegations of an impact on interstate commerce from the defendants' alleged conduct. As such, this count fails to allege an essential element and must be dismissed for this reason as well. It is black letter law that a count that lacks an essential element fails to plead a claim on which relief can be granted, and should be dismissed as a result.

IV.  **THE COPYRIGHT CLAIMS IN THE PLAINTIFF'S COMPLAINT SHOULD ALSO BE DISMISSED ON THE BASIS OF THE STATUTE OF LIMITATIONS**

As detailed in the memorandum in support of the motion to dismiss filed by defendants Michael McTigue, Gardner Animal Hospital and others, it is apparent from the plaintiff's complaint that the statute of limitations on the plaintiff's claims under the copyright act, under the allegations in the complaint, began running in the fall of 1999. In this circuit, the three year statute of limitations on copyright infringement claims commences to run when the plaintiff knew or should have known of the alleged infringement; constructive knowledge on the part of the plaintiff, without regard to when it accrued actual knowledge, is sufficient to start the clock ticking. E.g. John G. Danielson, Inc. v. Winchester - Conant Properties, Inc., 186 F.Supp.2d 1, 24 (D.Ma. 2002), *aff'd* 322 F.3d 26 (1st Cir. 2003). In the Danielson litigation, the District Court stated, with regard to the running of the three year statute of limitations on claims under the copyright act, that:

> [a] claim for copyright infringement is generally considered to have accrued when one has knowledge of a violation or is chargeable with such knowledge. A plaintiff is chargeable with knowledge when a reasonably diligent person in the plaintiff's position would have become aware of the infringement.

Danielson, 186 F.Supp.2d at 24 (internal citations and punctuation omitted).

In paragraph 24 of the complaint, the plaintiff acknowledges resolving the parties' dispute over ownership and use of the plans in September 1999, as detailed above. In paragraph 26 of the complaint, however, the plaintiff then proceeds to explain that "shortly after [Gardner Animal

Hospital] and Freedenfeld discontinued their relationship, [Gardner Animal Hospital] retained [Edward Cormier Associates] as the new architect for the Project" and proceeded as well at that time to retain defendant Bennett Building Corporation to build the hospital. The plaintiff further acknowledges in his complaint that construction of the hospital was completed in 2000. Complaint at ¶ 29.

These allegations make clear that the plaintiff either had actual knowledge in 1999, when it terminated its relationship with Michael McTigue and Gardner Animal Hospital, and in the few months thereafter, that the project was being built in the exact manner and with the exact plans that it was or, if WFA did not have actual knowledge of that at that time, it should have had such knowledge under those facts. The "should have known" component of the statute of limitations test exists to prevent a party from using a willful failure to learn about the infringement in a timely manner as a basis for delaying the running of the time available to it under the statute of limitations for asserting a claim; WFA clearly should be charged with constructive knowledge at that time, in the fall of 1999 to early 2000, of any copyright infringement that it alleges occurred, and the statute of limitations, based solely on an interpretation of the allegations in the complaint, should be deemed to have commenced running at that time. A "reasonably diligent person" in WFA's position would have learned of the alleged infringement at that point in time under the allegations of the complaint, and thus WFA must be charged with knowledge sufficient to trigger the statute of limitations as of that time. <u>Danielson</u>, 186 F.Supp.2d at 24. As such, the plaintiff's claims under the copyright act are time barred, and should be dismissed under Federal Rule of Civil Procedure 12(b)(6) at this time for this reason as well.

## V. Conclusion

For the reasons set forth above, all of the plaintiff's claims against this defendant should be dismissed.

        **Edward D. Cormier Associates, Inc**.
        by its attorneys,

        */s/ Stephen D. Rosenberg*
        _____
        Stephen D. Rosenberg
        **The McCormack Firm, LLC**
        One International Place - 7th Floor
        Boston, MA    02110
        Ph:    617•951•2929
        Fax:   617•951•2672

78190.1

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing *Memorandum in Support of Defendant Edward D. Cormier Associates' Motion to Dismiss* upon all counsel of record, by mailing a copy hereof, via first class mail, postage prepaid, addressed to:

Barry S. Scheer, Esq.
**Parker Sheer, LLP**
One Constitution Center
Boston, MA    02129

F. Joseph Gentili, Esq.
**Capobianco & Gentili, PC**
15 West Central Street
Natick, MA    01760

Robert D. City, Esq.
Michael J. Dissette, Esq.
**City, Hayes & Dissette, PC**
50 Congress Street
Boston, MA    02109

Robert N. Meltzer, Esq.
P.O. Box 1459
Framingham, MA   01701

Mary C. Casey, Esq.
**Harbor Law Group**
385 South Street
Shrewsbury, MA    01545

**DATED** this ____ day of _____, 2005.

/s/   *Stephen D. Rosenberg*
_____
Stephen D. Rosenberg