UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 11573 RGS

WARREN FREEDENFELD ASSOCIATES, INC. )
as successor in interest to WARREN FREEDENFELD )
& ASSOCIATES, INC., )
        Plaintiff, )
)
v. )
)
MICHAEL P. MCTIGUE, DVM individually and as )
Trustee of THE MCTIGUE FAMILY TRUST, )
NANCY A. MCTIGUE, as Trustee of the )
MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM, )
GARDNER ANIMAL CARE CENTER, LLC )
d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D. )
CORMIER, ASSOCIATES INC., and BENNETT )
BUILDING CORPORATION, )
        Defendants. )
)

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE MOTION OF THE
DEFENDANT, EDWARD D. CORMIER ASSOCIATES, INC., TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

## I.    INTRODUCTION

The plaintiff, Warren Freedenfeld Associates, Inc., as successor in interest to

Warren Freedenfeld & Associates, Inc (collectively, "Freedenfeld") submits this

memorandum in opposition to the motion of the defendant, Edward D. Cormier

Associates, Inc. ("Cormier"), to dismiss the complaint. Cormier's motion must be denied

because, as discussed below, Freedenfeld never contractually limited its right to bring a

copyright infringement action against the owner of the project or any other party. Both

the original AIA agreement between owner and architect and subsequent termination

agreement make clear that Freedenfeld was not creating documents for hire but retained

full ownership over them. This is the specific reason why Freedenfeld applied for and obtained a valid copyright in the works and made clear to the owner of project that the works were protected by federal copyright laws and that these rights were absolute and were not modified or limited by any contractual agreement between the parties. The Complaint clearly demonstrates that the owner of the project accepted this position and never claimed any ownership interest in Freedenfeld's work. Significantly, the owner had represented to Freedenfeld that it found the copyrighted works to be "useless" and had "rolled" them up and "discarded" them.

Cormier's argument that Freedenfeld failed to adequately plead the interstate commerce element of the plaintiff's Lanham Act claims is simply outrageous given that Freedenfeld's interstate architecture practice is clearly referenced in the Complaint and supported by correspondence attached as exhibits authored by two of the defendants referencing the fact that the plaintiff has worked on over "300 veterinary hospitals." In further support of the plaintiff's Lanham Act claims, Freedenfeld requests that the Court exercise its discretion to take judicial notice of the fact that the plaintiff is licensed to practice architecture in 39 states and that the hundreds of veterinary hospitals referenced by the two defendants were designed for clients in states other than Massachusetts.

Finally, Cormier's argument that Freedenfeld did not act timely to enforce its copyright in the architectural works is absolutely preposterous. There is no history in our statutory or decisional law to suggest that an architect seeking to enforce his copyright against a former client had an affirmative duty to go to the project site or the local planning board to investigate whether the project was being built with his copyrighted plans. Obviously, such a duty could never exist where the infringer had previously

2

disavowed any interest in using the architect's work and represented to the architect that his designs had been rolled up and thrown in the trash. When Freedenfeld discovered that the defendants caused plaintiff's copyrighted architectural works to be published in the November 2004 edition of a national and international trade publication, the plaintiff acted timely to enforce its rights in the copyrighted works by filing suit in July of 2005. In further support of this opposition, the plaintiff states as follows:

## II. FACTUAL BACKGROUND

This is a clear case of architectural copyright infringement and violation of the Lanham Act. The facts of the case are more accurately plead in Freedenfeld's Complaint which for the purposes of this opposition, are adopted by reference. In short, Freedenfeld is a national architecture firm licensed to practice architecture in 39 states. Freedenfeld has designed hundreds of veterinary hospitals across the country and has won several awards for its work.

In 1999, the defendant, Michael McTigue, DVM ("McTigue"), retained Freedenfeld to design a new veterinary facility for the Gardner Animal Hospital ("the Hospital") in Gardner, Massachusetts (the "Project"). From the start of the Project, the parties understood that the Freedenfeld retained exclusive ownership of all the designs and drawings that it prepared for the Project (collectively, the "Architectural Works"). Specifically, McTigue and the Hospital agreed that Freedenfeld was the author of the Architectural works and retained all common law, statutory, and other reserved rights, including the copyright. This agreement was memorialized in the Owner Architect Agreement executed by the parties dated March 24, 1999 (the "AIA Agreement"). Article 6 of AIA Agreement provides in its entirety:

3

6.1.    *The Drawings, Specifications and other documents prepared by the Architect for this Project are instruments of the Architect's service for use solely with respect to this Project, and the Architect shall be deemed the author of these documents and shall retain all common law, statutory and other reserved rights, including the copyright.* The Owner shall be permitted to retain copies and other documents for information and reference in connection with the Owner's use and occupancy of the Project. The Architect's Drawings, Specifications or other documents shall not be used by the Owner or others on other projects, for additions to this Project or for completion of this Project by others, unless the Architect is adjudged to be in default under this Agreement, except by agreement in writing and with appropriate compensation to the Architect.

