IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WARREN FREEDENFELD ASSOCIATES ) <br> INC., as successor to WARREN ) <br> FREEDENFELD & ASSOCIATES, INC. ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> MICHAEL P. MCTIGUE, D.V.M., ) <br> Individually and as Trustee of the ) <br> MCTIGUE FAMILY TRUST, NANCY ) <br> A. MCTIGUE, as Trustee of the MCTIGUE ) <br> FAMILY TRUST, BRIAN C. HURLEY, ) <br> D.V.M., GARDNER ANIMAL CARE ) <br> CENTER, LLC d/b/a GARDNER ANIMAL ) <br> HOSPITAL, EDWARD D. CORMIER ) <br> ASSOCIATES, INC. and BENNETT ) <br> BUILDING CORPORATION ) <br> ) <br> Defendants ) | CIVIL ACTION NO:05-11573-RGS |

REPY OF DEFENDANTS MICHAEL P. MCTIGUE, NANCY A. MCTIGUE, BRIAN C. HURLEY AND GARDNER ANIMAL CARE CENTER LLC d/b/a GARDNER ANIMAL HOSPITAL TO THE PLAINTIFF'S OPPOSITION TO THEIR MOTION TO DISMISS THE LAWSUIT BROUGHT BY THE PLAINTIFF, PURSUANT TO F.R.C.P. 12(b)(6)

Now come the Defendants Michael P. McTigue, Nancy A. McTigue, Brian C. Hurley and Gardner Animal Care Center, LLC d/b/a Gardner Animal Hospital ("the Moving Defendants") and reply to the Plaintiff's Opposition as follows:

The Plaintiff's Opposition to the Moving Defendant's Motion to Dismiss on the basis of the applicable three year statute of limitations was entirely devoid of any case law whatsoever to support the legal arguments made by the Plaintiff. In that Opposition, the Plaintiff had stated that there was no legal precedent for the Moving Defendant's argument. The Plaintiff also misstated

the law, suggesting that there was no case law that stated that an architect has an affirmative duty to investigate potential infringement of materials subject to copyright protection.

Specifically, the Plaintiff wrote that "[i]t is noteworthy that there is no history in our statutory or decisional law to suggest that an architect seeking to enforce his copyright against a former client had an affirmative duty to go to the project site or the local planning board to investigate whether the project was being built with his copyright plans."

Plaintiff is simply incorrect in making this statement.

The Moving Defendants direct the Court's attention to Zitz v. Pereira, 119 F. Supp. 2d 133 (E.D. New York, 1999), a case which is startlingly similar to the facts in the case at bar, and in which Zitz's lawsuit was dismissed based upon failure to bring suit within the appropriate limitations period.

Zitz was an architect who prepared plans for a house for Pereira in 1993. Zitz, 119 F. Supp. 2d at 135. Pereira ultimately built a house using a different architect, one Peter Podlas. Zitz, 119 F. Supp. 2d at 136. Zitz later determined that house plans designed by him had been used when he saw pictures of a completed house in Homes & Land Magazine in 1996. Zitz, 119 F. Supp. 2d at 136.

In holding that Zitz's claim against Periera was time-barred, the Court noted that "a cause of action arose when a plaintiff knows or has reason to know of the injury upon which the claim is premised. Zitz, 119 F. Supp. 2d at 141, citing Stone v. Williams, 970 F.2d 1043,1048 (2d.Cir. 1992), cert denied, 508 U.S. 906 (1993) The Court went on to note that "A cause of action in a copyright infringement case accrues when 'a reasonably diligent person in plaintiff's position would have been put on inquiry' as to the existence of a right." Zitz, 119 F. Supp. 2d at 141

2

In dismissing the Plaintiff's lawsuit, the Court wrote that "these findings of fact [in the case] lead me to conclude that a reasonably diligent person in Zitz's position would have further investigated Periera's activities once he knew that Pereira was not going to be contracting with him to build Townhouse II." Zitz, 119 F. Supp. 2d at 141. In short, the Court identified that an affirmative duty was assigned to the architect at the time that the architect determined that his services were not to be used, and that the architect had an affirmative duty to engage in reasonably diligent conduct to determine if rights were being infringed. The Zitz Court specifically held that an architect cannot wait until he sees the finished product in a magazine to declare that an infringement has occurred.

The case at bar presents an even stronger set of facts than appeared in Zitz.

Exhibit A is a letter on the Plaintiff's own letterhead, drafted by the Plaintiff, which states that "it is our understanding that you intend to redesign the Project utilizing the services of another architect. We wish you luck in that endeavor." This letter is dated July 22, 1999. Under the holding in Zitz, the Plaintiff's affirmative duty to commence a reasonably diligent investigation to determine if its rights were being infringed began on July 22, 1999.

