IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WARREN FREEDENFELD ASSOCIATES )<br>INC., as successor to WARREN )<br>FREEDENFELD & ASSOCIATES, INC. )<br>                                  )<br>    Plaintiff               )<br>                                  )<br>v.                                    )<br>                                  )<br>MICHAEL P. MCTIGUE, D.V.M., )<br>Individually and as Trustee of the )<br>MCTIGUE FAMILY TRUST, NANCY )<br>A. MCTIGUE, as Trustee of the MCTIGUE )<br>FAMILY TRUST, BRIAN C. HURLEY, )<br>D.V.M., GARDNER ANIMAL CARE )<br>CENTER, LLC d/b/a GARDNER ANIMAL )<br>HOSPITAL, EDWARD D. CORMIER )<br>ASSOCIATES, INC. and BENNETT )<br>BUILDING CORPORATION )<br>                                  )<br>    Defendants       ) | CIVIL ACTION NO:05-11573-RGS |

ANSWER AND AFFIRMATIVE DEFENSES OF ANSWERING DEFENDANTS MICHAEL
P. MCTIGUE, NANCY A. MCTIGUE, BRIAN C. HURLEY AND GARDNER ANIMAL
CARE CENTER LLC d/b/a GARDNER ANIMAL HOSPITAL

Now come the above-captioned defendants ("the Answering Defendants") and answer the Plaintiff's Complaint as follows:

1. To the extent that any answer is required to this paragraph, the Answering Defendants deny that they have engaged in any unlawful conduct.

2. The Answering Defendants lacks sufficient information to admit or deny this allegation and calls upon the Plaintiff to prove the same.

3. Admitted

4. Admitted

5. Admitted

6. Admitted

7. The Answering Defendants lacks sufficient information to admit or deny this allegation and calls upon the Plaintiff to prove the same.

8. The Answering Defendants lacks sufficient information to admit or deny this allegation and calls upon the Plaintiff to prove the same.

9. The Answering Defendants do not question jurisdiction

10. The Answering Defendants accept this venue

11. All necessary documents speak for themselves

12. All necessary documents speak for themselves, and are not, per se, admissions to be cited against the Answering Defendants

13. Admitted that the Plaintiff prepared plans

14. Admitted that the Plaintiff prepared plans

15. Admitted that the Plaintiff prepared plans

16. Admitted that the Plaintiff prepared plans

17. Admitted that the Plaintiff prepared plans

18. Admitted that the Plaintiff prepared plans

19. Documents speak for themselves. The Answering Defendants deny the spin placed upon those documents, or otherwise lacks sufficient information to admit or deny this allegation and calls upon the Plaintiff to prove the same.

20. The Answering Defendants lacks sufficient information to admit or deny and call upon the Plaintiff to prove the same. However, the Answering Defendants question the

numbers cited, or whether any funds were due and owing based upon the Plaintiff's breach of its contract.

21. Documents speak for themselves. The Answering Defendants deny the spin placed upon those documents, or otherwise lacks sufficient information to admit or deny this allegation and calls upon the Plaintiff to prove the same.

22. Documents speak for themselves.

23. The Answering Defendants lacks sufficient information to admit or deny this allegation and calls upon the Plaintiff to prove the same. To the extent it was done, the Answering Defendants deny that the Plaintiff had the legal right to do so.

24. Admitted that an agreement was reached. Denied as to the spin on what the Answering Defendants were entitled to use by contract.

25. Denied

26. Admitted

27. Denied

28. Denied

29. Public records speak for themselves

30. The Answering Defendants lacks sufficient information to admit or deny this allegation and calls upon the Plaintiff to prove the same.

31. Admitted that the plans were a matter of public record, but denied that the Answering Defendants "copied" any work belonging to the Plaintiff

32. Denied

(COUNTS 1-V HAVE BEEN DISMISSED, SUCH THAT NO ANSWER IS NECESSARY)

65. The Answering Defendants incorporate their prior answers

3

66. Denied

67. Denied

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a cause of action upon which relief may be granted

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred by the doctrine of laches

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred by the doctrine of estoppel

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred by the doctrine of waiver

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claim is barred as moot

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to bring suit

### EIGHTH AFFIRMATIVE DEFENSE

The claim is barred by the doctrine of prior settlement

THE ANSWERING DEFENDANTS DEMAND A TRIAL BY JURY ON ALL COUNTS

Respectfully Submitted,

**The Answering Defendants,**

By their attorneys,

s/Robert N. Meltzer_____
Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

s/Mary C. Casey_____
Mary C. Casey, BBO #636250
Harbor Law Group
385 South Street
Shrewsbury, MA 01545
Phone: (508) 842-9244

Dated: February 17, 2006

CERTIFICATE OF SERVICE

      I, Robert N. Meltzer, do hereby certify that on this day I have served the foregoing by providing a copy of the same by first class mail, postage prepaid, to:

Barry S. Scheer, Esq.
Parker Scheer, LLP
One Constitution Center
Boston, MA 02129

Stephen D. Rosenberg, Esq.
The McCormack Firm
One International Place
Seventh Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D.City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109

                                                                                         _____

February 17, 2006