**UNITED STATES DISTRICT COURT**
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WARREN FREEDENFELD ASSOCIATES, INC., as successor in interest to Warren Freedenfeld & Associates, Inc., **Plaintiff** <br><br> v. <br><br> MICHAEL P. MCTIGUE, DVM, individually and as Trustee of the McTigue Family Trust, NANCY A. MCTIGUE, as Trustee of the McTigue Family Trust, BRIAN C. HURLEY, DVM, GARDNER ANIMAL CARE CENTER, LLC d/b/a Gardner Animal Hospital, EDWARD D. CORMIER ASSOCIATES, INC., and BENNETT BUILDING CORPORATION, **Defendants** | CIVIL ACTION NO.: <br><br> 05 11573 RGS |

**ANSWER AND COUNTERCLAIM**
**OF DEFENDANT EDWARD D. CORMIER ASSOCIATES, INC.**
_____

1. The first sentence of this paragraph states a conclusion of law as to which no response is required. To the extent that sentence may be construed as requiring an answer from this defendant, all such allegations are denied. The defendant denies the allegations contained in the second sentence of this paragraph.

2. The defendant admits only that Warren Freedenfeld Associates, Inc. is the plaintiff. The defendant is otherwise without sufficient information to enable it to either admit or deny the remaining allegations contained in this paragraph.

3. The defendant is without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

4. The defendant is without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

5. The defendant is without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

6. The defendant is without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

7. The defendant admits to these allegations with regard to the time period prior to November 2005 but denies that they are accurate thereafter.

8. The defendant is without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

9. This paragraph states a conclusion of law as to which no response is required.

10. This paragraph states a conclusion of law as to which no response is required. To the extent any allegations in this paragraph are deemed to require an answer, they are denied.

11. The defendant is without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

12. The defendant is without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

13. The defendant states only that the exhibits referenced in this paragraph speak for themselves, and states that it is otherwise without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

14. The defendant states only that the exhibits referenced in this paragraph speak for themselves, and states that it is otherwise without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

15. The defendant states only that the exhibit referenced in this paragraph speaks for itself, and states that it is otherwise without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

16. The defendant states only that the exhibit referenced in this paragraph speaks for itself, and states that it is otherwise without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

17. The defendant states only that the exhibit referenced in this paragraph speaks for itself, and states that it is otherwise without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

18. The defendant states only that the exhibit referenced in this paragraph speaks for itself, and states that it is otherwise without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

19. The defendant states only that the exhibit referenced in this paragraph speaks for itself, and states that it is otherwise without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

20. The defendant is without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

21. The defendant states only that the exhibit referenced in this paragraph speaks for itself, and states that it is otherwise without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

22. The defendant states only that the exhibit referenced in this paragraph speaks for itself, and states that it is otherwise without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

23. The defendant states only that the exhibit referenced in this paragraph speaks for itself, and states that it is otherwise without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

24. The defendant states only that the exhibit referenced in this paragraph speaks for itself, and denies the characterization of that exhibit alleged by the plaintiff in this paragraph. Further responding, the defendant and states that it is without sufficient information to enable it to either admit or deny the remaining allegations contained in this paragraph.

25. Upon information and belief, the defendant denies the allegations of this paragraph.

26. The defendant admits only that it was retained as the architect on the project to construct the veterinary hospital and that Bennett was retained to construct the project, but is otherwise without sufficient information to enable it to either admit or deny the remaining allegations in this paragraph.

27. This defendant denies all allegations in this paragraph directed at it.

28. This defendant denies all allegations in this paragraph directed at it.

29. The defendant denies the allegations of copying contained in this paragraph and any other allegations contained in the paragraph that are directed against it, but further responding, states that it is without sufficient information to enable it to either admit or deny the remaining allegations contained in this paragraph.

30. The defendant is without sufficient information to enable it to either admit or deny the allegations contained in the first three sentences of this paragraph. Further answering, the defendant, upon information and belief, admits that the design won

       a merit award in the 2004 Veterinary Hospital Design Competition, that the article was titled "Giving an Old House a Cutting-Edge Extension," that the article identified Michael McTigue and Brian Hurley as the owner and the defendant as the architect. The defendant denies all remaining allegations in this paragraph.

