UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 11573 RGS

)
WARREN FREEDENFELD ASSOCIATES, INC. )
as successor in interest to WARREN FREEDENFELD )
& ASSOCIATES, INC., )
    Plaintiff, )
)
v. )
)
MICHAEL P. MCTIGUE, DVM individually and as )
Trustee of THE MCTIGUE FAMILY TRUST, )
NANCY A. MCTIGUE, as Trustee of the )
MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM, )
GARDNER ANIMAL CARE CENTER, LLC )
d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D. )
CORMIER, ASSOCIATES INC., and BENNETT )
BUILDING CORPORATION, )
    Defendants. )
)

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ALL REMAINING CLAIMS AND COUNTERCLAIMS WITHOUT PREDJUDICE TO PERMIT APPEAL OF THE COURT'S DISMISSAL OF <u>COPYRIGHT INFRINGEMENT COUNTS</u>**

Pursuant to Fed. R. Civ. P. 41(a)(2), the plaintiff, Warren Freedenfeld Associates, Inc., as successor in interest to Warren Freedenfeld & Associates, Inc. (collectively, "Freedenfeld"), submits this memorandum of law in support of its Motion to Dismiss All Remaining Claims and Counterclaims Without Prejudice to Permit Appeal of the Court's Dismissal of the Copyright Infringement Counts. The motion should be allowed because it would serve the interests of judicial economy if the appeal of the copyright infringement counts could be heard before the parties engage in substantial discovery and/or preparation for trial on the remaining counts. Significantly, the plaintiff plans on appealing the earlier dismissal of the copyright counts no matter the outcome of a

decision on remaining claims. Further, the dismissal of the remaining claims and counterclaims will not prejudice any party. In further support of this motion, the plaintiff states as follows:

## I.   FACTUAL AND PROCEDURAL BACKGROUND

1. This an action for architectural copyright infringement and violation of the Lanham Act. The facts of the case are more accurately plead in Freedenfeld's Complaint which for the purposes of this memorandum, are adopted by reference. In short, Freedenfeld is a national architecture firm licensed to practice architecture in 37 states and the U.S. territory of Puerto Rico. Freedenfeld has designed hundreds of veterinary hospitals across the country and has won several awards for its work.

2. In 1999, the defendant, Michael McTigue, DVM ("Dr. McTigue"), retained Freedenfeld to design a new veterinary facility for the Gardner Animal Hospital ("the Hospital") in Gardner, Massachusetts (the "Project"). From the start of the Project, the parties understood that Freedenfeld retained exclusive ownership of all the designs and drawings that it prepared for the Project (collectively, the "Architectural Works"). Specifically, Dr. McTigue and the Hospital agreed that Freedenfeld was the author of the Architectural works and retained all common law, statutory, and other reserved rights, including the copyright. This agreement was memorialized in the Owner Architect Agreement executed by the parties dated March 24, 1999 (the "AIA Agreement"). Article 6 of AIA Agreement provides in its entirety:

> 6.1. *The Drawings, Specifications and other documents prepared by the Architect for this Project are instruments of the Architect's service for use solely with respect to this Project, and the Architect shall be deemed the author of these documents and shall retain all common law,*

2

*statutory and other reserved rights, including the copyright.* The Owner shall be permitted to retain copies and other documents for information and reference in connection with the Owner's use and occupancy of the Project. The Architect's Drawings, Specifications or other documents shall not be used by the Owner or others on other projects, for additions to this Project or for completion of this Project by others, unless the Architect is adjudged to be in default under this Agreement, except by agreement in writing and with appropriate compensation to the Architect.

6.2.   Submission or distribution of documents to meet official regulatory requirements or for similar purposes in connection with the Project is not to be construed as publication in derogation of the Architect's reserved rights.

See Article 6 of Abbreviated Form of Agreement Between Owner and Architect (AIA Form B151), attached to Complaint.

