UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 11573 RGS

|  |  |
|---|---|
| WARREN FREEDENFELD ASSOCIATES, INC. as successor in interest to WARREN FREEDENFELD & ASSOCIATES, INC., <br> Plaintiff, <br><br> v. <br><br> MICHAEL P. MCTIGUE, DVM individually and as Trustee of THE MCTIGUE FAMILY TRUST, NANCY A. MCTIGUE, as Trustee of the MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM, GARDNER ANIMAL CARE CENTER, LLC d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D. CORMIER, ASSOCIATES INC., and BENNETT BUILDING CORPORATION, <br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

### PLAINTIFF'S MOTION TO DISMISS ALL REMAINING CLAIMS AND COUNTERCLAIMS WITHOUT PREDJUDICE TO PERMIT APPEAL OF THE COURT'S DISMISSAL OF COPYRIGHT INFRINGEMENT COUNTS

Pursuant to Fed. R. Civ. P. 41(a)(2), the plaintiff, Warren Freedenfeld Associates, Inc., as successor in interest to Warren Freedenfeld & Associates, Inc. (collectively, "Freedenfeld"), moves for the dismissal of all claims and counterclaims in the action without prejudice to permit the plaintiff to appeal the Court's February 13, 2006 Order dismissing the copyright infringement claims. The motion should be allowed because it would serve the interests of judicial economy if the appeal of the copyright infringement counts could be heard before the parties engage in substantial discovery and/or preparation for trial on the remaining claims. Significantly, the plaintiff plans on appealing the earlier dismissal of the copyright counts no matter the outcome of a

decision on remaining claims. Further, the dismissal of the remaining claims and counterclaims will not prejudice any party. In further support of this motion, Freedenfeld relies on the arguments set forth in the attached Memorandum of Law.

**REQUEST FOR ORAL ARGUMENT**

The plaintiff hereby requests that the Court hear oral arguments on this motion.

**LOCAL RULE 7.1 CERTIFICATION**

I, Garrett J. Lee, counsel for the plaintiff, Warren Freedenfeld Associates, Inc., as successor in interest to Warren Freedenfeld & Associates, Inc. hereby certify that I have attempted in good faith to narrow the issues of disagreement between the parties relative to this motion.

WARREN FREEDENFELD & ASSOCIATES, INC.

By its attorneys,

/s/ Garrett J. Lee
Barry S. Scheer
BBO No. 445100
Garrett J. Lee
BBO No. 641876
PARKER | SCHEER, LLP
One Constitution Center
Boston, MA  02129
Tel.: 617-886-0500
Fax: 617-886-0100
Email: bss@parkerscheer.com
gjl@parkerscheer.com

Dated: May 2, 2006

## CERTIFICATE OF SERVICE

I, Garrett J. Lee, attorney for the plaintiff, Warren Freedenfeld Associates, Inc. as successor in interest to Warren Freedenfeld & Associates, Inc., hereby certify that on this 2nd day of May, 2006 a true copy of the following was served on all counsel record:

By first-class mail postage pre-paid, addressed to:

Robert N. Meltzer, Esq.
P.O. Box 1459
Framingham, MA 01701

Stephen D. Rosenberg
The McCormack Firm, LLC
One International Place
7th Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D. City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109

Mary C. Casey, Esq.
Harbor Law Group
385 South Street
Shrewsbury, MA 01545

/s/ Garrett J. Lee
Garrett J. Lee

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 11573 RGS

| | |
|---|---|
| WARREN FREEDENFELD ASSOCIATES, INC. as successor in interest to WARREN FREEDENFELD & ASSOCIATES, INC., <br> Plaintiff, <br><br> v. <br><br> MICHAEL P. MCTIGUE, DVM individually and as Trustee of THE MCTIGUE FAMILY TRUST, NANCY A. MCTIGUE, as Trustee of the MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM, GARDNER ANIMAL CARE CENTER, LLC d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D. CORMIER, ASSOCIATES INC., and BENNETT BUILDING CORPORATION, <br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ALL REMAINING CLAIMS AND COUNTERCLAIMS WITHOUT PREDJUDICE TO PERMIT APPEAL OF THE COURT'S DISMISSAL OF COPYRIGHT INFRINGEMENT COUNTS**

