# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

WARREN FREEDENFELD ASSOCIATES, INC.,
as successor in interest to
Warren Freedenfeld & Associates, Inc.,
                                    **Plaintiff**

v.

MICHAEL P. MCTIGUE, DVM, individually
and as Trustee of the McTigue Family Trust,
NANCY A. MCTIGUE, as Trustee
of the McTigue Family Trust,
BRIAN C. HURLEY, DVM,
GARDNER ANIMAL CARE CENTER, LLC
d/b/a Gardner Animal Hospital,
EDWARD D. CORMIER ASSOCIATES, INC.,
and
BENNETT BUILDING CORPORATION,
                                    **Defendants**

CIVIL ACTION NO. 05-11573 RGS

---

### OPPOSITION OF DEFENDANT EDWARD D. CORMIER ASSOCIATES, INC.
### TO PLAINTIFF'S MOTION TO DISMISS ALL REMAINING CLAIMS AND COUNTERCLAIMS,
### WITHOUT PREJUDICE, TO PERMIT APPEAL
### OF THE COURT'S DISMISSAL OF COPYRIGHT INFRINGEMENT COUNTS

---

## I.    INTRODUCTION

The plaintiff has moved this court, pursuant to Federal Rule of Civil Procedure 41(a)(2), for

an order dismissing its currently pending claim for violation of the Lanham Act against all

defendants.  While the defendant, Edward D. Cormier Associates, Inc. ("Cormier") might be willing

to assent to the dismissal of that count *with* prejudice, it must oppose the plaintiff's motion because

the plaintiff, Warren Freedenfeld Associates, Inc. ("Freedenfeld"), is asking this Court to instead

dismiss it *without* prejudice.  This is a tactical gambit being engaged in by the plaintiff because the

plaintiff has prematurely attempted to appeal to the First Circuit this Court's prior dismissal of all

other counts in the plaintiff's complaint for failure to file suit within the time period required by the

applicable statute of limitations.  The plaintiff's intent is to remove the Lanham Act claim from the

action before this court so that Freedenfeld can pursue an appeal of this Court's dismissal of all other claims brought by it, and then to reinstate the Lanham Act claim at a later date, presumably after the First Circuit decides any appeal brought by Freedenfeld concerning the dismissal of its other claims. The plaintiff can only accomplish this goal by seeking the dismissal of the Lanham Act claim by motion because this action has been substantially litigated already, and as a result, the plaintiff can no longer dismiss this action as of right under Federal Rule of Civil Procedure 41(a)(1).

As discussed in detail *infra*, the plaintiff's tactics will prove costly to the courts, costly to the defendants, and will prejudice Cormier and the other defendants. Furthermore, the relief the plaintiff requests is precluded by the existence of a pending counterclaim against Freedenfeld, pursuant to the express language of Federal Rule of Civil Procedure 41(a)(2). As a result, the plaintiff's motion should be denied.

## II.     THE PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE THE REQUESTED RELIEF IS WASTEFUL, INEFFICIENT, AND PREJUDICIAL TO THE DEFENDANTS

Factually, the events leading up to this maneuver by the plaintiff are not complicated. The only claim by the plaintiff that remains in the lawsuit at this time is the plaintiff's claim for reverse passing off under the Lanham Act. All other counts in the complaint, which alleged various claims of copyright infringement, have already been dismissed by this Court due to the plaintiff's failure to comply with the applicable statute of limitations. The plaintiff has noticed an appeal from this court's order dismissing the copyright infringement claims. The order dismissing those claims, however, was not a final judgment that is subject to appeal. As a result, the Court of Appeals for the First Circuit has already issued an order requiring the plaintiff to show cause why its appeal should not be dismissed. **Exhibit A**. The plaintiff, in attempting to show cause as to why its appeal of this Court's order dismissing the copyright claims should not be dismissed, has represented to

the First Circuit that this Court entered a separate and final judgment on those claims under Federal Rule of Civil Procedure 54(b), **Exhibit B**.  This is incorrect and clearly not reflected on the docket.

