UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

.                                                    CIVIL ACTION NO. 05 11573 RGS

_____

                                                              )
WARREN FREEDENFELD ASSOCIATES, INC.                           )
as successor in interest to WARREN FREEDENFELD                )
& ASSOCIATES, INC.,                                            )
                    Plaintiff,                                )
                                                              )
v.                                                            )
                                                              )
MICHAEL P. MCTIGUE, DVM individually and as                   )
Trustee of THE MCTIGUE FAMILY TRUST,                          )
NANCY A. MCTIGUE, as Trustee of  the                          )
MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM,                   )
GARDNER ANIMAL CARE CENTER, LLC                               )
d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D.                      )
CORMIER, ASSOCIATES INC., and BENNETT                         )
BUILDING CORPORATION,                                         )
                    Defendants.                               )
_____)

### OPPOSITION OF DEFENDANT, GARDNER ANIMAL CARE CENTER, LLC d/b/a GARDNER ANIMAL HOSPITAL, MICHAEL MCTIGUE, NANCY MCTIGUE AND BRIAN HURLEY TO THE PLAINTIFF'S MOTION TO THE PLAINTIFF'S MOTION TO DISMISS ALL REMAINING CLAIMS AND COUNTERCLAIMS WITHOUT PREJUDICE TO PERMIT APPEAL OF THE COURT'S DISMISSAL OF COPYRIGHT INFRINGEMENT COUNTS

Now come the Defendants, Gardner Animal Care Center, LLC d/b/a Gardner Animal Hospital, Michael McTigue, Nancy McTigue and Brian Hurley ("the Opposing Defendants") and oppose the Plaintiff's motion to dismiss its own lawsuit without prejudice. As grounds for this Opposition, the Opposing Defendants state as follows:

I.      NATURE AND STATUS OF PROCEEDINGS

The Plaintiff filed this suit on or about July 27, 2005 alleging that the Defendants in this lawsuit infringed on protected copyright rights.  The Plaintiff also raised allegations of violations of the Lanham Act which are clearly ancillary to the copyright claims.

On or about February 9, 2006, this Court dismissed the copyright claims, leaving the sole Lanham Act claim to be adjudicated.

Following the Court's action on February 9, 2006, the Plaintiff launched itself into a quixotic attempt to appeal the Court's ruling by circumventing the strict requirements of F.R.C.P. 54(b). This process was rejected by the First Circuit Court of Appeals.

The Plaintiff is now attempting making a second attempt to circumvent F.R.C.P. 54(b) by taking the unprecedented step of moving to dismiss its own claim, in an effort to create piecemeal litigation in clear violation of the principles of F.R.C.P. 54(b).

The Plaintiff also makes the statement to this Court that dismissing the claim at this date would not be prejudicial to any party, and would be in the interests of judicial efficiency. As noted below, these arguments have little merit.  In further opposition to the "motion to dismiss," the Opposing Defendants state as follows:


II.     THE MOVING DEFENDANTS JOIN IN THE OPPOSITION OF THE
        DEFENDANT EDWARD CORMIER

The Opposing Defendants incorporate by reference the Opposition tendered by Defendant Cormier as to its statements pertaining to the factual and procedural history of this case, as well as its statements pertaining to F.R.C.P. 41 and F.R.C.P. 54(b).

III.    THE OPPOSING DEFENDANTS WILL BE PREJUDICED IF THE
        MOTION TO DISMISS IS ALLOWED

Both the copyright claim and the Lanham Act claim brought by the Plaintiff against

the Opposing Defendants were utterly frivolous. Indeed, the Opposing Defendants have

never been able to discern the legal underpinning of the Lanham Act claim against them.

The Opposing Defendants anticipate filing a motion for summary judgment as soon as

the Plaintiff is deposed. It is anticipated that this matter will be concluded by early

autumn. By that time, the Opposing Defendants anticipate that the Lanham Act claim will

be dismissed with prejudice. Consequently, the Opposing Defendants strenuously oppose

any attempts by the Plaintiff to postpone the termination of this lawsuit by dismissing this

claim now without prejudice.

Equally, the Opposing Defendants have already prevailed on the copyright claims,

and anticipate prevailing on the Lanham Act claim. At that juncture, the Opposing

Defendants anticipate being awarded the costs of defending this frivolous claim.

Dismissing this claim now, without prejudice, appears to be an attempt by the Plaintiff to

fend off liability for the harm already caused. The Opposing Defendants have already

incurred great cost, and would only incur greater costs if this matter was dismissed now,

and recommenced later.

Finally, the Court should be aware that the Opposing Defendants intend to file a

motion to add a counterclaim against the Plaintiff after the Plaintiff responds to

outstanding discovery.

While the Plaintiff's claims against the Opposing Defendants are without merit, the Opposing Defendants anticipate a judgment of $7,800,000 on the anticipated counterclaim for copyright infringement, Lanham Act violations and fraud.

In the Plaintiff's own Complaint, ¶ 24, the Plaintiff authenticated as Exhibit H a termination agreement of September 2, 1999 in which the Plaintiff conceded as both a matter of fact and law that the work created by the Plaintiff was not "solely" his work, but rather a joint effort by the Plaintiff and Michael McTigue of the Gardner Animal Care Center, LLC.

