UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

.                                                                                              CIVIL ACTION NO. 05 11573 RGS

|  |  |
|---|---|
| WARREN FREEDENFELD ASSOCIATES, INC. as successor in interest to WARREN FREEDENFELD & ASSOCIATES, INC., Plaintiff, v. MICHAEL P. MCTIGUE, DVM individually and as Trustee of THE MCTIGUE FAMILY TRUST, NANCY A. MCTIGUE, as Trustee of the MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM, GARDNER ANIMAL CARE CENTER, LLC d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D. CORMIER, ASSOCIATES INC., and BENNETT BUILDING CORPORATION, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**MOTION OF DEFENDANT, GARDNER ANIMAL CARE CENTER, LLC d/b/a GARDNER ANIMAL HOSPITAL, MICHAEL MCTIGUE, NANCY MCTIGUE AND BRIAN HURLEY TO THE PLAINTIFF'S MOTION TO THE PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THE PLAINTIFF PURSUANT TO F.R.C.P. 37, F.R.C.P. 34 AND F.R.C.P. 26**

Now come the Defendants, Gardner Animal Care Center, LLC d/b/a Gardner Animal Hospital, Michael McTigue, Nancy McTigue and Brian Hurley ("the Moving Defendants") and request an Order pursuant to F.R.C.P. 37 compelling the Plaintiff to produce documents requested by these Defendants pursuant to F.R.C.P. 34. The Plaintiff has refused to produce these documents in violation of F.R.C.P. 34 and F.R.C.P. 26.

As further grounds for this motion, the Moving Defendants note as follows:

I.    NATURE AND STATUS OF PROCEEDINGS

The Plaintiff filed this suit on or about July 27, 2005 alleging that the Defendants in this lawsuit infringed on protected copyright rights. The Plaintiff also raised allegations of violations of the Lanham Act which are clearly ancillary to the copyright claims.

On or about February 9, 2006, this Court dismissed the copyright claims, leaving the sole Lanham Act claim to be adjudicated. Because the Lanham Act claims arise out of the same copyright claims, and because Congress has clearly stated the exclusivity of the copyright claims, it is anticipated that this Court will dismiss the Lanham Act claim on a summary judgment motion which will soon be filed.

The Moving Defendants have served discovery requests on the Plaintiff. This motion arises from the Plaintiff's willful refusal to produce relevant, non-privileged documents in violation of F.R.C.P. 26 and F.R.C.P. 26.

II.    RELEVANT FACTS

Curiously, the Plaintiff admitted in his Complaint, and in subsequent documents, that he has violated Defendant, Michael McTigue's copyright rights, and has otherwise. In the Plaintiff's own Complaint, ¶ 24, the Plaintiff authenticated as Exhibit H a termination agreement of September 2, 1999 in which the Plaintiff conceded as both a matter of fact and law that the work created by the Plaintiff was not "solely" his work, but rather a joint effort by the Plaintiff and Michael McTigue of the Gardner Animal Care Center, LLC.

In the Plaintiff's own Complaint, ¶ 23, the Plaintiff states that he received a Certificate of Registration , attached as Exhibit G, in which the Plaintiff failed to identify

his co-author of the Work, Michael McTigue. He then palmed-off McTigue's work as his own in interstate commerce.

Again, this information is known from the Plaintiff's own admission that he had a joint author of the work.

It is expected that the evidence will show that since September 2, 1999 the Plaintiff has routinely sold the Moving Defendants' work to other veterinarians as his own work product.

Based upon the Plaintiff's own overly candid admissions of wrong-doing, the Moving Defendants are now preparing to file a counterclaim against the Plaintiff for what appears to be at least 52 violations of McTigue's intellectual property rights, with an expected statutory cap of damages of $7,800,000.

The Moving Defendants have also learned that the Plaintiff, while palming-off McTigue's work as his own, has sued other architects in cases such as this, and has received judgments or awards based upon his theft of the Moving Defendant's work. Consequently, as McTigue would have gladly licensed the work to his veterinary colleagues, and as the Plaintiff had no right to bring these suits and claims, McTigue will seek disgorgement of prior awards received as a direct result of the Plaintiff's theft of the protected intellectual property.

The Moving Defendant served an extremely narrow document request on the Plaintiff consisting of only two requests. The first request sought actual documentation by which the Plaintiff converted McTigue's property to his own use. The Plaintiff has agreed to produce these documents.

The second request was narrowly tailored to seek documents which evidence that the Plaintiff has been palming-off McTigue's work as his own since September of 1999. The request sought "[a]ny and all plans for any and all veterinary hospitals designed by the Plaintiff from September, 1999 to the present."

The Plaintiff responded: "The defendant objects to this request on the grounds that it is irrelevant to the subject matter of the action, overly burdensome and not reasonably calculated to lead to the discovery of admissible evidence."

These objections are baseless.

III.   ARGUMENT

A. THE REQUEST WAS ENTIRELY RELEVANT, THE DOCUMENTS ARE NON-PRIVILEGED AND THE OBJECTIONS ARE SPECIOUS, SUCH THAT THE MOTION TO COMPEL MUST BE ALLOWED

F.R.C.P. 26, identifying the limits of discovery, are quite liberal. The rule states that: "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party….Relevant information need not be admissible at the trial discovery appears reasonably calculated to lead to the discovery of admissible evidence." The rule states that the Court may intervene if "the discovery is unreasonably cumulative…or is obtainable from some other source that is more convenient, less burdensome, or less expensive."

