UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

.                                                    CIVIL ACTION NO. 05 11573 RGS

|  |  |
|---|---|
| WARREN FREEDENFELD ASSOCIATES, INC. | ) |
| as successor in interest to WARREN FREEDENFELD | ) |
| & ASSOCIATES, INC., | ) |
|       Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| MICHAEL P. MCTIGUE, DVM individually and as | ) |
| Trustee of THE MCTIGUE FAMILY TRUST, | ) |
| NANCY A. MCTIGUE, as Trustee of the | ) |
| MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM, | ) |
| GARDNER ANIMAL CARE CENTER, LLC | ) |
| d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D. | ) |
| CORMIER, ASSOCIATES INC., and BENNETT | ) |
| BUILDING CORPORATION, | ) |
|       Defendants. | ) |

**OPPOSITION OF DEFENDANT, GARDNER ANIMAL CARE CENTER, LLC
d/b/a GARDNER ANIMAL HOSPITAL, MICHAEL MCTIGUE, NANCY
MCTIGUE AND BRIAN HURLEY TO THE PLAINTIFF'S MOTION TO THE
PLAINTIFF'S "REQUEST FOR SANCTIONS"**

Now come the Defendants, Gardner Animal Care Center, LLC d/b/a Gardner

Animal Hospital, Michael McTigue, Nancy McTigue and Brian Hurley ("the Opposing

Defendants") and oppose the Plaintiff's request for sanctions.

The Plaintiff's Opposition to the Motion to Compel Production of Documents,

and the so-called Request for Sanctions, demonstrates an extraordinary degree of both

desperation and deceit.

The Opposing Defendants note that they have demonstrated a substantial patience with a long onslaught of misconduct and unethical conduct by this Plaintiff. The Court should note that the following acts are part of the record of this case:

1.      The Plaintiff filed a frivolous motion for copyright infringement that was so defective that it did not survive a challenge under F.R.C.P. 12(b)(6) in this Court.

2.      Notwithstanding that the Lanham Act, and federal copyright law, make it explicit that a copyright law is exclusive in the area of protection of original work, the Plaintiff has continued prosecuting a frivolous Lanham Act claim that sounds entirely in copyright.

3.      Notwithstanding that the copyright claims in this lawsuit have been dismissed, the Plaintiff served on the Opposing Defendants more than 90 pages of discovery requests entirely devoted to copyright issues, in clear violation of F.R.C.P. 26, which precludes frivolous discovery designed to harass and oppress.

4.      The Plaintiff filed a knowingly false appeal following the dismissal of the copyright claims, and even filed a statement, falsely, under the pains and penalties of perjury, attesting that the appeal was consistent with the requirements of F.R.C.P. 54(b).

5.           Following the dismissal of the frivolous appeal, the Plaintiff filed an unprecedented motion to dismiss its own case, which was denied following opposition from the Defendants.

6.           This Plaintiff filed a motion with this Court seeking an extension of thirty days for discovery. This motion was granted by this Court. As the current dispute now demonstrates, the Plaintiff had no intention of producing the records in any event, and was clearly intent on hindering and delaying the need to respond to the Opposing Defendants' legitimate discovery requests.

7.           Notwithstanding that the Plaintiff, himself, admitted to almost all of the elements of violating the copyright rights of Michael McTigue in his own complaint, and notwithstanding that the Plaintiff, himself, admitted to violations of the Lanham Act, the Plaintiff has refused to produce relevant discovery and has filed, in opposition to the Opposing Defendants' Motion to Compel a rather bizarre Opposition which appears to intentionally misstate the Opposing Defendants' legal theories and completely distort and misstates case holdings.[1]

---

[1] The Plaintiff admits in his Complaint that the architectural blueprints were not his sole work. The blueprints, which were the physical manifestation of ideas of two people, were jointly authored by both parties. Nothing in the law prevents a non-architect from being compensated for the representation of his ideas found in a joint work. The Plaintiff has also admitted that he palmed-off this work as his own in interstate commerce. The only remaining issue for the claim against the Plaintiff is the number of violations, and the computation of statutory damages. As noted, the Plaintiff has admitted to these violations. The Plaintiff's Opposition tries to create a smoke-screen which does not conceal the fact, unfortunately for Plaintiff's counsel, that he admitted to law breaking in his own Complaint.

8.      The Opposing Defendants note that Plaintiff's counsel has also filed an
        Affidavit in support of that fraudulent opposition which is clearly
        perjurious. The Court should note that this, in conjunction with the
        54(b) statement, is the second example of a false sworn statement in
        this case.

9.      The Plaintiff is now asking this Court for the extraordinary remedy of
        "prior constraint," barring the Opposing Defendants from placing an
        advertisement, a clear violation of the First Amendment rights of any
        American citizen. The Plaintiff then asks for sanctions for violations of
        such prior restraint. The Opposing Defendants are unaware of any law,
        and the Plaintiff has identified none, that would permit this Court to bar
        the Opposing Defendants from placing advertisements that seek
        information.

10.     While the Opposing Defendants have been forced to incur enormous
        expense in this matter based upon the misconduct of the Plaintiff, and
        while the Opposing Defendants have thus far not asked this Court for
        sanctions for this behavior, the Opposing Defendants invite the Court to
        consider the Plaintiff's conduct for further action against the Plaintiff
        sua sponte.