6.2.    Submission or distribution of documents to meet official regulatory requirements or for similar purposes in connection with the Project is not to be construed as publication in derogation of the Architect's reserved rights.

The Architectural Works were the only architectural plans and drawings that were created for the Project and all were created by Freedenfeld.

After the Project gained the approval of the City of Gardner Zoning and Planning Board, Freedenfeld and McTigue engaged in a dispute over fees. McTigue also alleged that Freedenfeld failed to substantially perform the architectural services.

As a result of the fee dispute, McTigue threatened to terminate Freedenfeld as the Project architect. During this period, Freedenfeld made clear to McTigue that if the Hospital decided to terminate Freedenfeld that the Hospital was prohibited from using the Architectural works to complete the Project. When Freedenfeld requested that McTigue and the Hospital return the Architectural works, McTigue responded to Freedenfeld by letter stating that all the works that the plaintiff prepared for the Project had been "rolled up and discarded." McTigue stated in the letter:

*Whatever plans, drawings etc. you did prepare have proven useless to us, and they have been rolled up and discarded.* This is in spite of my having paid tens of thousands of dollars; unfortunately, I again have to pay

4

another architect another tens of thousands of dollars to complete the project.

See McTigue Letter attached to Complaint as **Ex. F.**

In August of 1999, to protect its rights in the Architectural Works, Freedenfeld properly filed an application and deposit fee with the U.S. Copyright Office. A copyright was later granted to Freedenfeld for the Architectural Works (Certificate VAU 656-367).

In September of 1999, Freedenfeld, McTigue, and the Hospital agreed to resolve the dispute over fees owed by the defendants for services performed in connection with the Project by entering into a Termination and Mutual Release Agreement (the "Termination Agreement"). As part of the Termination Agreement, McTigue and the Hospital agreed that they would not use of the Architectural Works. The Termination Agreement did not modify in any way, Freedenfeld's exclusive ownership, proprietary rights, or right to enforce his copyright interests the Architectural Works.

In late 2004, Freedenfeld was a subscriber to a veterinary trade publication, *Veterinary Economics* (the "Magazine"). The Magazine is an international business and management publication serving more than 50,000 subscribers in the United States and Canada. While perusing the November 2004 issue of the Magazine, Freedenfeld discovered an article appearing on pages 50 - 57 about the renovation and expansion of the Gardner Animal Hospital. According to the article, the design won a "Merit Award" in the 2004 Veterinary Hospital Design Competition, a national and international competition. The article is entitled "Giving an Old House a Cutting –Edge Extension." The article identifies the owners of the Hospital as McTigue and Brian Hurley DVM. Cormier is listed as the Architect. Pages 52-53 of the article contain drawings that are nearly identical to the Architectural Works prepared by Freedenfeld. After a further

5

investigation by Freedenfeld's counsel in early 2005, it was determined that the Project
was built by the defendant , Bennett Building Corporation ("Bennett") using the
Architectural Works.

## III.    STANDARD OF REVIEW

It is well settled that a complaint may be dismissed under Fed. R. Civ. P. 12 (b)(6)
for failure to state a claim upon which relief may be granted "only if it is clear that no
relief could be granted under any set of facts that could be proved consistent with the
allegations." Gorski v. New Hampshire Dept. of Corrections, 290 F.3d. 466, 473 (1st Cir.
2002) quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2232, 81 L.Ed.2d
59 (1984). In ruling on a motion to dismiss, a court "must accept as true the factual
allegations of the complaint, and all reasonable inferences must be drawn in favor of the
plaintiff." Moss v. Camp Pemigewassett, Inc., 312 F.3d 503, 506 (1st Cir. 2002).
The issue on a motion to dismiss for failure to state a claim is not whether the claimant
will ultimately prevail but whether the claimant is entitled to offer evidence to support the
claims asserted. Gilligan v. Jamco Development Corp., 108 F.3d 246, 249 (9th Cir. 1997).

The notice pleading standard set forth in Rule 8 establishes "a powerful
presumption against rejecting pleadings for failure to state a claim." Gilligan, 108 F.3d at
248 (citations omitted). Consequently, a court may not dismiss a complaint for failure to
state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in
support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41,
45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). In keeping with this liberal pleading standard,
the district court should grant the plaintiff leave to amend if the complaint can possibly

6

be cured by the inclusion of additional factual allegations. Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

## IV. ARGUMENT

### A. FREEDENFELD NEVER CONTRACTUALLY LIMITED ITS RIGHT TO BRING A COPYRIGHT INFRINGEMENT ACTION AGAINST EITHER MCTIGUE OR THE HOSPITAL OR ANY OTHER PARTY.

Cormier argues that Freedenfeld's rights are governed solely by contract between Freedenfeld and the two other defendants, McTigue and the Hospital. As grounds for this argument, Cormier takes the position that the Termination Agreement referenced in paragraph 24 of the Complaint suggests that this document alone controls the ownership and right to use the Architectural Works from the day it was executed forward, whether arising out of the agreement or otherwise. Cormier fundamentally misperceives the nature of this case and the purpose of the Termination Agreement.