The termination agreement between the parties was signed on September 2, 1999. In that Agreement, attached to the Complaint, the parties modified the typed language by inserting the word "solely" in the sentence "GAH agrees not to use any of the work produced by WFA…" so that it read "GAH agrees not to use any of the work solely produced by WFA…". The Plaintiff initialed the word change, which makes it clear that GAH intended to use work that was not "solely" produced by the Plaintiff.

The Plaintiff concedes in paragraph 29 of the Complaint that, "…in late 1999, the City of Gardner Building Inspector issued a Building Permit for the Project to McTigue… …"

3

Further, the Plaintiff concede in paragraph 31 of the Complaint that "a full size version of the First Floor Plan…" was available from the City of Gardner Building Department.

In short, the Plaintiff learned in July of 1999 that the Moving Defendants were not going to be contracting with him to build the hospital. Under the Zitz holding, the obligation to commence a reasonable investigation began at that time and the case would have been time-barred by July 22, 2002. By the Plaintiff's own admission, the ability to ascertain infringement was a matter of public record within months of the understanding in 1999.

Under Zitz, an architect cannot wait until the architect sees the finished work in an architectural magazine years later. By the time the Plaintiff saw the finished product in Veterinary Economics in 2004, the Plaintiff's claim was already time barred by two full years.

The Plaintiff is simply incorrect in its Opposition when it denies an affirmative obligation exists in order to protect its rights. Zitz logically concludes that an architect that negligently fails to protect himself will not receive sympathy from the Court for that negligence. Zitz supports the contention that the Court will only protect the architect when the architect lacks the ability to ascertain infringement within the statute, not when the architect fails to exercise that ability.

The Plaintiff's own Complaint makes it clear that the Plaintiff was not misled, and no facts were concealed from him. The Plaintiff writes in his opposition that due diligence is impractical, that this "this is impractical." In reality, a very short trip down Route 2 from Cambridge to the office of the Gardner building inspector between "late fall of 1999" and July of 2002 would have confirmed or denied any concerns that the Plaintiff might have had about how the work had proceeded with a new architect.[1] This was hardly impractical. The Plaintiff apparently elected not to make that investigation, at its own peril. Based upon documents on its own letterhead, in

---

[1] Indeed, it would have confirmed before 2002 that the there had been no infringement of protected rights.

4

documents signed by it, and in admissions in the Complaint, it is clear that the Plaintiff was willfully blind, and that it has no cause of action in this court.

The Plaintiff had an affirmative duty to act with reasonable diligence, contrary to the statements in its own opposition. The Plaintiff failed to do so.

The Moving Defendant's Motion to Dismiss must be ALLOWED.

Respectfully Submitted,
**The Moving Defendants**
By their attorneys,

Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

Mary C. Casey, BBO #636250
Harbor Law Group
48 Maple Avenue
Shrewsbury, MA 01545
Phone: (508) 842-9244

Dated: November 14, 2005

5

**Warren Freedenfeld & Associates**

Architecture
Planning
Interior Design

39 Church Street
Boston MA 02116
Phone: 617 338 0050
Fax: 617 426.2557

22 July 1999

Mike McTigue, DVM
Gardner Animal Hospital
7 Pearson Boulevard
Gardner, MA 01440

Project: Gardner Animal Hospital (Project #9818)
Re: Termination of Owner and Architect Agreement

Dear Mike:

This letter shall confirm our agreement to terminate our Owner and Architect Agreement. It is understood that the current outstanding invoice (Invoice #5644) totals $18,013.70. It is agreed that a settlement amount of $9,500.00, over and above all payments made to date, shall be considered payment, in full, for all expenses incurred and for all services rendered, to date.

It is our understanding that you intend to redesign the Project utilizing the services of another architect. We wish you the best of luck in that endeavor.

Sincerely,

Warren Freedenfeld, AIA
Principal

WF:sac

The Settlement Agreement is approved and accepted:

_____          _____
Michael McTigue, DVM                                          Date

cc: Charles Cimino, AIA — WFA
    Richard Ahern      — WFA
    File

CERTIFICATE OF COMPLIANCE WITH L.R.7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), the parties have met and conferred by telephone to discuss the dispute subject to the attached motion, and the parties have apparently been unable to resolve the dispute without the aid of the Court.

Respectfully Submitted,<br>
**The Moving Defendants,**<br>
By its attorney,<br>
<br>
Robert N. Meltzer, BBO #564745<br>
P.O. Box 1459<br>
Framingham, MA 01701<br>
Phone: (508) 872-7116

Dated: November 15, 2005

## CERTIFICATE OF SERVICE

I, Robert N. Meltzer, do hereby certify that on this day I have served the foregoing by providing a copy of the same by first class mail, postage prepaid, to:

Barry S. Scheer, Esq.
Parker Scheer, LLP
One Constitution Center
Boston, MA 02129

Stephen D. Rosenberg, Esq.
The McCormack Firm
One International Place
Seventh Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D.City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109

November 15, 2005