31. The defendant denies the allegations contained in this paragraph that are directed against it.

32. The defendant denies the allegations in this paragraph that are directed against it.

33-64. The court has dismissed all counts in the complaint that contain these paragraphs, and as such no answer is required. To the extent that the complaint and the court's order might be construed as requiring an answer to one or more of these paragraphs, all allegations contained in them that are directed at this defendant are denied.

65. The defendant incorporates and restates as though fully set forth herein its answers to paragraphs 1 - 64 above.

66. The defendant denies the allegations contained in this paragraph.

67. The defendant denies the allegations contained in this paragraph.

### Defendant's Prayer for Judgment

The defendant denies that the plaintiff is entitled to any of the relief requested.

### First Affirmative Defense

The Complaint fails to state a claim against this defendant upon which relief can be granted.

### Second Affirmative Defense

The plaintiff is barred from recovery by the doctrines of laches, estoppel, waiver and/or unclean hands.

### Third Affirmative Defense

The plaintiff is barred from recovery under Count VI of his Complaint because there is no or an insufficient impact on interstate commerce.

### Fourth Affirmative Defense

The plaintiff lacks standing under Count VI.

### Fifth Affirmative Defense

The plaintiff is barred from recovery under Count VI on the basis of the statute of limitations.

### Sixth Affirmative Defense

The plaintiff cannot recover under Count VI because the architectural plans in question are not sufficiently similar.

### Seventh Affirmative Defense

The Plaintiff cannot recover under Count VI because the plaintiff cannot prove a likelihood of confusion or other mistake.

### Eighth Affirmative Defense

The plaintiff's only remaining claim is barred by the doctrine of prior settlement, and/or by mutual accord and satisfaction, and/or by a previously executed settlement agreement and/or by a prior release..

## COUNTERCLAIM

### Count I - *Breach of Contract*

1. The "Termination and Mutual Release Agreement" between Gardner Animal Hospital and Warren Freedenfeld & Associates, Inc. attached as Exhibit H to the plaintiff's Complaint, is a binding contractual agreement.

2. The defendant and plaintiff-in-counterclaim, Edward D. Cormier Associates, Inc. ("Cormier") is a third-party beneficiary to that contract.

3. The plaintiff's institution of the instant lawsuit is a breach of its contractual obligations.

4. Cormier has been damaged by the plaintiff's breach of these contractual obligations.

**WHEREFORE**, Cormier prays for judgment against the plaintiff as follows:

    A.    For all damages arising out of the breach of contract;

    B.    For costs and attorney's fees;

    C.    For such other relief as the court deems just and proper.

## **JURY DEMAND**

The defendant demands a trial by jury as to all issues so triable.

**Edward D. Cormier Associates, Inc.**
by its attorneys,

*/s/ Stephen D. Rosenberg*

_____
Stephen D. Rosenberg
**THE MCCORMACK FIRM, LLC**
One International Place - 7th Floor
Boston, MA   02110
Ph:   617•951•2929
Fax:  617•951•2672

78189.1

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing *Answer and Counterclaim of Defendant, Edward D. Cormier Associates, Inc.* upon all counsel of record, via electronic transmittal, to:

> Barry S. Scheer, Esq.
> **Parker Sheer, LLP**
> One Constitution Center
> Boston, MA    02129
>
> Robert D. City, Esq.
> Michael J. Dissette, Esq.
> **City, Hayes & Dissette, PC**
> 50 Congress Street
> Boston, MA    02109
>
> Robert N. Meltzer, Esq.
> P.O. Box 1459
> Framingham, MA   01701
>
> Mary C. Casey, Esq.
> **Harbor Law Group**
> 385 South Street
> Shrewsbury, MA    01545

**DATED** this 23rd day of February, 2006.

/s/ *Stephen D. Rosenberg*
_____
Stephen D. Rosenberg