3. The Architectural Works were the only architectural plans and drawings that were created for the Project and all were created by Freedenfeld.

4. After the Project gained the approval of the City of Gardner Zoning and Planning Board, Freedenfeld and McTigue engaged in a dispute over fees. Dr. McTigue also alleged that Freedenfeld failed to substantially perform the architectural services. As a result of the fee dispute, Dr. McTigue threatened to terminate Freedenfeld as the Project architect. During this period, Freedenfeld made clear to Dr. McTigue that if the Hospital decided to terminate Freedenfeld that the Hospital was prohibited from using the Architectural works to complete the Project. When Freedenfeld requested that Dr. McTigue and the Hospital return the Architectural works, Dr. McTigue responded to Freedenfeld by letter stating that all the works that the plaintiff prepared for the Project had been "rolled up and discarded." Dr. McTigue stated in the letter:

> ***Whatever plans, drawings etc. you did prepare have proven useless to us, and they have been rolled up and discarded.*** This is in spite of my having paid tens of thousands of dollars; unfortunately, I again have to pay

3

another architect another tens of thousands of dollars to complete the project.

See Dr. McTigue Letter attached to Complaint.

5.     In August of 1999, to protect its rights in the Architectural Works, Freedenfeld properly filed an application and deposit fee with the U.S. Copyright Office. A copyright was later granted to Freedenfeld for the Architectural Works (Certificate VAU 656-367).

6.     In September of 1999, Freedenfeld, Dr. McTigue, and the Hospital agreed to resolve the dispute over fees owed by the defendants for services performed in connection with the Project by entering into a Termination and Mutual Release Agreement (the "Termination Agreement"). See Termination and Mutual Release Agreement, attached as **Exhibit A**. As part of the Termination Agreement, Dr. McTigue and the Hospital agreed that they would not use the Architectural Works. The Termination Agreement did not modify in any way, Freedenfeld's exclusive ownership, proprietary rights, or right to enforce his copyright interests in the Architectural Works.

7.     In late 2004, Freedenfeld was a subscriber to a veterinary trade publication, *Veterinary Economics* (the "Magazine"). The Magazine is an international business and management publication serving more than 50,000 subscribers in the United States and Canada. While perusing the November 2004 issue of the Magazine, Freedenfeld discovered an article appearing on pages 50 - 57 about the renovation and expansion of the Gardner Animal Hospital. According to the article, the design won a "Merit Award" in the 2004 Veterinary Hospital Design Competition, a national and international competition. The article is entitled "Giving an Old House a Cutting –Edge Extension." The article identifies the owners of the Hospital as Dr. McTigue and Brian

Hurley DVM. Edward D. Cormier Associates, Inc. ("Cormier") is listed as the Architect. Pages 52-53 of the article contain drawings that are nearly identical to the Architectural Works prepared by Freedenfeld. After a further investigation by Freedenfeld's counsel in early 2005, it was determined that the Project was built by the defendant, Bennett Building Corporation using the Architectural Works and that the land where the Project was built is owned by the McTigue Family Trust. Both Dr. McTigue and his wife, Nancy McTigue are trustees of the McTigue Family Trust. On July 22, 2005, Freedenfeld instituted the instant action against the defendants.

8. In late 2005, each of the defendants filed motions to dismiss the Counts in the Complaint. Freedenfeld vigorously opposed each of the defendants' motions to dismiss.

9. On February 13, 2006, this Court (Stearns, J.) entered an order dismissing Freedenfeld's copyright infringement claims on the basis of the statute of limitations. The Court left the plaintiff's remaining claims against the defendants intact. While Freedenfeld's other claims against the defendants remain valid, the thrust of the action was the copyright infringement claims.

10. On March 10, 2006, Freedenfeld filed a Notice of Appeal in the First Circuit to appeal the Court's February 13, 2006 Order.