Pursuant to Fed. R. Civ. P. 41(a)(2), the plaintiff, Warren Freedenfeld Associates, Inc., as successor in interest to Warren Freedenfeld & Associates, Inc. (collectively, "Freedenfeld"), submits this memorandum of law in support of its Motion to Dismiss All Remaining Claims and Counterclaims Without Prejudice to Permit Appeal of the Court's Dismissal of the Copyright Infringement Counts. The motion should be allowed because it would serve the interests of judicial economy if the appeal of the copyright infringement counts could be heard before the parties engage in substantial discovery and/or preparation for trial on the remaining counts. Significantly, the plaintiff plans on appealing the earlier dismissal of the copyright counts no matter the outcome of a

decision on remaining claims. Further, the dismissal of the remaining claims and counterclaims will not prejudice any party. In further support of this motion, the plaintiff states as follows:

## I.  FACTUAL AND PROCEDURAL BACKGROUND

1. This an action for architectural copyright infringement and violation of the Lanham Act. The facts of the case are more accurately plead in Freedenfeld's Complaint which for the purposes of this memorandum, are adopted by reference. In short, Freedenfeld is a national architecture firm licensed to practice architecture in 37 states and the U.S. territory of Puerto Rico. Freedenfeld has designed hundreds of veterinary hospitals across the country and has won several awards for its work.

2. In 1999, the defendant, Michael McTigue, DVM ("Dr. McTigue"), retained Freedenfeld to design a new veterinary facility for the Gardner Animal Hospital ("the Hospital") in Gardner, Massachusetts (the "Project"). From the start of the Project, the parties understood that Freedenfeld retained exclusive ownership of all the designs and drawings that it prepared for the Project (collectively, the "Architectural Works"). Specifically, Dr. McTigue and the Hospital agreed that Freedenfeld was the author of the Architectural works and retained all common law, statutory, and other reserved rights, including the copyright. This agreement was memorialized in the Owner Architect Agreement executed by the parties dated March 24, 1999 (the "AIA Agreement"). Article 6 of AIA Agreement provides in its entirety:

> 6.1.  *The Drawings, Specifications and other documents prepared by the Architect for this Project are instruments of the Architect's service for use solely with respect to this Project, and the Architect shall be deemed the author of these documents and shall retain all common law,*

2

*statutory and other reserved rights, including the copyright.* The Owner shall be permitted to retain copies and other documents for information and reference in connection with the Owner's use and occupancy of the Project. The Architect's Drawings, Specifications or other documents shall not be used by the Owner or others on other projects, for additions to this Project or for completion of this Project by others, unless the Architect is adjudged to be in default under this Agreement, except by agreement in writing and with appropriate compensation to the Architect.

6.2.    Submission or distribution of documents to meet official regulatory requirements or for similar purposes in connection with the Project is not to be construed as publication in derogation of the Architect's reserved rights.

<u>See</u> Article 6 of Abbreviated Form of Agreement Between Owner and Architect (AIA Form B151), attached to Complaint.

3.    The Architectural Works were the only architectural plans and drawings that were created for the Project and all were created by Freedenfeld.

4.    After the Project gained the approval of the City of Gardner Zoning and Planning Board, Freedenfeld and McTigue engaged in a dispute over fees. Dr. McTigue also alleged that Freedenfeld failed to substantially perform the architectural services. As a result of the fee dispute, Dr. McTigue threatened to terminate Freedenfeld as the Project architect. During this period, Freedenfeld made clear to Dr. McTigue that if the Hospital decided to terminate Freedenfeld that the Hospital was prohibited from using the Architectural works to complete the Project. When Freedenfeld requested that Dr. McTigue and the Hospital return the Architectural works, Dr. McTigue responded to Freedenfeld by letter stating that all the works that the plaintiff prepared for the Project had been "rolled up and discarded." Dr. McTigue stated in the letter:

> ***Whatever plans, drawings etc. you did prepare have proven useless to us, and they have been rolled up and discarded.*** This is in spite of my having paid tens of thousands of dollars; unfortunately, I again have to pay

another architect another tens of thousands of dollars to complete the project.