Perhaps conceding that there was, in fact, no rule 54(b) finding by this Court, the plaintiff appears now to be hedging its bets by filing the current motion.  By seeking a dismissal of the one count remaining in its complaint, the plaintiff is attempting to create a foundation for appealing this Court's order dismissing the copyright infringement claims without first having to resolve the claim for violation of the Lanham Act that the plaintiff pled in the complaint.  The obvious purpose of the plaintiff's motion is to have the Lanham Act claim dismissed so that the plaintiff can report to the court of appeals that the district court litigation is now concluded, without having to actually forego the opportunity to prosecute such a claim against the defendants at a later date.  Indeed, the plaintiff has represented to the First Circuit that it will be dismissing the Lanham Act claim in an attempt to allow the appeal to move forward at this time, **Exhibit C**.

In pursuit of this goal, the plaintiff incorrectly claims that dismissal of the Lanham Act claim at this time would benefit judicial efficiency and would not prejudice the defendants.  Neither is true. There is little doubt that the relief the plaintiff seeks does not promote judicial economy.  Instead, it will create piecemeal litigation and piecemeal appeals.   Under the plaintiff's proposed course of action, the First Circuit will first hear an appeal on the copyright claims and then only after that is decided, will the plaintiff litigate its Lanham Act claim.  Thereafter, an appeal may be pursued from the Lanham Act claim.  This is the antithesis of judicial efficiency and economy.  The proper course of action is for all claims to instead be resolved at the trial level before an appeal, with one appeal thereafter being pursued of all the claims resolved at the trial level.  Any other approach simply guarantees multiple appeals arising out of the same district court action.

There is likewise no benefit of efficiency or economy from the perspective of the defendants.  The defendants have already prevailed on the copyright infringement actions and

have pressed forward towards, as early as possible, a resolution of the remaining Lanham Act claim. To that end, and as required by this Court's scheduling order, the defendants have already served discovery on the plaintiffs, and are waiting for discovery responses from the plaintiff - which are overdue - before scheduling the depositions of the plaintiff's representatives. Cormier is quite confident that this discovery from the plaintiff will establish the frivolousness of the plaintiff's claim under the Lanham Act, and allow for a summary judgment motion to be quickly filed dispensing with that claim.[1]  In an attempt to move the resolution of this claim along, Cormier has already answered the plaintiff's extensive interrogatories and document requests directed to it.

Under these circumstances, there can be little doubt that the efficient manner of proceeding is the usual one; namely the resolution of all of the claims at the district court level before any are appealed. The plaintiff's motion is premised on the idea that the litigation should instead be conducted on the far more wasteful course of having the First Circuit first affirm the dismissal of the plaintiff's allegations of copyright violations, with the defendants thereafter required to defend themselves once again in the district court against a claim arising out of the exact same events that gave rise to the copyright claims, only this time alleging a violation of the Lanham Act. In essence, the plaintiff would have the defendants litigate the same action in the district court twice.

For the reasons detailed above, the plaintiff is simply wrong when it asserts that judicial efficiency and economy warrant granting the relief that it seeks. To the contrary, those exact same facts make it clear that the defendants will be prejudiced if the relief sought by the plaintiff is granted. They will be forced into multiple district court lawsuits and at least two appeals if the plaintiff's motion is granted, rather than simply one of each as is the normal and appropriate course of litigation in the federal courts. They will also be deprived of the right to quickly resolve the

---

[1]Cormier notes that the plaintiff filed the Lanham Act claim against the defendants, yet is trying to prevent it from being litigated to a conclusion and is intentionally delaying the resolution of that claim. Freedenfeld has unilaterally refused to answer discovery that is already overdue, **Exhibit D**; **Exhibit E**, and has filed this motion to attempt to circumvent a judicial resolution of that claim.

Lanham Act claim, after having already invested significant resources towards resolving that claim at the earliest possible time.

III.    **FEDERAL RULE OF CIVIL PROCEDURE 41(A)(2) REQUIRES THE COURT TO DENY THE PLAINTIFF'S MOTION BECAUSE THERE IS A PENDING COUNTERCLAIM AGAINST THE PLAINTIFF**

Even if the judicial inefficiency and prejudice to the defendants that would result from the motion did not justify denying the relief sought by the plaintiff, the motion would still have to be denied.  Federal Rule of Civil Procedure 41(a)(2) explicitly restricts voluntary dismissal without prejudice where a counterclaim is pending against the plaintiff.  The rule expressly provides that

> [i]f a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.

Fed.R.Civ.P.41(a)(2).