In the Plaintiff's own Complaint, ¶ 23, the Plaintiff states that he received a Certificate of Registration , attached as Exhibit G in which the Plaintiff failed to identify his co-author of the Work, Michael McTigue.

Since the date of the Certificate of Registration, the Plaintiff has been denying McTigue, knowingly and intentionally, his copyright rights as the co-author of the work, and has otherwise "palmed off" the joint work as his sole work, thus providing a false designation of origin of the Work, which is precluded by the Lanham Act. The Opposing Defendants have requested copies of all plans subsequent to this date to determine the extent of the copyright infringement admitted by the Plaintiff, but the it is expected that the evidence will show that the Plaintiff has been palming off work as his own for almost seven years.

After the plans are produced by the Plaintiff, the Opposing Defendants intend to contact veterinary hospitals "designed" by the Plaintiff to ascertain the scope of infringement. However, the Opposing Defendants anticipate that they will quickly reach the ceiling of damages of $7,800,000 for fifty two violations.

The frank and candid[1] admissions of theft of McTigue's intellectual property were made in the context of this case and are admissible in this case. Consequently, the Opposing Defendants, as a matter of evidence, should be able to litigate this issue in this claim. This Court should also consider whether this Motion to Dismiss was brought in good faith, as suggested by the Plaintiff, or was brought in bad faith, as can be inferred, in a desperate attempt to deep-six these damaging admissions.

Regardless, the Plaintiff is aware of the impending counterclaim, and the Court should consider whether the Plaintiff is attempting to dismiss this case to avoid its discovery obligations that will unearth the magnitude of fraud anticipated by the Opposing Defendants. Even more alarming, it appears that the Plaintiff may have filed this motion to slow or stop the inevitable motion for preliminary injunction that the Opposing Defendants will seek once the discovery is produced and reviewed by the Opposing Defendants' team of expert architects and veterinary hospital administrators.

This case has gone a long way down the road already. The Opposing Defendants are committed to defending themselves and their rights in this case. Forcing them to raise these issues again at a time of convenience to the Plaintiff is prejudicial and unfair, and the Motion to Dismiss must be DENIED

IV.     IF THIS MOTION IS ALLOWED, AND IF THIS CASE IS DISMISSED,
        THE ULTIMATE CONSEQUENCE WILL BE ADDITIONAL
        LITIGATION, NOT JUDICIAL EFFICIENCY

The Plaintiff makes the argument that dismissing this lawsuit without prejudice will somehow result in judicial efficiency. This is not the case.

---

[1] and incredibly self-defeating and foolish

If this lawsuit is dismissed, litigation will proliferate. The Plaintiff would have one case in appeal, which, although unlikely, could come back to this Court. Then, the Plaintiff promises to refile its frivolous Lanham Act claim.

In the meantime, if this motion is allowed, and if this claim is dismissed, the Opposing Defendants, who have no intention of waiting for the First Circuit Court of Appeals to act, will simply file their own copyright claim and Lanham Act claim in a new matter. Indeed, the doctrine of laches suggests that the Opposing Defendants cannot wait much longer before seeking preliminary injunction to stop ongoing copyright infringement by the Plaintiff.

Thus, there will be more cases pending, not fewer and there will be no judicial efficiency. The Motion to Dismiss must be DENIED

## V.     CONCLUSION

The Plaintiff has simply failed to state any basis for its Motion to Dismiss it will not further judicial efficiency, and it will only cause more harm to the Opposing Defendants. The Motion to Dismiss must be DENIED.

Respectfully Submitted,

The Opposing Defendants,

By their attorneys,

s/Robert N. Meltzer_____
Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

s/Mary C. Casey
Mary C. Casey, BBO #636250
Harbor Law Group
385 South Street
Shrewsbury, MA 01545
Phone: (508) 842-9244

Dated: May 11, 2006

<u>CERTIFICATE OF SERVICE</u>

I, Robert N. Meltzer, do hereby certify that on this day I have served the foregoing by providing a copy of the same by first class mail, postage prepaid, to:

Barry S. Scheer, Esq.
Parker Scheer, LLP
One Constitution Center
Boston, MA 02129

Stephen D. Rosenberg, Esq.
The McCormack Firm
One International Place
Seventh Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D.City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109

s/Robert N. Meltzer

May 11, 2006

## CERTIFICATE OF SERVICE

I, Garrett J. Lee, attorney for the plaintiff, Warren Freedenfeld Associates, Inc. as successor in interest to Warren Freedenfeld & Associates, Inc., hereby certify that on this 30th day of March, 2006 a true copy of the following was served on all counsel record:

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO THE DEFENDANT, GARDNER ANIMAL CARE CENTER, LLC d/b/a GARDNER ANIMAL HOSPITAL**

By first-class mail postage pre-paid, addressed to:

Robert N. Meltzer, Esq.
P.O. Box 1459
Framingham, MA 01701

Stephen D. Rosenberg
The McCormack Firm, LLC
One International Place
7th Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D. City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109

Mary C. Casey, Esq.
Harbor Law Group

385 South Street
Shrewsbury, MA 01545

_____

Garrett J. Lee