The request meets the criteria of Rule 26.

On one hand, the documentation is relevant to the defenses to be tendered by the Moving Defendants—the Moving Defendants cannot be held liable for misusing material which it owns. Similarly, the Plaintiff would lack clean hands to pursue Lanham Act

4

claims in equity based upon the Plaintiff's fraud in interstate commerce against the Moving Defendants. The documents requested will demonstrate that the Plaintiff has been palming-off McTigue's work as his own for seven years. If the Plaintiff is liable under the Lanham Act, it follows he cannot sue the Moving Defendants for his own offense.

The documents are also relevant to the counterclaim that McTigue will be bringing in this suit—that the Plaintiff violated McTigue's copyright rights and that the Plaintiff has repeatedly and habitually violated the Lanham Act.

The Moving Defendants note that they have two options in this matter. As the Plaintiff did, these Moving Defendants could have filed suit first, and then sought the supporting evidence later. The Moving Defendants do not believe that such a practice would satisfy the requirements of F.R.C.P. 11.

However, the Plaintiff's own pleadings have confirmed the validity of the claim that McTigue holds against the Plaintiff. Consequently, this request is narrowly tailored to lead to the discovery of admissible evidence of a counterclaim that will be tried concurrently with the Plaintiff's claim. The request is not overly burdensome, as the Moving Defendants are likely entitled to damages of $150,000 per violation of its rights, and has every right to count those violations. Thus, the requests are not cumulative, and do not seek to merely confirm that violations have occurred.

The Moving Defendants also note that the process it has adopted satisfies requirements of judicial efficiency; the Moving Defendants, if denied the documents under the request previously served, could simply file their own suit against the Plaintiff

(probably in United States District Court in Worcester) and request the documents as part of that proceeding.

The Moving Defendants assume that this Court would agree that one consolidated lawsuit involving the same parties is superior to two suits.

The Moving Defendants have also noted to Plaintiff's counsel that the Moving Defendants could receive these documents in the possession of third-parties by placing classified advertisements in national veterinary magazines. However, this process violates the second prong of Rule 26 by requiring a process that is more expensive, more cumbersome and likely to fail, as it is assumed that the Plaintiff is the best source of the requested documents.

Thus, the Plaintiff should be required to produce these records in one batch as the most effective means of receiving complete production. Further, the Plaintiff cannot argue that the records are privileged, or private business records, as each of the requested documents was prepared for a third-party.

The Moving Defendants hope that placing such advertisements would not be necessary, as the Moving Defendants are concerned that the impact on the Plaintiff's business caused by such an advertisement will adversely affect the Moving Defendants' ultimate ability to collect its judgment.

The Plaintiff's refusal to produce documents demonstrating his own misconduct is fruitless, and reeks of bad faith in discovery in a case which the Plaintiff, himself, initiated. The Court should note that the Plaintiff has engaged in frequent conduct to deflect its own liability, including his unlawful attempts to file a frivolous appeal outside

6

of Rule 54(b) and his quixotic and bizarre motion to dismiss his own lawsuit. Having started this war, the Plaintiff must now comply with the rules of this battlefield.

The Moving Defendants have sought only two categories of documents, narrowly tailored to their defenses and claims. The Plaintiff's refusal to produce the requested documents is unfounded and contrary to the rules. The Plaintiff, having initiated this matter, cannot now obstruct discovery simply because the Plaintiff is unhappy as to how this matter has proceeded.

The Court should also take note of persistent efforts by this Plaintiff to avoid discovery. Even after the Moving Defendants' responded to discovery, the Plaintiff sought an extension of time to respond to discovery while the Court addressed the Plaintiff's purported motion to dismiss. The Court allowed the Plaintiff that time, which the Plaintiff clearly had no intention of using to comply with its discovery obligations. There has been a persistent and obvious effort by this Plaintiff to conceal and obfuscate its own misconduct in a manner which should trouble this Court.

IV.    CONCLUSION

WHEREFORE, as the documents are not privileged and not burdensome, and whereas the request is narrowly tailored to lead to the discovery of admissible evidence, the requests conforms in all ways to F.R.C.P. 26 and F.R.C.P. 34, and the request for an Order compelling production of the documents must be ALLOWED.

        Respectfully Submitted,

        The Moving Defendants,

        By their attorneys,


        s/Robert N. Meltzer_____
        Robert N. Meltzer, BBO #564745
        P.O. Box 1459
        Framingham, MA 01701
        Phone: (508) 872-7116


Dated: June 4, 2006

CERTIFICATE OF SERVICE

      I, Robert N. Meltzer, do hereby certify that on this day I have served the foregoing by providing a copy of the same by first class mail, postage prepaid, to:

Barry S. Scheer, Esq.
Parker Scheer, LLP
One Constitution Center
Boston, MA 02129

Stephen D. Rosenberg, Esq.
The McCormack Firm
One International Place
Seventh Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D.City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109

                                            s/Robert N. Meltzer_____

June 4, 2006