11.     The Opposing Defendants' counsel attaches an Affidavit in support of
        this Opposition.

4

5

WHEREFORE, as the Plaintiff, who comes before this Court with unclean hands, has

stated no basis for sanctions, the request, which is both unlawful and unconstitutional,

must be DENIED.

Respectfully Submitted,

The Opposing Defendants,

By their attorney,


s/Robert N. Meltzer_____
Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116


Dated: June 17, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

. CIVIL ACTION NO. 05 11573 RGS

| | |
|---|---|
| | ) |
| WARREN FREEDENFELD ASSOCIATES, INC. | ) |
| as successor in interest to WARREN FREEDENFELD | ) |
| & ASSOCIATES, INC., | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL P. MCTIGUE, DVM individually and as | ) |
| Trustee of THE MCTIGUE FAMILY TRUST, | ) |
| NANCY A. MCTIGUE, as Trustee of  the | ) |
| MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM, | ) |
| GARDNER ANIMAL CARE CENTER, LLC | ) |
| d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D. | ) |
| CORMIER, ASSOCIATES INC., and BENNETT | ) |
| BUILDING CORPORATION, | ) |
|     Defendants. | ) |
| | ) |

**AFFIDAVIT OF ATTORNEY ROBERT N. MELTZER IN SUPPORT OF THE
OPPOSITION OF DEFENDANT, GARDNER ANIMAL CARE CENTER, LLC
d/b/a GARDNER ANIMAL HOSPITAL, MICHAEL MCTIGUE, NANCY
MCTIGUE AND BRIAN HURLEY TO THE PLAINTIFF'S MOTION TO THE
PLAINTIFF'S "REQUEST FOR SANCTIONS"**

I, Robert N. Meltzer, do depose and swear as follows:

1. I am one of the attorneys representing the Opposing Defendants in this matter.


2. I submit this Affidavit in defense of my own conduct, which has been erroneously and

falsely mischaracterized by Plaintiff's counsel.

6

3. I agree that I contacted Plaintiff's counsel as the specified time as required by the local rules to discuss a discovery motion that I intended to file.

4. Consistent with office policy, I drafted the Motion to Compel Production of Documents before contacting opposing counsel to discuss the issues. I do this so as to have clarity of thought as to what, exactly, the motion will be seeking.

5. The telephone conference was heated, on both sides. In and of itself, that is not uncommon in matters such as this.

6. I admit that I told Plaintiff's counsel that I could get the records in one of three ways— either in this case, in a new case to be filed in United States District Court, or by seeking the records by advertisement. These options were duly noted on pages 5 and 6 of the Motion to Compel. There was no concealed attempt at extortion.

7. I also informed Plaintiff's counsel that I preferred to receive these records in this litigation, as I believed that the other avenues might harm the Plaintiff and his ability to conduct business. The suggestion that I told Plaintiff's Counsel that "he was going to 'ruin' and 'bury' Freedenfeld" is contrary to what was said. Based upon the expected judgment against Freedenfeld, I hope he practices architecture for a good, long time. This was also noted in the Motion to Compel, on page 6.

8. The spin that Plaintiff's counsel tries to put on this conversation, that the request for documents was somehow extortionist, or meant to harm the Plaintiff, is simply not true. I also made no admissions to the Plaintiff's counsel about anything. The entire substance of our conversation was contained in the Motion to Compel. I do this, specifically, so as to be able to avoid the kind of spurious accusations made by Plaintiff's counsel in this matter.

9. The statement that "Attorney Meltzer became extremely agitated and started yelling" is defamatory and false. Indeed, it was Attorney Lee who became agitated and started yelling.  Plaintiff's counsel also states, without any basis in fact, that "Attorney Meltzer abruptly hung up the phone (while I was in mid-sentence)."  Plaintiff's counsel has, apparently, not considered the obvious conclusion that a dropped-call situation occurred.

10. I have known all defense counsel in this matter for a number of years. I am confident that these attorneys, as well as most members of the bar with whom I have interacted over the years, would find Plaintiff's counsel's accusations and statements in his affidavit to be uncharacteristic and baffling.

11. It has been apparent since the inception of this lawsuit that Plaintiff's counsel does not understand copyright law, the Lanham Act, the Federal Rules of Civil Procedure or the canons and ethics of this profession. In fact, it was my impression that Plaintiff's counsel is afraid of his litigious client and the liability that counsel might be facing.

12. My attempt to discuss the Motion to Compel with Plaintiff's Counsel is a local rule

requirement, and Plaintiff's Counsel's characterization of that telephone call, with its

attempt at character assassination, ignores the reality of that communication.

Sworn under the pains and penalties of perjury, this 17th day of June, 2006


                                        /s Robert N. Meltzer

<u>CERTIFICATE OF SERVICE</u>

   I, Robert N. Meltzer, do hereby certify that on this day I have served the foregoing by providing a copy of the same by first class mail, postage prepaid, to:


Barry S. Scheer, Esq.
Parker Scheer, LLP
One Constitution Center
Boston, MA 02129

Stephen D. Rosenberg, Esq.
The McCormack Firm
One International Place
Seventh Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D.City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109

             s/Robert N. Meltzer_____


June 17, 2006