Freedenfeld never contractually limited its right to bring a copyright infringement action against McTigue, the Hospital or any other party. Both the Termination Agreement and Article 6 of the AIA Agreement make clear that Freedenfeld was not creating documents for hire but retained full ownership over them and that the plaintiff preserved all its statutory and common law rights with respect to the copyright in the documents, including the right to bring an infringement action under 17 U.S.C. § 101 et seq. This was the specific reason why Freedenfeld applied for and obtained a valid copyright in the Architectural Works.

The specific language in the Termination Agreement states: "[the Hospital] agrees not to use any of the work solely produced by [Freedenfeld]. Article 6 of the [AIA Agreement] shall remain in full force and affect." As previously stated, Article 6.1 of

7

the AIA Agreement specifically states that the *"Architect shall be deemed the author of [the Architectural Works] and shall retain all common law, statutory and other reserved rights, including the copyright."* A plain reading of this sentence makes clear that the language referring to "statutory and other reserved rights, including the copyright" would include all rights and remedies available to the Architect under the Copyright Act, 17 U.S.C. § 101 et seq.

The correspondence attached to the Complaint clearly demonstrate that McTigue and the Hospital accepted Freedenfeld position with respect to the preservation of all the plaintiff's statutory and common law rights in the Architectural Works, including the right to pursue a copyright infringement claim. This is because McTigue and Hospital had made it clear to Freedenfeld that they **never claimed or wanted** any ownership interest in the Architectural Works. Significantly, McTigue and the Hospital had represented to Freedenfeld that they found the Architectural Works to be "useless" and had "rolled" them up and "discarded" them. See McTigue Letter attached to Complaint as **Ex. F.**

The best that Cormier could possibly argue is that the Termination Agreement gave McTigue and the Hospital a nonexclusive license to use the Architectural Works under very limited conditions. The obvious problem with this position is there is no language in the Termination Agreement granting such rights. Nor could the agreement be reasonably interpreted this way, since McTigue and the Hospital had previously disavowed any interest in using the Architectural Works to complete the Project and claimed to have thrown them in the trash. But even if the language could somehow be construed to create a nonexclusive license to use Freedenfeld's work to finish the Project,

it cannot be said that any such license extended to Cormier's use of the Architectural

Works because the Termination Agreement makes no reference to replacement architects.

It should also be noted that Cormier has not claimed to be a third-party beneficiary of the

Termination Agreement between Freedenfeld, McTigue, and the Hospital.

Further, the Termination Agreement makes no reference to the grant of

publishing rights to any of the defendants, let alone authorized them to take credit for

Freedenfeld's work. This is exactly what the defendants did when they caused the

Architectural Works to be published in the November 2004 edition of *Veterinary*

*Economic Magazine* without Freedenfeld's knowledge or permission.

The bottom-line is that the Complaint demonstrates that Freedenfeld always

maintained the right to bring a copyright infringement action against McTigue and the

Hospital and any other party for the unauthorized copying or use of the plaintiff's

Architectural Works. For Cormier to suggest otherwise, is nothing but a subterfuge to

somehow justify the defendant's egregious violation of federal copyright laws and

violation of the accepted code of ethics for American architects. Accordingly, for the

reasons discussed above, Cormier's Motion to Dismiss Freedenfeld's copyright claims

should be DENIED.

## B. FREEDENFELD HAS SUFFICIENTLY PLEAD THE IMPACT ON INTERSTATE COMMERCE ELEMENT OF ITS LANHAM ACT CLAIMS BECAUSE THE COMPLAINT AND ATTACHED EXHIBITS CLEARLY DEMONSTRATE THAT THE PLAINIFF IS AN AWARD WINNING ARCHITECT WHO HAS WORKED ON "OVER 300 VETERINARY HOSPITALS" FOR CLIENTS ACROSS THE COUNTRY.

The Lanham Act, 15 U.S.C. § 1125(a), covers copyright infringement as well as host

of other deceptive practices that courts loosely term as "unfair competition." One such

form of unfair competition is the false designation of origin. The act imposes liability on

9

"[a]ny person who, or in connection with any goods or services…uses in commerce…any false designation of origin, false or misleading description of fact, or false misleading representation of fact, which … is likely to cause confusion, or cause mistake, or to deceive…as to the origin…of his or her goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(A).

Cormier argues that Freedenfeld has failed to satisfy the interstate commerce element of his claim for violation of the Lanham Act. In support of this argument, Cormier takes the position that Freedenfeld failed to plead that it operated outside of Massachusetts. This argument is weak. As previously discussed, Freedenfeld is and was at all relevant times a national architectural firm licensed in the practice of architecture in Massachusetts and 38 other states. Pursuant to Fed. R. Evid. 201(b), the plaintiff requests that the court take judicial notice of Freedenfeld's many AIA state registrations. *See* Fed.R.Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.") An Architect's registration with state licensing authorities is clearly capable of accurate and ready determination because they are a matter of public record. Freedenfeld's architecture license numbers are provided in **Exhibit 1** attached hereto.[1]

Further, Freedenfeld's notoriety as an accomplished designer of several hundred veterinary hospitals throughout the country is not disputed by either McTigue or the Hospital. This is a fact that is clearly referenced is paragraph 12 of the Complaint. The

---

[1] If the Court does not take judicial notice of the facts referenced in this section of Freedenfeld's Opposition to Cormier's motion to dismiss, the plaintiff requests leave to amend the Complaint to include this information.