11. On March 23, 2006, Cormier, who the Hospital's replacement architect on the Project, filed an Answer to the Complaint which contained the only counterclaim asserted by the defendants. Cormier's counterclaim is for breach of the Termination Agreement. Cormier asserts in its counterclaim that it was a third-party beneficiary of the

contract between Freedenfeld and the Hospital. See Cormier's Answer and Counterclaim, attached as **Exhibit B.**

## II.   LAW AND ARGUMENT

**A.   DISMISSAL OF THE REMAINING CLAIMS AND COUNTERCLAIMS WITHOUT PREDJUDICE WOULD SERVE THE INTERESTS OF JUDICIAL ECOMONY.**

12.   As a matter of judicial economy, the Court should grant the plaintiff's motion to dismiss all claims and counterclaims without prejudice because no matter the outcome of the plaintiff's remaining claims, the plaintiff will appeal the Court's dismissal of the copyright infringement counts. Significantly, if the plaintiff's appeal is successful, the parties would then have to try the case a second time to consider the copyright counts. Not only would this be unnecessarily duplicative, but it would be a waste of financial and judicial resources. Accordingly, it would serve both the interests of judicial economy and the interests of the parties if the First Circuit could first render a decision on the plaintiff's appeal of the District Court's dismissal of the copyright counts. This way the parties would know where they stand relative to the copyright issues well before engaging in substantial discovery. Doubtless, a decision either for or against the plaintiff at the appellate level at this juncture would go along way towards streamlining the litigation in the District Court.

**B.   THE DIMISSAL OF ALL CLAIMS AND COUNTERCLAIMS WILL NOT PREDJUDICE ANY PARTY.**

13.   The dismissal of all claims and counterclaims pending the appeal of the Court's dismissal of the copyright infringement claims will not prejudice any party

because as stated above, it will save the parties the expense of what would likely be a another trial to determine the merits of the copyright infringement claims if the plaintiff wins its appeal after a judgment is rendered on the remaining counts.

14.   With respect to the only counterclaim in the case, Cormier cannot show that it will suffer any prejudice if its breach of contract claim is dismissed. First the dismissal would be without prejudice. Second and more importantly, there is no evidence that Cormier was an intended third party beneficiary of the Termination Agreement between Freedenfeld and the Gardner Animal Hospital. See Rae v. Air-Speed, Inc. 386 Mass. 187, 195, 435 N.E. 2d 628 (1982)([u]nder Massachusetts law, a third party can maintain an action for breach of contract only if [the third-party] is an intended beneficiary of the contract.").[1] This is because the plain and unambiguous of language of the contract makes no reference to replacement architects.

15.   It is also noteworthy that Hospital has not asserted any counterclaims against Freedenfeld for breach of the very contract which Cormier claims that the plaintiff breached. Doubtless, Cormier has little hope of prevailing on its breach of contract counterclaim against Freedenfeld and thus will not be unduly prejudiced if its counterclaim is dismissed without prejudice pending the appeal of the copyright infringement claims. See Waller v. Fin. Corp. of Am., 828 F.2d 579, 583 (9th Cir. 1987)("a]district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result.");

---

[1] The courts look to the intent of the parties to determine whether a third party is an intended beneficiary. See Markel Service Ins. Agency, Inc. v. Tifco, Inc., 403 Mass. 401, 405, 530 N.E.2d. 340 (1988). A party is an intended beneficiary if "recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties, and the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance. A court must look to the language and circumstances of the contract for indicia of such intention." Rousseau v. Diemer, 24 F.Supp 137, 145 (D. Mass. 1998), quoting, Dushkin v. Desai, 18 F.Supp.2d 117, 122 (D. Mass. 1998).

7

See also, Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145-46 (9th Cir. 1982).

Accordingly, for all the foregoing reasons, the plaintiff's motion should be <u>Allowed</u>.

## REQUEST FOR ORAL ARGUMENT

The plaintiff hereby requests that the Court hear oral arguments on this motion.