See Dr. McTigue Letter attached to Complaint.

5. In August of 1999, to protect its rights in the Architectural Works, Freedenfeld properly filed an application and deposit fee with the U.S. Copyright Office. A copyright was later granted to Freedenfeld for the Architectural Works (Certificate VAU 656-367).

6. In September of 1999, Freedenfeld, Dr. McTigue, and the Hospital agreed to resolve the dispute over fees owed by the defendants for services performed in connection with the Project by entering into a Termination and Mutual Release Agreement (the "Termination Agreement"). See Termination and Mutual Release Agreement, attached as **Exhibit A**. As part of the Termination Agreement, Dr. McTigue and the Hospital agreed that they would not use the Architectural Works. The Termination Agreement did not modify in any way, Freedenfeld's exclusive ownership, proprietary rights, or right to enforce his copyright interests in the Architectural Works.

7. In late 2004, Freedenfeld was a subscriber to a veterinary trade publication, *Veterinary Economics* (the "Magazine"). The Magazine is an international business and management publication serving more than 50,000 subscribers in the United States and Canada. While perusing the November 2004 issue of the Magazine, Freedenfeld discovered an article appearing on pages 50 - 57 about the renovation and expansion of the Gardner Animal Hospital. According to the article, the design won a "Merit Award" in the 2004 Veterinary Hospital Design Competition, a national and international competition. The article is entitled "Giving an Old House a Cutting –Edge Extension." The article identifies the owners of the Hospital as Dr. McTigue and Brian

4

Hurley DVM. Edward D. Cormier Associates, Inc. ("Cormier") is listed as the Architect. Pages 52-53 of the article contain drawings that are nearly identical to the Architectural Works prepared by Freedenfeld. After a further investigation by Freedenfeld's counsel in early 2005, it was determined that the Project was built by the defendant, Bennett Building Corporation using the Architectural Works and that the land where the Project was built is owned by the McTigue Family Trust. Both Dr. McTigue and his wife, Nancy McTigue are trustees of the McTigue Family Trust. On July 22, 2005, Freedenfeld instituted the instant action against the defendants.

8. In late 2005, each of the defendants filed motions to dismiss the Counts in the Complaint. Freedenfeld vigorously opposed each of the defendants' motions to dismiss.

9. On February 13, 2006, this Court (Stearns, J.) entered an order dismissing Freedenfeld's copyright infringement claims on the basis of the statute of limitations. The Court left the plaintiff's remaining claims against the defendants intact. While Freedenfeld's other claims against the defendants remain valid, the thrust of the action was the copyright infringement claims.

10. On March 10, 2006, Freedenfeld filed a Notice of Appeal in the First Circuit to appeal the Court's February 13, 2006 Order.

11. On March 23, 2006, Cormier, who the Hospital's replacement architect on the Project, filed an Answer to the Complaint which contained the only counterclaim asserted by the defendants. Cormier's counterclaim is for breach of the Termination Agreement. Cormier asserts in its counterclaim that it was a third-party beneficiary of the

contract between Freedenfeld and the Hospital. See Cormier's Answer and Counterclaim, attached as **Exhibit B.**

## II.     LAW AND ARGUMENT

A.  **DISMISSAL OF THE REMAINING CLAIMS AND COUNTERCLAIMS WITHOUT PREDJUDICE WOULD SERVE THE INTERESTS OF JUDICIAL ECOMONY.**