It is generally recognized that this provision precludes dismissing the plaintiff's claim if it would leave pending in the federal court a counterclaim over which the federal court, in the absence of the plaintiff's original claim, would not have jurisdiction. Wright and Miller, Federal Practice and Procedure § 2365 (1995). In the present matter, Cormier has filed a breach of contract counterclaim against the plaintiff.  This Court's jurisdiction over this lawsuit rests on the plaintiff's prosecution of federal statutory claims under the Copyright Act and the Lanham Act.  Normally, absent a connection to bases for subject matter jurisdiction such as these federal acts, a federal court would lack subject matter jurisdiction over a breach of contract claim between residents of the same state, such as Cormier's counterclaim.  With the copyright infringement action already dismissed, dismissal of the Lanham Act claim, as sought by the plaintiff, would leave pending only the breach of contract counterclaim over which the court typically would not have subject matter jurisdiction.  The plaintiff has not demonstrated that this Court could retain jurisdiction over the

counterclaim if the plaintiff dismisses its only remaining federal question claim.

The plaintiff, perhaps in a misguided attempt to avoid the impact of this rule, argues that the counterclaim has no merit. But the plaintiff's motion to voluntarily dismiss its Lanham Act claim without prejudice simply is not a procedural device for challenging the merits of the counterclaim. As such, this argument is not worthy of consideration. Cormier would be remiss in not pointing out, however, that the plaintiff is simply incorrect. There is little doubt that the contractual agreement entered into by the plaintiff with certain other defendants was created for the specific purpose of formally terminating Freedenfeld's involvement in the underlying construction project, and in the process, delineated the parties' rights with regard to work solely produced by Warren Freedenfeld & Associates, Inc. At the time the agreement was executed, the project was proceeding without Freedenfeld's involvement and with Cormier as the new architect assigned to the project. Cormier believes that the evidence will show that the agreement was, in part, intended to protect those who continued to work on the project after Freedenfeld's forced separation from the project. The evidence establishing this will show that Cormier was, as a result, a third-party beneficiary of the contract and that Freedenfeld is therefore liable to Cormier for breach of contract.[2]

## IV. THE PLAINTIFF'S REQUESTED RELIEF WILL NOT END THE DISTRICT COURT LITIGATION AND THEREFORE WILL NOT ACCOMPLISH THE PLAINTIFF'S GOAL OF ALLOWING FOR AN APPEAL AT THIS TIME

As discussed above, the purpose of the plaintiff's motion is to lay the groundwork for an appeal to the First Circuit of this Court's dismissal of all of the plaintiff's copyright infringement claims. Such an appeal is inappropriate and wasteful unless and until all claims in the district court have been resolved. Piecemeal litigation is the only possible outcome otherwise.

---

[2]Ironically, Freedenfeld's pursuit of an appeal of the dismissal of its copyright claims would, in and of itself, constitute a continuing violation of the contract, and therefore provide further basis for Cormier's pursuit of its counterclaim.

Even if the plaintiff's motion is granted, Cormier's counterclaim will remain pending and Cormier intends to prosecute that claim in response to the plaintiff's frivolous litigation. Thus, even if the plaintiff's Lanham Act claim was dismissed, the action in this Court would not be concluded, and an appeal to the First Circuit would remain premature as a result. Accordingly, the plaintiff's rationale for seeking the relief requested in its motion fails: the relief will not render the case ripe for appeal. The plaintiff's motion should be denied for this reason as well.

## V.    CONCLUSION

For the reasons discussed above, this court should deny the plaintiff's motion to voluntarily dismiss its Lanham Act claim without prejudice. The plaintiff should instead be required to conclude its litigation in the district court, and then proceed with an appeal to the First Circuit, as would be required of any litigant.[3]

Respectfully submitted,

**Edward D. Cormier Associates, Inc.**,

By its attorneys,

**Dated:** May 10, 2006

/s/ *Stephen D. Rosenberg*
Stephen D. Rosenberg     [BBO# 558415]
Eric L. Brodie          [BBO# 639833]
**THE McCORMACK FIRM, LLC**
One International Place - 7th Floor
Boston, MA    02110
Ph:    617•951•2929
Fax:   617•951•2672

84406.2

---

[3]The plaintiff has not moved for separate and final judgment on the copyright infringement claims that have been dismissed. Should the plaintiff do so, Cormier would oppose such a motion. At this point, however, Cormier notes that the entry of separate and final judgment under Federal Rule of Civil Procedure 54(b) would be inappropriate for the same reasons that voluntary dismissal without prejudice of the Lanham Act claim is inappropriate: namely, that it would produce piecemeal litigation and prejudice Cormier. These factors militate against a finding that there is no reason to delay entering judgment on the copyright infringement claims.