10

paragraph contains a quotation from a letter authored by McTigue which he wrote to the

City of Gardner Zoning and Planning Board as part of a detailed zoning application

packet to secure the city's approval of the Project. McTigue states in the letter:

> To plan and design [the Project], I have assembled an experienced team of
> specialists. The architect is Warren Freedenfeld and Associates from
> Boston. *Warren has designed over 300 veterinary hospitals and has won*
> *many awards for his work.* We have worked together on our hospital
> renovation project in 1994 and have been very pleased with his designs.

See Letter to Gardner Zoning and Planning Board, attached to Complaint **Ex. B.**

Freedenfeld's designs for several of these out-of-state projects are on file with the United

States Copyright Office. Freedenfeld requests that the Court exercise its discretion to take

judicial notice of Freedenfeld's copyright registrations. See Island Software and

Computer Service, Inc. v. Microsoft Corp, 413 F.3d 257, 261 (2nd Cir. 2005)(District

Court was entitled to take judicial notice of copyright infringement plaintiff's federal

copyright registrations, as published in Copyright Office's registry) citing Duluth News-

Tribune v. Mesabi Publishing Co., 84 F.3d 1093, 1096 n. 2 (8th Cir. 1996). For purposes

of expediency the Court need only take judicial notice of the following copyright

registration numbers: Willow Pet Hotel, New York, Project # 9938: VAU 653-940;

Asheville Highway Animal Clinic, Tennessee, Project #0318: VAU 653-939; Three

Lakes Animal Care Center, Florida, Project # 9216, VAU 347-382. Copies of the

Certificate of Copyright Registration (U.S. Copyright Office Form VA) for these projects

are attached hereto as **Exhibit 2.**

The Complaint further alleges that McTigue and Cormier with the assistance of

the other defendants distributed the Architectural Works that Freedenfeld created in

connection with the Project to a veterinary trade publication, *Veterinary Economics* (the

11

"Magazine") and allowed them to be published. As clearly plead in Paragraph 30 of the

Complaint, "the magazine is an international business and management publication

serving more than 50,000 subscribers in the United States and Canada." To the extent

that the defendants' false designation of the Architectural Works hinder Freedenfeld's

ability to conduct his interstate architecture business which McTigue and the Hospital

concede has included the design of over "300 veterinary hospitals", it affects interstate

commerce. Accordingly, for the foregoing reasons, Cormier's motion to dismiss

Freedenfeld's Lanham Act claims should be DENIED.

**C.    PRIOR TO NOVEMBER OF 2004, FREEDENFELD HAD NO REASON
TO SUSPECT THAT THE DEFENDANTS HAD INFRINGED UPON THE
PLAINTIFF'S COPYRIGHTED WORKS SO AS TO COMMENCE THE
THREE YEAR STATUTE OF LIMITATIONS BECAUSE THE OWNER
OF THE PROJECT HAD DISAVOWED ANY INTEREST IN USING THE
WORKS CLAIMING THAT THEY HAD "PROVEN USELESS" TO THE
HOSPITAL AND HAD BEEN "ROLLED UP AND DISCARDED."**

Cormier claims that the Freedenfeld's copyright claims should be dismissed on

the basis of the three-year statute of limitations for copyright infringement actions, 17

U.S.C. § 507. In support of this argument, Cormier takes the illogical position that

allegations contained in the Complaint suggest that Freedenfeld had actual or

constructive knowledge in 1999 "that the [Project] was being built in the exact manner

and with exact plans that it was or if [Freedenfeld] did not have actual knowledge of that

at that time, it should have had such knowledge under those facts." Cormier's argument is

premised on two allegations in the Complaint stating that: (1) the hospital hired Cormier

as the new architect on the Project and retained Bennett to build the Project; and (2) that

the Project was "completed in 2000." While these statements do appear in the

12

Complaint, what Cormier fails to mention is how and when Freedenfeld discovered these facts.

Paragraph 30 of Complaint, entitled **"Freedenfeld's Discovery of the Infringing Activity"** makes clear that Freedenfeld first discovered that the Architectural Works were being infringed upon when the plaintiff discovered an article in the November 2004 edition of *Veterinary Economics Magazine*. As stated in the Complaint, Page 52 of the article specifically lists Cormier as the "Architect" for the Project and states that the facility was completed in "2000." A further investigation, by Freedenfeld's counsel at the Gardner Zoning and Planning Board's offices in early 2005 determined that the Project was built by Bennett.