Respectfully submitted,

WARREN FREEDENFELD & ASSOCIATES, INC.

By its attorneys,

/s/ Garrett J. Lee
Barry S. Scheer
BBO No. 445100
Garrett J. Lee
BBO No. 641876
PARKER | SCHEER, LLP
One Constitution Center
Boston, MA  02129
Tel.: 617-886-0500
Fax: 617-886-0100
Email: bss@parkerscheer.com
         gjl@parkerscheer.com

Dated: May 2, 2006

CERTIFICATE OF SERVICE

I, Garrett J. Lee, attorney for the plaintiff, Warren Freedenfeld Associates, Inc. as successor in interest to Warren Freedenfeld & Associates, Inc., hereby certify that on this 2nd day of May, 2006 a true copy of the following was served on all counsel record:

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ALL REMAINING CLAIMS AND COUNTERCLAIMS WITHOUT PREDJUDICE PENDING PLAINTIFF'S APPEAL OF THE COURT'S DISMISSAL OF COPYRIGHT INFRINGEMENT COUNTS**

By first-class mail postage pre-paid, addressed to:

Robert N. Meltzer, Esq.
P.O. Box 1459
Framingham, MA 01701

Stephen D. Rosenberg
The McCormack Firm, LLC
One International Place
7th Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D. City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109

Mary C. Casey, Esq.
Harbor Law Group
385 South Street
Shrewsbury, MA 01545

/s/ Garrett J. Lee
Garrett J. Lee

# TERMINATION AND MUTUAL RELEASE AGREEMENT
# BETWEEN GARDNER ANIMAL HOSPITAL AND
# WARREN FREEDENFELD & ASSOCIATES INC.

WHEREAS Michael P. McTigue, DVM, and Gardner Animal Hospital, collectively ("GAH") and Warren Freedenfeld & Associates Inc. ("WFA") had previously entered into an Owner and Architect Agreement dated 24 March 1998 ("Agreement"), for the provision of architectural services in connection with the Gardner Animal Hospital, located at 73 Eaton Street, Gardner, Massachusetts ("the Project"), and

WHEREAS the Schematic Design and partial Construction Drawings for such Project has been substantially completed, and

WHEREAS the parties desire to terminate their Agreement without the provision of any further services by WFA,

NOW THEREFORE, in consideration of the mutual agreements contained herein, the parties agree as follows:

1. The Agreement is terminated and the parties shall have no further obligations except as set forth in this Termination and Mutual Release Agreement.

2. Upon execution of this Agreement, GAH shall pay WFA Seven Thousand Five Hundred Dollars ($7,500.00) as final and total payment for all services provided and expenses incurred to date. This amount shall be in addition to all previous amounts paid by GAH and/or received by WFA.

3. GAH agrees not to use any of the work SOLELY produced by WFA. Article 6 of the Owner and Architect Agreement shall remain in full force and affect.

4. GAH and WFA agree to release each other of and from all loss, expense, claim, or action of any kind arising at any time from this date forward, whether arising out of the Agreement or otherwise, intending thereby to give each other a general release of all claims each may have against each other to date, and in the future, except as to the obligations under this Termination and Mutual Release Agreement, which are not being released.

Executed as a contract under seal this __2ND__ day of __SEP__, 1999.

Owner:

Gardner Animal Hospital
7 Pearson Boulevard
Gardner, MA 01440

By _____
Michael P. McTigue, DVM

Witness:
By _____
Name: Brian C. Hurley DVM

Architect:

Warren Freedenfeld & Associates Inc.
39 Church Street
Boston, MA 02116

By _____
Warren Freedenfeld AIA, President

Witness:
By _____
Name: Sasha A. Chanaka

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

WARREN FREEDENFELD ASSOCIATES, INC.,
as successor in interest to
Warren Freedenfeld & Associates, Inc.,
      **Plaintiff**

v.