12.     As a matter of judicial economy, the Court should grant the plaintiff's motion to dismiss all claims and counterclaims without prejudice because no matter the outcome of the plaintiff's remaining claims, the plaintiff will appeal the Court's dismissal of the copyright infringement counts. Significantly, if the plaintiff's appeal is successful, the parties would then have to try the case a second time to consider the copyright counts. Not only would this be unnecessarily duplicative, but it would be a waste of financial and judicial resources. Accordingly, it would serve both the interests of judicial economy and the interests of the parties if the First Circuit could first render a decision on the plaintiff's appeal of the District Court's dismissal of the copyright counts. This way the parties would know where they stand relative to the copyright issues well before engaging in substantial discovery. Doubtless, a decision either for or against the plaintiff at the appellate level at this juncture would go along way towards streamlining the litigation in the District Court.

B.  **THE DIMISSAL OF ALL CLAIMS AND COUNTERCLAIMS WILL NOT PREDJUDICE ANY PARTY.**

13.     The dismissal of all claims and counterclaims pending the appeal of the Court's dismissal of the copyright infringement claims will not prejudice any party

6

because as stated above, it will save the parties the expense of what would likely be a another trial to determine the merits of the copyright infringement claims if the plaintiff wins its appeal after a judgment is rendered on the remaining counts.

14. With respect to the only counterclaim in the case, Cormier cannot show that it will suffer any prejudice if its breach of contract claim is dismissed. First the dismissal would be without prejudice. Second and more importantly, there is no evidence that Cormier was an intended third party beneficiary of the Termination Agreement between Freedenfeld and the Gardner Animal Hospital. See Rae v. Air-Speed, Inc. 386 Mass. 187, 195, 435 N.E. 2d 628 (1982)([u]nder Massachusetts law, a third party can maintain an action for breach of contract only if [the third-party] is an intended beneficiary of the contract.").[1] This is because the plain and unambiguous of language of the contract makes no reference to replacement architects.

15. It is also noteworthy that Hospital has not asserted any counterclaims against Freedenfeld for breach of the very contract which Cormier claims that the plaintiff breached. Doubtless, Cormier has little hope of prevailing on its breach of contract counterclaim against Freedenfeld and thus will not be unduly prejudiced if its counterclaim is dismissed without prejudice pending the appeal of the copyright infringement claims. See Waller v. Fin. Corp. of Am., 828 F.2d 579, 583 (9th Cir. 1987)("a]district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result.");

---

[1] The courts look to the intent of the parties to determine whether a third party is an intended beneficiary. See Markel Service Ins. Agency, Inc. v. Tifco, Inc., 403 Mass. 401, 405, 530 N.E.2d 340 (1988). A party is an intended beneficiary if "recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties, and the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance. A court must look to the language and circumstances of the contract for indicia of such intention." Rousseau v. Diemer, 24 F.Supp. 137, 145 (D. Mass. 1998), quoting, Dushkin v. Desai, 18 F.Supp.2d 117, 122 (D. Mass. 1998).

See also, Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145-46 (9th Cir. 1982).

Accordingly, for all the foregoing reasons, the plaintiff's motion should be <u>Allowed</u>.

## REQUEST FOR ORAL ARGUMENT

The plaintiff hereby requests that the Court hear oral arguments on this motion.

                                                      Respectfully submitted,

                                                      WARREN FREEDENFELD & ASSOCIATES, INC.

                                                      By its attorneys,

                                                      /s/ Garrett J. Lee
                                                      Barry S. Scheer
                                                      BBO No. 445100
                                                      Garrett J. Lee
                                                      BBO No. 641876
                                                      PARKER | SCHEER, LLP
                                                      One Constitution Center

Dated: May 2, 2006                            Boston, MA 02129
                                                      Tel.: 617-886-0500
                                                      Fax: 617-886-0100
                                                      Email: bss@parkerscheer.com
                                                                 gjl@parkerscheer.com

CERTIFICATE OF SERVICE

I, Garrett J. Lee, attorney for the plaintiff, Warren Freedenfeld Associates, Inc. as successor in interest to Warren Freedenfeld & Associates, Inc., hereby certify that on this 2nd day of May, 2006 a true copy of the following was served on all counsel record:

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ALL REMAINING CLAIMS AND COUNTERCLAIMS WITHOUT PREDJUDICE PENDING PLAINTIFF'S APPEAL OF THE COURT'S DISMISSAL OF COPYRIGHT INFRINGEMENT COUNTS**

By first-class mail postage pre-paid, addressed to:

Robert N. Meltzer, Esq.
P.O. Box 1459
Framingham, MA 01701

Stephen D. Rosenberg
The McCormack Firm, LLC
One International Place
7th Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D. City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109

Mary C. Casey, Esq.
Harbor Law Group
385 South Street
Shrewsbury, MA 01545

/s/ Garrett J. Lee
Garrett J. Lee

9

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 11573 RGS

|  |  |
|---|---|
| WARREN FREEDENFELD ASSOCIATES, INC. as successor in interest to WARREN FREEDENFELD & ASSOCIATES, INC., Plaintiff, v. MICHAEL P. MCTIGUE, DVM individually and as Trustee of THE MCTIGUE FAMILY TRUST, NANCY A. MCTIGUE, as Trustee of the MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM, GARDNER ANIMAL CARE CENTER, LLC d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D. CORMIER, ASSOCIATES INC., and BENNETT BUILDING CORPORATION, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO EXTEND DISCOVERY DEADLINES

The plaintiff, Warren Freedenfeld Associates, Inc., as successor in interest to Warren Freedenfeld & Associates, Inc. (collectively, "Freedenfeld"), hereby submits this memorandum in support of the Plaintiff's Motion to Extend the Discovery Deadlines. As grounds for the allowance of this motion, Freedenfeld states that the plaintiff recently filed a Motion to Dismiss all Remaining Claims and Counterclaims Without Prejudice to permit appeal of the Court's February 13, 2006 Order dismissing the copyright Infringement claims. See Motion to Dismiss, attached hereto as **Ex. 1.** If the Motion to Dismiss is allowed, it would dispense with the need to conduct any further discovery because the action in the District Court would be effectively terminated (until such time as the First Circuit rules on the plaintiff's appeal). Accordingly, proceeding with

discovery at this point in time would be a monumental waste of time and effort and would force the parties to expend additional resources in connection with the production and review of potentially thousands of documents and the taking of numerous lengthy depositions. Indeed, the nature of the discovery may very well change if Freedenfeld's copyright infringement claims or later reinstated on appeal. The allowance of this motion will not prejudice any party.

WHEREFORE, for the foregoing reasons, the plaintiff requests, that this Court extend the discovery deadlines for a thirty day period following its ruling on the Plaintiff's Motion to Dismiss which is currently pending.

Respectfully submitted,

WARREN FREEDENFELD &
ASSOCIATES, INC.

By its attorneys,

/s/ Garrett J. Lee
Barry S. Scheer
BBO No. 445100
Garrett J. Lee
BBO No. 641876
PARKER | SCHEER, LLP
One Constitution Center
Boston, MA 02129
Tel.: 617-886-0500
Fax: 617-886-0100
Email: bss@parkerscheer.com
         gjl@parkerscheer.com

Dated: May 10, 2006

CERTIFICATE OF SERVICE

I, Garrett J. Lee, attorney for the plaintiff, Warren Freedenfeld Associates, Inc. as successor in interest to Warren Freedenfeld & Associates, Inc., hereby certify that on this 10th, day of May, 2006 a true copy of the following was served on all counsel record:

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO EXTEND DISCOVERY DEADLINES**

By first-class mail postage pre-paid, addressed to:

Robert N. Meltzer, Esq.
P.O. Box 1459
Framingham, MA 01701

Stephen D. Rosenberg
The McCormack Firm, LLC
One International Place
7th Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D. City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109

Mary C. Casey, Esq.
Harbor Law Group
385 South Street
Shrewsbury, MA 01545

/s/ Garrett J. Lee