## CERTIFICATE OF SERVICE

I hereby certify that today, May 10, 2006, I served a copy of the *Opposition of Defendant Edward D. Cormier Associates, Inc. to Plaintiff's Motion to Dismiss All Remaining Claims and Counterclaims, Without Prejudice, to Permit Appeal of the Court's Dismissal of Copyright Infringement Counts* via the ECF system upon the following attorneys of record, each of whom has been identified as a registered participant on the Notice of Electronic Filing (NEF):

Barry S. Scheer, Esq.
Garrett J. Lee, Esq.
**Parker Scheer, LLP**
One Constitution Center
Boston, MA    02129

Robert D. City, Esq.
Michael J. Dissette, Esq.
**City, Hayes & Dissette, PC**
50 Congress Street
Boston, MA    02109

Robert N. Meltzer, Esq.
P.O. Box 1459
Framingham, MA   01701

Mary C. Casey, Esq.
**Harbor Law Group**
385 South Street
Shrewsbury, MA    01545

/s/ *Stephen D. Rosenberg*
Stephen D. Rosenberg

# United States Court of Appeals
## For the First Circuit

No. 06-1583

WARREN FREEDENFELD ASSOCIATES, INC., as successor in
interest to Warren Freedenfeld & Associates, Inc.,

Plaintiff, Appellant,

v.

MICHAEL P. MCTIGUE, DVM individually and as Trustee of the
McTigue Family Trust; NANCY A. MCTIGUE, as Trustee of the
McTigue Family Trust; BRIAN C. HURLEY, DVM; GARDNER ANIMAL
CARE CENTER, LLC, d/b/a Gardner Animal Hospital; EDWARD D.
CORMIER ASSOCIATES, INC.; BENNETT BUILDING CORPORATION,

Defendants, Appellees.

### ORDER OF COURT

**Entered: April 18, 2006**
**Pursuant to 1st Cir. R. 27(d)**

The plaintiff Warren Freedenfeld Associates, Inc., as
successor in interest to Warren Freedenfeld & Associates, Inc.,
filed a notice of appeal on March 10, 2006 purporting to appeal
from an order entered on February 13, 2006 in civil action no. 05-
11573 (D. Mass.) granting in part the defendants' motion to
dismiss. Because the order appealed from does not appear to be a
final order or an appealable interlocutory order, this court does
not appear to have jurisdiction to review this appeal, absent
certification pursuant to Fed. R. Civ. P. 54(b). See 28 U.S.C.
§§1291, 1292.

Accordingly, the appellant is ordered either to move for
voluntary dismissal of this appeal pursuant to Fed. R. App. P.
42(b), or to show cause, in writing filed by **May 2, 2006**, why it
should not be dismissed for lack of jurisdiction. The failure to
take either action will lead to dismissal of the appeal for lack of

**Exhibit A**

diligent prosecution.  <u>See</u> Loc. R. 3(b).

                              By the Court:

                              Richard Cushing Donovan, Clerk

                                      LYNNE ALIX MORRISON
                              By: _____
                                      Appeals Attorney.

[cc: Messrs: Lee, Scheer, Meltzer, Rosenberg, Brodie, Dissette and
Ms. Casey]

To be filed by 4/20/06

*Filed by*
*PP 19 APR 2006*

## UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT
(617) 748-9057

### DOCKETING STATEMENT

**Proposed Caption of Case:**
If any party disagrees with the clerk's office's designation of the parties on appeal, it must file a motion to amend the caption with any supporting documentation attached. Absent an order granting such a motion, the parties are directed to use the proposed caption on all pleadings related to this case.

No. 06-1583
WARREN FREEDENFELD ASSOCIATES, INC., as successor in interest to Warren Freedenfeld & Associates, Inc.

Plaintiff - Appellant

v.