It is noteworthy that there is no history in our statutory or decisional law to suggest that an architect seeking to enforce his copyright against a former client had an affirmative duty to go to the project site or the local planning board to investigate whether the project was being built with his copyrighted plans. For obvious reasons, this is impracticable. Obviously, such a duty could never exist where, as here, the infringer had made clear to the architect that his plans had "proven useless" and had been thrown in the trash. For Cormier to suggest that such a duty would exist under these circumstances is ludicrous.

Moreover, Freedenfeld could not have known that several years after the Project was completed that the defendants would then cause the Architectural Works to be published in a national and international trade magazine that is read by the plaintiff's current and potential clients because the defendants never sought Freedenfeld's

13

permission to publish them. The reason for this was obvious, the defendants wanted to take credit for Freedenfeld's work, which they, in fact, did.

As discussed above, Freedenfeld first discovered that defendants infringed on the Architectural Works in November of 2004. This suit was commenced on July 22, 2005, well within the three year statute of limitations for copyright infringement actions. For the foregoing reasons, Cormier's motion to dismiss on the basis of the statute of limitations should be DENIED.

## V.    CONCLUSION

For all the foregoing reasons, Cormier's Motion to Dismiss the Complaint should be DENIED.

Respectfully submitted,

WARREN FREEDENFELD &
ASSOCIATES, INC.

By its attorneys,

Barry S. Scheer
BBO No. 445100
Garrett J. Lee
BBO No. 641876
PARKER | SCHEER, LLP
One Constitution Center
Boston, MA 02129
Tel.: 617-886-0500
Fax: 617-886-0100
Email: bss@parkerscheer.com
        gjl@parkerscheer.com

Dated: October 28, 2005

14

## CERTIFICATE OF SERVICE

I, Garrett J. Lee, attorney for the plaintiff, Warren Freedenfeld Associates, Inc. as
successor in interest to Warren Freedenfeld & Associates, Inc., hereby certify that on this
28th day of October, 2005 a true copy of the following was served on all counsel record:

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE MOTION OF THE
## DEFENDANT, EDWARD D. CORMIER ASSOCIATES, INC., TO DISMISS
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

By first-class mail postage pre-paid, addressed to:

Robert N. Meltzer, Esq.
P.O. Box 1459
Framingham, MA 01701

Stephen D. Rosenberg
The McCormack Firm, LLC
One International Place
7th Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D. City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109

Mary C. Casey, Esq.
Harbor Law Group
385 South Street
Shrewsbury, MA 01545

Garrett J. Lee

## EXHIBIT 1

### FREEDENFELD, AIA, STATE REGISTRATIONS

| State | License # |
|---|---|
| Arizona | 33183 |
| California | C-24580 |
| Colorado | C-4749 |
| Connecticut | ARI.6497 |
| Florida | AR-0011410 |
| Georgia | RA008233 |
| Illinois | 001-010867 |
| Indiana | AR19600133 |
| Kansas | 4546 |
| Kentucky | 4355 |
| Louisiana | 5366 |
| Maine | AN10001281 |
| Maryland | 9888 |
| Massachusetts | AR3538 |
| Michigan | 13010-38998 |
| Mississippi | 3221 |
| Montana | 2722 |
| Missouri | 2000160073 |
| Montana | 2722 |
| Nevada | 3524 |
| New Hampshire | 01068 |
| New Jersey | AI-0742200 |
| New York | 014160-1 |
| North Carolina(c) | 50710 |
| North Carolina | 6863 |
| Ohio | A-00-12462 |
| Oklahoma | 4146 |
| Pennsylvania | RA008976B |
| Puerto Rico | 19850 |
| Rhode Island | 1567 |
| South Carolina | 4998 |
| Tennessee | 100876 |
| Texas | 14095 |
| Utah | 380348-0301 |
| Vermont | 003-000966 |
| Virginia | 0401009406 |
| Washington | 6218 |
| Wisconsin | 8415 |
| NCARB | 15,026 |

# CERTIFICATE OF REGISTRATION



UNITED STATES COPYRIGHT OFFICE
★ THE LIBRARY OF CONGRESS ★

OFFICIAL SEAL

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

**VAu 347–382**

EFFECTIVE DATE OF REGISTRATION

MAR. 24 1997
Month    Day    Year

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**TITLE OF THIS WORK ▼**

Three Lakes Animal Care Center (WFA Project #9216)

**NATURE OF THIS WORK ▼** See Instructions

Architectural Design

**PREVIOUS OR ALTERNATIVE TITLES ▼**

Town & Country Veterinary Hospital (WFA Project #9214)

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    **Title of Collective Work ▼**

N/A

If published in a periodical or serial give: **Volume ▼**    **Number ▼**    **Issue Date ▼**    **On Pages ▼**

N/A

## 2

**NAME OF AUTHOR ▼**

Warren Freedenfeld & Associates Inc.

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼
N/A    N/A

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ U.S.A.
Domiciled in ▶ U.S.A.