MICHAEL P. MCTIGUE, DVM, individually
and as Trustee of the McTigue Family Trust,
NANCY A. MCTIGUE, as Trustee
of the McTigue Family Trust,
BRIAN C. HURLEY, DVM,
GARDNER ANIMAL CARE CENTER, LLC
d/b/a Gardner Animal Hospital,
EDWARD D. CORMIER ASSOCIATES, INC.,
and
BENNETT BUILDING CORPORATION,
      **Defendants**

CIVIL ACTION NO.:

05 11573 RGS

## ANSWER AND COUNTERCLAIM
## OF DEFENDANT EDWARD D. CORMIER ASSOCIATES, INC.

1. The first sentence of this paragraph states a conclusion of law as to which no response is required. To the extent that sentence may be construed as requiring an answer from this defendant, all such allegations are denied. The defendant denies the allegations contained in the second sentence of this paragraph.

2. The defendant admits only that Warren Freedenfeld Associates, Inc. is the plaintiff. The defendant is otherwise without sufficient information to enable it to either admit or deny the remaining allegations contained in this paragraph.

3.  The defendant is without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

4.  The defendant is without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

5.  The defendant is without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

6.  The defendant is without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

7.  The defendant admits to these allegations with regard to the time period prior to November 2005 but denies that they are accurate thereafter.

8.  The defendant is without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

9.  This paragraph states a conclusion of law as to which no response is required.

10. This paragraph states a conclusion of law as to which no response is required. To the extent any allegations in this paragraph are deemed to require an answer, they are denied.

11. The defendant is without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

12. The defendant is without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

13. The defendant states only that the exhibits referenced in this paragraph speak for themselves, and states that it is otherwise without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

14. The defendant states only that the exhibits referenced in this paragraph speak for themselves, and states that it is otherwise without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

15. The defendant states only that the exhibit referenced in this paragraph speaks for itself, and states that it is otherwise without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

16. The defendant states only that the exhibit referenced in this paragraph speaks for itself, and states that it is otherwise without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

17. The defendant states only that the exhibit referenced in this paragraph speaks for itself, and states that it is otherwise without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

18. The defendant states only that the exhibit referenced in this paragraph speaks for itself, and states that it is otherwise without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

19. The defendant states only that the exhibit referenced in this paragraph speaks for itself, and states that it is otherwise without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

20. The defendant is without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

21. The defendant states only that the exhibit referenced in this paragraph speaks for itself, and states that it is otherwise without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

22. The defendant states only that the exhibit referenced in this paragraph speaks for itself, and states that it is otherwise without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

23. The defendant states only that the exhibit referenced in this paragraph speaks for itself, and states that it is otherwise without sufficient information to enable it to either admit or deny the allegations contained in this paragraph.

24. The defendant states only that the exhibit referenced in this paragraph speaks for itself, and denies the characterization of that exhibit alleged by the plaintiff in this paragraph. Further responding, the defendant and states that it is without sufficient information to enable it to either admit or deny the remaining allegations contained in this paragraph.

25. Upon information and belief, the defendant denies the allegations of this paragraph.

26. The defendant admits only that it was retained as the architect on the project to construct the veterinary hospital and that Bennett was retained to construct the project, but is otherwise without sufficient information to enable it to either admit or deny the remaining allegations in this paragraph.

27. This defendant denies all allegations in this paragraph directed at it.

28. This defendant denies all allegations in this paragraph directed at it.

29. The defendant denies the allegations of copying contained in this paragraph and any other allegations contained in the paragraph that are directed against it, but further responding, states that it is without sufficient information to enable it to either admit or deny the remaining allegations contained in this paragraph.

30. The defendant is without sufficient information to enable it to either admit or deny the allegations contained in the first three sentences of this paragraph. Further answering, the defendant, upon information and belief, admits that the design won

a merit award in the 2004 Veterinary Hospital Design Competition, that the article was titled "Giving an Old House a Cutting-Edge Extension," that the article identified Michael McTigue and Brian Hurley as the owner and the defendant as the architect. The defendant denies all remaining allegations in this paragraph.