MICHAEL MCTIGUE, individually and as Trustee of the McTigue Family Trust; NANCY A. MCTIGUE, as Trustee of the McTigue Family Trust; BRIAN C. HURLEY; GARDNER ANIMAL CARE CENTER, LLC, d/b/a Gardner Animal Hospital; EDWARD D. CORMIER; ASSOCIATES, INC.; BENNETT BUILDING CORPORATION

Defendants - Appellees

———————————

**Type of Action**

__X__ Civil

_____ Criminal/Prisoner

_____ Cross Appeal

A.    Timeliness of Appeal

1.    Date of entry of judgment or order appealed from __2/13/06__

2.    Date this notice of appeal filed __3/10/06__

If cross appeal, date first notice of appeal

filed_____

3.    Filing date of any post-judgment motion filed by any party which tolls time under Fed. R. App. P. 4(a)(4) and

4(b) _____ __N/A__ _____

4.    Date of entry of order deciding above post-judgment

# Exhibit B

motion_____ _N/A_____

5. Filing date of any motion to extend time under

Fed. R. App. P. 4(a)(5), 4(a)(6) or 4(b)_____

Time extended to_____ _N/A_____

B. Finality of Order of Judgment

1. Is the order or judgment appealed from a final decision

on the merits?          Yes        (No)

2. If no, is the order appealed from a collateral or

interlocutory order reviewable under any exception to

the finality rule?       Yes        (No)

If yes, explain

_____

3. Did the district court order entry of judgment as to

fewer than all claims or all parties pursuant to

Fed. R. C. P. 54(b)?    (Yes)        No

If yes, explain

The Court ordered a dismissal of all the Copyright
Counts. Counsel will be moving for a dismissal or stay of the remaining
Counts.

C. Has this case previously been appealed?     Yes     (No)

If yes, give the case name, docket number and disposition of

each prior appeal.

_____

_____

_____

D. Are any related cases or cases raising related issues

pending in this Court, any district court of this circuit,

or the Supreme Court?        Yes        (No)

If yes, cite the case and the manner in which it is related

on a separate page. If abeyance or consolidation is

warranted, counsel must file a separate motion seeking such

relief.

Is a transcript necessary for this appeal?    (Yes)     No

If yes, is transcript already on file with district court?

       Yes     (No)   Transcript has been ordered
                       SEE DISTRICT COURT Docket Report.

If transcript is not already on file, attach copy of completed

transcript order or a CJA Form 24 if you are proceeding under

the Criminal Justice Act.

F.    List each adverse party to the appeal. If no attorney, give

      address and telephone number of the adverse party. Attach

      additional page if necessary. SEE ATTACHED LIST

      1. Adverse party_____

      Attorney_____

      Address_____

      _____

      Telephone_____

      2. Adverse party_____

      Attorney_____

      Address_____

      _____

      Telephone_____

      3. Adverse party_____

      Attorney_____

      Address_____

      _____

      Telephone_____

G.    List name(s) and address(es) of appellant(s) who filed this

      notice of appeal and appellant's counsel. Attach additional

      page if necessary.

1. Appellant(s) name_____

Address_____

_____

_____

Telephone_____

Attorney's name_____

Firm_____

Address_____

_____

_____

Telephone_____

2.  Appellant(s)name_____

Address_____

_____

_____

Telephone_____

Attorney's name_____

Firm_____

Address_____

_____

_____

Telephone_____

Will you be handling the appeal?  (In criminal cases counsel

below will handle the appeal unless relieved by this court.)

(Yes)      No

Fed. R. App. P. 12(b) provides that each attorney who files

a notice of appeal must file with the clerk of the Court of

Appeals a statement naming each party represented on appeal

by that attorney.  Local Rule 12 requires that statement in

the form of an appearance.  Any counsel who filed a notice

of appeal must provide the requisite appearance to be

attached to this form.

      Attorneys who are associated with the case,

but not actively representing a party on

appeal, should NOT file an appearance form.


Failure to attach proof of service of the Docketing Statement on
Settlement Counsel at Civil Appeals Management Program,
1 Courthouse Way, Suite 3440, Boston, MA 02210 and all parties
to the action below will result in rejection of the Docketing
Statement pending compliance with Fed. R. App. P. 25(d)(1).