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☒ Architectural work    (See enclosed material) *
☐ Design on sheetlike material

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☒ Architectural work
☐ Design on sheetlike material

## 3

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
1993 ◀ Year

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month ▶    Day ▶    Year ▶    ◀ Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Warren Freedenfeld & Associates Inc.
39 Church Street
Boston, MA  02116

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
MAR 24 1997
ONE DEPOSIT RECEIVED
MAR 24 1997
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

**DO NOT WRITE HERE**
Page 1 of ___ 2 ___ pages

EXAMINED BY

CHECKED BY

FORM VA

*enclosure refers to drawings submitted for deposit

☐ CORRESPONDENCE
   Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

N/A

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

N/A

**6**

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼                                    Account Number ▼

N/A                                       N/A

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/ZIP ▼.

Warren Freedenfeld, AIA, President

Warren Freedenfeld & Associates Inc.

39 Church Street

Boston, MA  02116

Area Code and Telephone Number ▶  (617) 338-0050

Be sure to
give your
daytime phone
◀ number

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▼

☐ author

☐ other copyright claimant

☐ owner of exclusive right(s)

☒ authorized agent of  Warren Freedenfeld & Associates Inc.

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Warren Freedenfeld, AIA, President          Date ▶  19 March 1997

Handwritten signature (X) ▼

**8**

• YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable $20 filing fee
   in check or money order
   payable to Register of Copyrights
3. Deposit material

MAIL TO:
Register of Copyrights
Library of Congress
Washington, D.C. 20559-6000

Mail
certificate
to:

Name ▼

Warren Freedenfeld, AIA

Number/Street/Apt ▼

39 Church Street

City/State/ZIP ▼

Boston, MA  02116

Certificate
will be
mailed in
window
envelope

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

March 1995—300,000    ♻ PRINTED ON RECYCLED PAPER          ☆U.S. GOVERNMENT PRINTING OFFICE: 1995-387-237/41

# CERTIFICATE OF REGISTRATION



**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

**REGISTER OF COPYRIGHTS**
United States of America

OFFICIAL SEAL

VAu 347-383



EFFECTIVE DATE OF REGISTRATION

MAR.   24   1997
Month   Day   Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**TITLE OF THIS WORK ▼**

Three Lakes Animal Care Center (WFA Project #9216)

**NATURE OF THIS WORK ▼** See Instructions

Architectural Drawings

**PREVIOUS OR ALTERNATIVE TITLES ▼**

Town & Country Veterinary Hospital (WFA Project #9214)

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. **Title of Collective Work ▼**

N/A

If published in a periodical or serial give: **Volume ▼**        **Number ▼**        **Issue Date ▼**        **On Pages ▼**

N/A

## 2

### a

**NAME OF AUTHOR ▼**

Warren Freedenfeld & Associates Inc.

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼
N/A          N/A

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE** Name of Country
OR { Citizen of ▶ _____ U.S.A. _____
Domiciled in▶ _____ U.S.A. _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture     ☐ Map          ☒ Technical drawing (See enclosed material) *
☐ 2-Dimensional artwork       ☐ Photograph   ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work
☐ Design on sheetlike material

### b

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE** Name of Country
OR { Citizen of ▶ _____
Domiciled in▶ _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture     ☐ Map          ☒ Technical drawing (See enclosed material)
☐ 2-Dimensional artwork       ☐ Photograph   ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work
☐ Design on sheetlike material

whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

## 3

### a
**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given **Year** in all cases.
1993

### b
**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information ONLY if this work has been published.
Month ▶ _____ Day ▶ _____ Year ▶ _____ ◀ Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Warren Freedenfeld & Associates Inc.
39 Church Street
Boston, MA   02116

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
MAR 24 1997
ONE DEPOSIT RECEIVED
MAR 24 1997
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

---

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.          • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___2___ pages

*enclosure refers to drawings submitted for deposit

| EXAMINED BY | | FORM VA |
| --- | --- | --- |
| CHECKED BY | | |
| CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼        Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

N/A

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

N/A

**6**

See instructions before completing this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼        Account Number ▼

N/A        N/A

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/ZIP ▼

Warren Freedenfeld, AIA, President
Warren Freedenfeld & Associates Inc.
39 Church Street
Boston, MA  02116

Area Code and Telephone Number ▶  (617) 338-0050

Be sure to give your daytime phone ◀ number

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▼

☐ author

☐ other copyright claimant

☐ owner of exclusive right(s)

☒ authorized agent of  Warren Freedenfeld & Associates Inc.

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Warren Freedenfeld, AIA, President        Date▶  19 March 1997

Handwritten signature (X) ▼

**8**

| Mail certificate to: | Name ▼ |
| --- | --- |
| | Warren Freedenfeld, AIA |
| Certificate will be mailed in window envelope | Number/Street/Apt ▼ |
| | 39 Church Street |
| | City/State/ZIP ▼ |
| | Boston, MA  02116 |

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8
SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable $20 filing fee in check or money order payable to Register of Copyrights
3. Deposit material
MAIL TO:
Register of Copyrights
Library of Congress
Washington, D.C. 20559-6000

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Certificate of Registration

# FORM VA
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE


VAu 653 – 940

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.