31. The defendant denies the allegations contained in this paragraph that are directed against it.

32. The defendant denies the allegations in this paragraph that are directed against it.

33-64. The court has dismissed all counts in the complaint that contain these paragraphs, and as such no answer is required. To the extent that the complaint and the court's order might be construed as requiring an answer to one or more of these paragraphs, all allegations contained in them that are directed at this defendant are denied.

65. The defendant incorporates and restates as though fully set forth herein its answers to paragraphs 1 - 64 above.

66. The defendant denies the allegations contained in this paragraph.

67. The defendant denies the allegations contained in this paragraph.

### Defendant's Prayer for Judgment

The defendant denies that the plaintiff is entitled to any of the relief requested.

### First Affirmative Defense

The Complaint fails to state a claim against this defendant upon which relief can be granted.

### Second Affirmative Defense

The plaintiff is barred from recovery by the doctrines of laches, estoppel, waiver and/or unclean hands.

### Third Affirmative Defense

The plaintiff is barred from recovery under Count VI of his Complaint because there is no or an insufficient impact on interstate commerce.

### Fourth Affirmative Defense

The plaintiff lacks standing under Count VI.

### Fifth Affirmative Defense

The plaintiff is barred from recovery under Count VI on the basis of the statute of limitations.

### Sixth Affirmative Defense

The plaintiff cannot recover under Count VI because the architectural plans in question are not sufficiently similar.

### Seventh Affirmative Defense

The Plaintiff cannot recover under Count VI because the plaintiff cannot prove a likelihood of confusion or other mistake.

### Eighth Affirmative Defense

The plaintiff's only remaining claim is barred by the doctrine of prior settlement, and/or by mutual accord and satisfaction, and/or by a previously executed settlement agreement and/or by a prior release..

## COUNTERCLAIM

### Count I - *Breach of Contract*

1. The "Termination and Mutual Release Agreement" between Gardner Animal Hospital and Warren Freedenfeld & Associates, Inc. attached as Exhibit H to the plaintiff's Complaint, is a binding contractual agreement.

2. The defendant and plaintiff-in-counterclaim, Edward D. Cormier Associates, Inc. ("Cormier") is a third-party beneficiary to that contract.

3. The plaintiff's institution of the instant lawsuit is a breach of its contractual obligations.

4. Cormier has been damaged by the plaintiff's breach of these contractual obligations.

WHEREFORE, Cormier prays for judgment against the plaintiff as follows:

    A.    For all damages arising out of the breach of contract;

    B.    For costs and attorney's fees;

    C.    For such other relief as the court deems just and proper.

## JURY DEMAND

The defendant demands a trial by jury as to all issues so triable.

Edward D. Cormier Associates, Inc.
by its attorneys,

/s/ Stephen D. Rosenberg

Stephen D. Rosenberg
THE MCCORMACK FIRM, LLC
One International Place - 7th Floor
Boston, MA  02110
Ph:   617•951•2929
Fax:  617•951•2672

78189.1

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing *Answer and Counterclaim of Defendant, Edward D. Cormier Associates, Inc.* upon all counsel of record, via electronic transmittal, to:

>Barry S. Scheer, Esq.
>**Parker Sheer, LLP**
>One Constitution Center
>Boston, MA    02129
>
>Robert D. City, Esq.
>Michael J. Dissette, Esq.
>**City, Hayes & Dissette, PC**
>50 Congress Street
>Boston, MA    02109
>
>Robert N. Meltzer, Esq.
>P.O. Box 1459
>Framingham, MA    01701
>
>Mary C. Casey, Esq.
>**Harbor Law Group**
>385 South Street
>Shrewsbury, MA    01545

DATED this 23rd day of February, 2006.

/s/ *Stephen D. Rosenberg*
_____
Stephen D. Rosenberg

- 8 -