Signature _____

Date _____4/19/06_____

## LIST OF ADVERSE PARTIES

### Name of Defendant

**Michael McTigue**
individually and as Trustee of
the McTigue Family Trust

Counsel: **Mary C. Casey**
The Harbor Law Group
385 South St.
Shrewsbury, MA 01545
US
508-842-9244

**Robert N. Meltzer**
Attorney at Law
P.O. Box 1459
Framingham, MA 01701
508-872-7116

**Nancy A. McTigue**
as Trustee of the McTigue
Family Trust

Counsel: **Mary C. Casey**
(See above for address)

**Robert N. Meltzer**
(See above for address)

**Brian C. Hurley**

Counsel: **Mary C. Casey**
(See above for address)

**Robert N. Meltzer**
(See above for address)

**Gardner Animal Care Center,
LLC**
doing business as
Gardner Animal Hospital

Counsel: **Mary C. Casey**
(See above for address)

**Robert N. Meltzer**
(See above for address)

**Edward D. Cormier**
**Associates, Inc.**

Counsel: **Stephen D. Rosenberg**
The McCormack Firm, LLC
One International Place
7th Floor
Boston, MA 02110-0140
617-951-2929

**Bennett Building Corporation**

Counsel: **Michael J. Dissette**
City, Hayes & Dissette, PC
50 Congress Street
Suite 200
Boston, MA 02109
617-523-3050

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

CIVIL ACTION NO. 06-1583

| | |
|---|---|
| WARREN FREEDENFELD ASSOCIATES, INC.<br>as successor in interest to WARREN FREEDENFELD<br>& ASSOCIATES, INC.,<br>　　　　　Plaintiff,<br><br>v.<br><br>MICHAEL P. MCTIGUE, DVM individually and as<br>Trustee of THE MCTIGUE FAMILY TRUST,<br>NANCY A. MCTIGUE, as Trustee of the<br>MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM,<br>GARDNER ANIMAL CARE CENTER, LLC<br>d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D.<br>CORMIER, ASSOCIATES INC., and BENNETT<br>BUILDING CORPORATION,<br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |



**PLAINTIFF'S STATEMENT TO SHOW CAUSE WHY APPEAL SHOULD NOT
BE DISMISSED FOR LACK OF JURISDICTION AND REQUEST FOR A STAY
OF PROCEEDINGS**

　　　　Pursuant to this Court's order of April 18, 2006, the plaintiff, Warren Freedenfeld

Associates, Inc., as successor in interest to Warren Freedenfeld & Associates, Inc.

(collectively, "Freedenfeld"), submits this statement to Show Cause why its appeal from

the order entered on February 13, 2006 in Civil Action No, 011573 (D. Mass.) granting in

part the defendants' motions to dismiss should not be dismissed for lack of jurisdiction.

In support of this statement, Freedenfeld hereby states that it has filed a motion in the

District Court seeking a dismissal of all the remaining claims and counterclaims. A copy

of the Motion and Memorandum of Law filed electronically with the District Court are

attached to this statement. If the District Court allows the plaintiff's motion, the issues

**Exhibit C**

will be fully joined for appeal of the order dismissing the copyright infringement claims.

In the interest of judicial economy, Freedenfeld request that the Court stay any action on

the Appellant's appeal until such time as the District Court rules on the Motion to

Dismiss.

Respectfully submitted,

WARREN FREEDENFELD &
ASSOCIATES, INC.

By its attorneys,

Barry S. Scheer
BBO No. 445100
Garrett J. Lee
BBO No. 641876
PARKER | SCHEER, LLP
One Constitution Center
Boston, MA  02129
Tel.: 617-886-0500
Fax: 617-886-0100
Email: bss@parkerscheer.com
      gjl@parkerscheer.com

Dated: May 2, 2006

2

## CERTIFICATE OF SERVICE

I, Garrett J. Lee, attorney for the plaintiff, Warren Freedenfeld Associates, Inc. as successor in interest to Warren Freedenfeld & Associates, Inc., hereby certify that on this 2nd day of May, 2006 a true copy of the following was served on all counsel record:

**PLAINTIFF'S STATEMENT TO SHOW CAUSE WHY APPEAL SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION AND REQUEST FOR A STAY OF APPEAL PROCEEDINGS**

By first-class mail postage pre-paid, addressed to:

Robert N. Meltzer, Esq.
P.O. Box 1459
Framingham, MA 01701

Stephen D. Rosenberg
The McCormack Firm, LLC
One International Place
7th Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D. City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109