*Marybeth Peters*

Register of Copyrights, United States of America

**EFFECTIVE DATE OF REGISTRATION**

JAN 21 2005
Month    Day    Year

**ARATE CONTINUATION SHEET**

---

## 1

**Title of This Work ▼**

Willow Pet Hotel (WFA Project #9938)

**Previous or Alternative Titles ▼**

**NATURE OF THIS WORK ▼** See instructions

Architectural Drawings

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. **Title of Collective Work ▼**

N/A

If published in a periodical or serial give   **Volume ▼**   **Number ▼**   **Issue Date ▼**   **On Pages ▼**

N/A

---

## 2

**a**  **NAME OF AUTHOR ▼**

Warren Freedenfeld & Associates Inc.

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

N/A   N/A

**Was this contribution to the work a "work made for hire"?**
■ Yes
□ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ___ USA
Domiciled in ___ USA

**Was This Author's Contribution to the Work**
Anonymous?   □ Yes   ■ No
Pseudonymous?   □ Yes   ■ No
If the answer to either of these questions is "Yes," see detailed instructions

**NOTE**
Under the law the author of a work made for hire is generally the employer not the employee (see instructions). For any part of this work that was made for hire check Yes in the space provided give the employer (or other person for whom the work was prepared) as Author of that part and leave the space for dates of birth and death blank

**Nature of Authorship** Check appropriate box(es) **See instructions**
□ 3 Dimensional sculpture   □ Map   ■ Technical drawing   (See enclosed material)*
□ 2 Dimensional artwork   □ Photograph   □ Text
□ Reproduction of work of art   □ Jewelry design   □ Architectural work

**b**  **Name of Author ▼**

**Dates of Birth and Death**
Year Born ▼   Year Died ▼

**Was this contribution to the work a "work made for hire"?**
□ Yes
□ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ___
Domiciled in ___

**Was This Author's Contribution to the Work**
Anonymous?   □ Yes   □ No
Pseudonymous?   □ Yes   □ No
If the answer to either of these questions is "Yes," see detailed instructions

**Nature of Authorship** Check appropriate box(es) **See instructions**
□ 3 Dimensional sculpture   □ Map   □ Technical drawing
□ 2 Dimensional artwork   □ Photograph   □ Text
□ Reproduction of work of art   □ Jewelry design   □ Architectural work

---

## 3

**a**  **Year in Which Creation of This Work Was Completed**
2000
This information must be given
Year   in all cases

**b**  **Date and Nation of First Publication of This Particular Work**
Complete this information Month ___ Day ___ Year ___
ONLY if this work has been published   Nation

---

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼

Warren Freedenfeld & Associates Inc
39 Church Street
Boston, MA 02116

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2 give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

See instructions before completing this space

**APPLICATION RECEIVED**
JAN 2 1 2005
**ONE DEPOSIT RECEIVED**
JAN 2 1 2005
**TWO DEPOSITS RECEIVED**

**FUNDS RECEIVED**

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶**   Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions   Sign the form at line 8

DO NOT WRITE HERE
Page 1 of __2__ pages

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

\*enclosure refers to drawings
submitted for deposit

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work or for an earlier version of this work already been made in the Copyright Office?
☐ Yes ☑ No If your answer is Yes why is another registration being sought? (Check appropriate box) ▼
a ☐ This is the first published edition of a work previously registered in unpublished form.
b ☐ This is the first application submitted by this author as copyright claimant.
c ☐ This is a changed version of the work as shown by space 6 on this application
If your answer is Yes give Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work complete only 6b for a compilation
a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates ▼

N/A

b Material Added to This Work Give a brief general statement of the material that has been added to this work and in which copyright is claimed ▼

N/A

**6**
a
See instructions
before completing
this space

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office give name and number of Account
Name ▼                          Account Number ▼

N/A                              N/A

**7**
a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent Name/Address/Apt/City/State/ZIP ▼

Warren Freedenfeld, AIA, President
Warren Freedenfeld & Associates, Inc
39 Church Street
Boston, MA  02116
Area code and daytime telephone number    (617)338-0050              Fax number    (617)426-2557

Email    warren@freedenfeld com

b

**CERTIFICATION\*** I the undersigned hereby certify that I am the

check only one ▶ {
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  Warren Freedenfeld & Associates, Inc
}
Name of author or other copyright claimant or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3 do not sign and submit it before that date

Warren Freedenfeld, AIA, President                    Date    05 January 2005

Handwritten signature (X) ▼

X _____

Certificate
will be
mailed in
window
envelope
to this
address

Name ▼
Warren Freedenfeld & Associates, Inc

Number/Street/Apt ▼
39 Church Street

City/State/ZIP ▼
Boston, MA  02116

YOU MUST
Complete all necessary spaces
Sign your application in space 8
SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE
1 Application form
2 Nonrefundable filing fee in check or money
order payable to Register of Copyrights
3 Deposit material
MAIL TO
Library of Congress
Copyright Office
101 Independence Avenue S E
Washington D C 20559-6000

**9**

17 U S C § 506(e) Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409 or in any written statement filed in connection
with the application shall be fined not more than $2 500