Mary C. Casey, Esq.
Harbor Law Group
385 South Street
Shrewsbury, MA 01545

Garrett J. Lee

**PARKER** | **SCHEER** LLP

May 3, 2006

One Constitution Center
Boston, Massachusetts
02129

Telephone
617.886.0500

Facsimile
617.886.0100

25 Mall Road
Suite 300
Burlington, Massachusetts
01803

Telephone
781.425.6055

32 Court Street
Plymouth, Massachusetts
02360

Telephone
508.830.9460

www.parkerscheer.com

Robert N. Meltzer, Esq.
P.O. Box 1459
Framingham, MA 01701

Stephen D. Rosenberg
The McCormack Firm, LLC
One International Place
7th Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D. City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109

Mary C. Casey, Esq.
Harbor Law Group
385 South Street
Shrewsbury, MA 01545

    Re:    **Freedenfeld V. McTigue, et al.**
            **U.S. District Court C.A. No.: 05-11573 RGS**

Dear Counselors:

    In light of the plaintiff's pending Motion to Dismiss, I think that it makes sense to extend the time in which the written discovery is due by all parties. This would give the court time to rule on the motion and any opposition that you may have.  Please let me know if you will agree to a 30 day extension on all written discovery.

    Thank you for your attention to this matter.

                Very truly yours,

                *Garrett J. Lee/ays*
                Garrett J. Lee

GJL/als

**Exhibit D**

# THE MCCORMACK FIRM, LLC

Attorneys at Law

ONE INTERNATIONAL PLACE - 7TH FLOOR
BOSTON, MASSACHUSETTS   02110

Phone   617•951•2929
Fax       617•951•2672

Michael J. McCormack
Mark E. Cohen
Joseph H. Aronson
Brian C. Duffey
Amy M. Soisson
Marc L. LaCasse
Stephen D. Rosenberg
David T. Mitrou

Robert J. Maselek, Jr.
Eric L. Brodie
Donna E. Hess
Sylvia Chu
Gerald S. Frim
Laura G. Ryan
Erica L. Silverman
Jon A. Halaby

Caroline M. Fiore
Susan N. Granoff
Of Counsel

Sender's E-Mail:
srosenberg@mccormackfirm.com

May 9, 2006

***via Fax - 617/886-0100***
***and U.S. Mail***

Garrett J. Lee, Esq.
**Parker Scheer, LLP**
One Constitution Center
Boston, MA    02129

RE:    <u>Warren Freedenfeld Associates, Inc. v. McTigue, et al.</u>
      U.S. District Court Civil Action No.:    05-11573 RGS
      1st Circuit Court of Appeals Case No.:    06-1583
      Our File No.:    8006 / 186.00328

Dear Mr. Lee:

      This will acknowledge receipt of your May 3, 2006 letter requesting a 30-day extension on all written discovery. As you are aware, my client has already answered your discovery and your client's discovery responses are overdue. We do not agree to the extension you have requested. As you are well aware, we believe that the one remaining claim that your client has pending in this action can be quickly resolved on summary judgment after you respond to the discovery and, if necessary, your client is deposed. As you are aware as well, we do not believe that your client has any proper basis for pursuing an appeal of the dismissal of the copyright infringement claims until after resolution of the one remaining cause of action and of my client's counterclaim.

      Accordingly, we do not agree to your request for an extension. Your discovery requests are overdue and were, I believe, overdue even by the time you sent your May 3, 2006 letter. I expect to receive your client's written discovery responses so that we may proceed to quickly resolve your client's only remaining claim no later than one week from today, or we will move to compel.

      Should you have any questions or comments concerning this matter, please do not hesitate to contact me.

Sincerely,

Stephen D. Rosenberg

SDR/tab
84503.1

cc:    *Please see attached listing.*

# Exhibit E

THE McCORMACK FIRM, LLC

Garrett J. Lee, Esq.
**Parker Scheer, LLP**
May 9, 2006
Page 2

cc:    Barry S. Scheer, Esq.
       **Parker Scheer, LLP**
       One Constitution Center
       Boston, MA    02129

       Robert D. City, Esq.
       Michael J. Dissette, Esq.
       **City, Hayes & Dissette, PC**
       50 Congress Street
       Boston, MA    02109

       Robert N. Meltzer, Esq.
       P.O. Box 1459
       Framingham, MA    01701

       Mary C. Casey, Esq.
       **Harbor Law Group**
       385 South Street
       Shrewsbury, MA    01545