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VAu 653-938**

EFFECTIVE DATE OF REGISTRATION

JAN 21 2005
Month    Day    Year

---

**ARATE CONTINUATION SHEET**

## 1

**Title of This Work ▼**

Asheville Highway Animal Hospital (WFA Project #0318)

**NATURE OF THIS WORK ▼** See Instructions

Architectural Drawings

**Previous or Alternative Titles ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical serial or collection give information about the collective work in which the contribution appeared **Title of Collective Work ▼**

N/A

If published in a periodical or serial give **Volume ▼**    **Number ▼**    **Issue Date ▼**    **On Pages ▼**

N/A

## 2

**a** **NAME OF AUTHOR ▼**

Warren Freedenfeld & Associates, Inc

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

N/A    N/A

**NOTE**

Under the law the author of a work made for hire is generally the employer not the employee (see instructions) For any part of this work that was made for hire check Yes in the space provided give the employer (or other person for whom the work was prepared) as Author of that part and leave the space for dates of birth and death blank

**Was this contribution to the work a "work made for hire"?**
■ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of _____ USA
Domiciled in _____ USA

**Was This Author's Contribution to the Work**
Anonymous? ☐ Yes ■ No
Pseudonymous? ☐ Yes ■ No
If the answer to either of these questions is "Yes see detailed instructions"

**Nature of Authorship** Check appropriate box(es) **See Instructions**
☐ 3 Dimensional sculpture    ☐ Map    ■ Technical drawing (See enclosed material)*
☐ 2 Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**b** **Name of Author ▼**

**Dates of Birth and Death**
Year Born ▼    Year Died ▼

**Was this contribution to the work a "work made for hire"?**
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of _____
Domiciled in _____

**Was This Author's Contribution to the Work**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes see detailed instructions"

**Nature of Authorship** Check appropriate box(es) **See Instructions**
☐ 3 Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2 Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

## 3

**a** **Year in Which Creation of This Work Was Completed**
This information must be given Year in all cases

2004

**b** **Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published
Month _____ Day _____ Year _____    Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼

Warren Freedenfeld & Associates, Inc
39 Church Street
Boston, MA 02116

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2 give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

See Instructions before completing this space

APPLICATION RECEIVED
JAN 21 2005
ONE DEPOSIT RECEIVED
JAN 2 1 2005
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶**    Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions    Sign the form at line 8

DO NOT WRITE HERE
Page 1 of __2__ pages

EXAMINED BY _____    **FORM VA**

CHECKED BY _____

☐ CORRESPONDENCE
Yes

**FOR COPYRIGHT OFFICE USE ONLY**

\* enclosure refers to drawings
submitted for deposit

---

**DO NOT WRITE ABOVE THIS LINE IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work already been made in the Copyright Office?
☐ Yes ■ No If your answer is Yes why is another registration being sought? (Check appropriate box ) ▼
a ☐ This is the first published edition of a work previously registered in unpublished form.
b ☐ This is the first application submitted by this author as copyright claimant
c ☐ This is a changed version of the work, as shown by space 6 on this application
If your answer is Yes give **Previous Registration Number ▼**        **Year of Registration ▼**

**5**

---

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work complete only 6b for a compilation
a Preexisting Material Identify any preexisting work or works that this work is based on or incorporates ▼

    N/A

**a**

**6**
See instructions
before completing
this space

b Material Added to This Work Give a brief general statement of the material that has been added to this work and in which copyright is claimed ▼

    N/A

**b**

---

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office give name and number of Account
Name ▼                                           Account Number ▼

    N/A                                           N/A

**a**

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent Name/Address/Apt/City/State/ZIP ▼

    Warren Freedenfeld, AIA, President
    Warren Freedenfeld & Associates Inc
    39 Church Street
    Boston, MA 02116
Area code and daytime telephone number  ( 617 ) 338-0050          Fax number   (617) 426-2557
Email  warren@freedenfeld.com

**b**

---

**CERTIFICATION\*** I the undersigned hereby certify that I am the

check only one ▶ {
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
■ authorized agent of Warren Freedenfeld & Associates Inc
    Name of author or other copyright claimant or owner of exclusive right(s) ▲
}

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

Typed or printed name and date ▼ If this application gives a date of publication in space 3 do not sign and submit it before that date

    Warren Freedenfeld, AIA, President              Date   04 Jan 2005

Handwritten signature (X) ▼

X _____

---

**Certificate will be mailed in window envelope to this address**

| Name ▼ |
|---|
| Warren Freedenfeld, AIA |
| Number/Street/Apt ▼ |
| 39 Church Street |
| City/State/ZIP ▼ |
| Boston, MA 02116 |

**YOU MUST:**
Complete all necessary spaces
Sign your application in space 8
**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE**
1 Application form
2 Nonrefundable filing fee in check or money order payable to Register of Copyrights
3 Deposit material
**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue S E
Washington D C 20559 6000

**9**

17 U S C § 506(e) Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409 or in any written statement filed in connection with the application shall be fined not more than $2 500