UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

.                                                                                  CIVIL ACTION NO. 05 11573 RGS

|  |  |
|---|---|
| WARREN FREEDENFELD ASSOCIATES, INC. as successor in interest to WARREN FREEDENFELD & ASSOCIATES, INC., <br>     Plaintiff, <br><br> v. <br><br> MICHAEL P. MCTIGUE, DVM individually and as Trustee of THE MCTIGUE FAMILY TRUST, NANCY A. MCTIGUE, as Trustee of the MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM, GARDNER ANIMAL CARE CENTER, LLC d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D. CORMIER, ASSOCIATES INC., and BENNETT BUILDING CORPORATION, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### MOTION OF DEFENDANT, MICHAEL MCTIGUE TO AMEND HIS ANSWER PURSUANT TO F.R.C.P. 15(a) TO ADD A COUNTERCLAIM AGAINST THE PLAINTIFF

Now comes the Defendant, Michael McTigue ("the Moving Defendant") and requests leave pursuant to F.R.C.P. 15(a) to amend his Answer to the Complaint to add a counterclaim against the Plaintiff. The proposed counterclaim is attached hereto

As further grounds for this motion, the Moving Defendant notes as follows:

I.    NATURE AND STATUS OF PROCEEDINGS

The Plaintiff filed this suit on or about July 27, 2005 alleging that the Defendants in this lawsuit infringed on protected copyright rights. The Plaintiff also raised allegations of violations of the Lanham Act which are clearly ancillary to the copyright claims.

On or about February 9, 2006, this Court dismissed the copyright claims, leaving the sole Lanham Act claim to be adjudicated. Because the Lanham Act claims arise out of the same copyright claims, and because Congress has clearly stated the exclusivity of the copyright claims, it is anticipated that this Court will dismiss the Lanham Act claim on a summary judgment motion which will soon be filed.

In its pleadings and attachment, the Plaintiff has admitted, with amazing and rare candor, that the work in question was not solely the Plaintiff's work, and also that the Plaintiff had not identified his joint author, Michael McTigue, as the joint author in the copyright registration.

The Moving Defendant is fully entitled to his rights as the joint author of the work, and now seeks damages arising from the Plaintiff's infringement of those rights, as well as damages for conversion and unfair and deceptive trade practices.

II.    RELEVANT FACTS

Curiously, the Plaintiff admitted in his Complaint, and in subsequent documents, that he has violated Defendant, Michael McTigue's copyright rights. In the Plaintiff's own Complaint, ¶ 24, the Plaintiff authenticated as Exhibit H a termination agreement of September 2, 1999 in which the Plaintiff conceded as both a matter of fact and law that

the work created by the Plaintiff was not "solely" his work, but rather a joint effort by the Plaintiff and Michael McTigue of the Gardner Animal Care Center, LLC.

In the Plaintiff's own Complaint, ¶ 23, the Plaintiff states that he received a Certificate of Registration , attached as Exhibit G, in which the Plaintiff failed to identify his co-author of the Work, Michael McTigue. He then palmed-off McTigue's work as his own in interstate commerce.

Again, this information is known from the Plaintiff's own admission that McTigue was the joint author of the work.

It is expected that the evidence will show that since September 2, 1999 the Plaintiff has routinely sold the Moving Defendant's work to other veterinarians as his own work product.

The Moving Defendant has also learned that the Plaintiff, while palming-off McTigue's work as his own, has sued other architects in cases such as this, and has received judgments or awards based upon his theft of the Moving Defendant's work. Consequently, as McTigue would have gladly licensed the work to his veterinary colleagues, and as the Plaintiff had no right to bring these suits and claims, McTigue will seek disgorgement of prior awards received as a direct result of the Plaintiff's theft of the protected intellectual property.

The Moving Defendant is entitled to a say in how the work is used, sold, licensed or protected, and he is entitled to compensation for prior use, and to the right to license the work to his fellow veterinarians, and to seek to reverse unauthorized lawsuits brought to "protect" the copyright.

III.   ARGUMENT

A. THE MOVING DEFENDANT'S MOTION IS TIMELY AND APPROPRIATE IN THIS MATTER, SUCH THAT LEAVE TO FILE THE COUNTERCLAIM MUST BE GRANTED

Pursuant to F.R.C.P. 15(a), a party may amend a responsive pleading by leave of Court and that "leave shall be freely given."

This is a lawsuit in which the Plaintiff has admitted that the work which is subject to the copyright registration was jointly authored, and that the work was not "solely" his own. He has also conceded that he filed a knowingly false registration of the copyright that excluded his joint author. Apparently, the Plaintiff has engaged in a pattern and practice of exploiting the copyright to the detriment of the joint author for seven years.

The proposed counterclaim, in effect, is a damages claim, in which only the scope and magnitude of the infringement is in question.

The Court should note that the Moving Defendant attempted to ascertain the scope of the violation and infringement through a document request. This Court denied the motion to compel production of documents which would have identified the scope of the harm. While the Moving Defendant would have preferred to bring this Counterclaim with the information already ascertained, the Moving Defendant accepts the Court's order that such information is more properly gained through the discovery process.

Based upon the clear admissions of wrong-doing by the Plaintiff, and a clear admission from the Plaintiff that McTigue is a joint author, the Court would have no basis for denying this timely motion. Indeed, judicial efficiency requires that the motion be allowed, as the Moving Defendant could quite simply file this as a new matter in the

federal court in Worcester. The Moving Defendant respectfully suggests that these two matters should proceed in one claim.

IV.     CONCLUSION

WHEREFORE, as the underlying admissions of wrongdoing found in the counterclaim are drawn directly from the Plaintiff's own admission, and whereas the Plaintiff has conceded that McTigue is his joint author, and whereas it is clear on the basis of admissions that the Plaintiff has engaged in knowingly false conduct against the Moving Defendant in filing the registration, and whereas the statute provides for a remedy for this conduct, justice requires that this motion to amend by ALLOWED.

                                        Respectfully Submitted,

                                        The Moving Defendant,

                                        By his attorneys,


                                        s/Robert N. Meltzer_____
                                        Robert N. Meltzer, BBO #564745
                                        P.O. Box 1459
                                        Framingham, MA 01701
                                        Phone: (508) 872-7116


Dated: July 24, 2006

CERTIFICATE OF SERVICE

      I, Robert N. Meltzer, do hereby certify that on this day I have served the foregoing by providing a copy of the same by first class mail, postage prepaid, to:

Barry S. Scheer, Esq.
Parker Scheer, LLP
One Constitution Center
Boston, MA 02129

Stephen D. Rosenberg, Esq.
The McCormack Firm
One International Place
Seventh Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D.City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109

                                                s/Robert N. Meltzer_____

July 24, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WARREN FREEDENFELD ASSOCIATES )<br>INC., as successor to WARREN )<br>FREEDENFELD & ASSOCIATES, INC. )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>MICHAEL P. MCTIGUE, D.V.M., )<br>Individually and as Trustee of the )<br>MCTIGUE FAMILY TRUST, NANCY )<br>A. MCTIGUE, as Trustee of the MCTIGUE )<br>FAMILY TRUST, BRIAN C. HURLEY, )<br>D.V.M., GARDNER ANIMAL CARE )<br>CENTER, LLC d/b/a GARDNER ANIMAL )<br>HOSPITAL, EDWARD D. CORMIER )<br>ASSOCIATES, INC. and BENNETT )<br>BUILDING CORPORATION )<br>)<br>    Defendants ) | CIVIL ACTION NO:05-11573-RGS |

COUNTERCLAIM OF DEFENDANT, MICHAEL P. MCTIGUE

1. Plaintiff in Counterclaim, Michael P. McTigue, DVM ("McTigue"), is a Massachusetts resident with an address located at 2 Squire Road, Ashburnham, MA 01430.

2. Defendant in Counterclaim, Warren Freedenfeld Associates, Inc., successor in interest to Warren Freedenfeld & Associates, Inc. (collectively, "Freedenfeld") is a Massachusetts corporation with an address located at 39 Church Street, Boston, MA 02460.

3. In March of 1998, McTigue engaged Freedenfeld to perform architectural services in connection with the design of a new veterinary facility for the Gardner Animal Hospital. ("the Project")

4. McTigue and Freedenfeld worked jointly on the design process, with McTigue providing numerous ideas for the Hospital and Freedenfeld, working as a scribe, reducing the ideas of the collaboration to a unified set of plans for the Project. ("the Work").

5. McTigue and Freedenfeld terminated their relationship on or about September 2, 1999 by signing a document entitled Termination and Mutual Release Agreement Between Gardner Animal Hospital and Warren Freedenfeld & Associates, Inc.

6. In this document, Warren Freedenfeld acknowledged that the Work was jointly authored, placing his initials over language which read "GAH agrees not use any of the work solely produced by WFA…" Thus, Freedenfeld acknowledged that the Work contained contributions that were not solely that of WFA.

7. Subsequent to acknowledging McTigue's joint authorship of the Work, Freedenfeld filed a Certificate of Registration with the United States Copyright Office.

8. Although the standard form for registration contains a location for identification of joint authors, Freedenfeld did not identify McTigue as his joint author, and instead identified himself as the author of the Work.

9. Since this registration took place, Freedenfeld has continued to claim sole authorship, and has apparently misrepresented the Work as his own, incorporating McTigue's expressions into unrelated plans and otherwise converting the Work entirely to Freedenfeld's benefit.

10. In addition, upon information and belief, Freedenfeld has sued other veterinarians throughout the United States in cases similar to the lawsuit brought in this Court,

alleging infringement on work that likely belonged to McTigue, and which McTigue would gladly have licensed to other veterinarians within the United States.

11. Upon information and belief, Freedenfeld has extorted substantial sums in jury verdicts or arbitration awards from veterinarians across the United States in matters which Freedenfeld lacked actual authority to commence.

12. Freedenfeld has refused to produce documents demonstrating the use of the Work in other projects, and has refused to produce documents demonstrating that Freedenfeld has, for the past seven years, been misrepresenting the Work as solely his work.

13. Freedenfeld, through counsel, has attempted to conceal the evidence of his duplicity, fraud and infringement.

14. Upon information and belief, Freedenfeld has infringed on McTigue's rights to the copyrighted work on more than 50 occasions, a number that cannot be confirmed until Freedenfeld is compelled to open his files or until plans are otherwise secured.

15. In the meantime, Freedenfeld has acknowledged that he is not the sole author of the Work in the underlying lawsuit, and the records of the copyright office do demonstrate, without doubt, that Freedenfeld unlawfully excluded his joint author and has otherwise deprived McTigue of his rights under the laws of copyrights.

COUNT I
COPYRIGHT INFRINGMENT
17. U.S.C. §501

16. The Plaintiff in Counterclaim restates paragraphs 1-15 as if specifically stated herein.

17. Defendant in Counterclaim, Freedenfeld has appropriated the Plaintiff in Counterclaim's work and has proceeded to otherwise copy, sell and distribute the Plaintiff in Counterclaim's Work, and to otherwise deny the Plaintiff in Counterclaim his rights to joint authorship, his rights to license and control the Work and to otherwise share in the benefits of the Work.

18. The facts alleged herein constitute a knowing and willful and malicious infringement on the copyright rights of the Plaintiff in Counterclaim in violation of 17 U.S.C. §501.

19. As a result of this conduct, the Plaintiff in Counterclaim has been harmed.

COUNT II
UNFAIR PRACTICES IN INTERSTATE COMMERCE
VIOLATIONS OF 15 U.S.C. §45

20. The Plaintiff in Counterclaim restates paragraphs 1-19 as if specifically stated herein.

21. The Defendant in Counterclaim knowingly and maliciously infringed on the copyright of the Work by the act of expropriating the Work, incorporating the Work into its own product, blending the Work with its own Work, misrepresenting the Work as its own Work and introducing the Work, falsely designated as to source, into interstate commerce.

22. The facts alleged herein constitute a knowing and willful and malicious infringement on the rights of the Plaintiff in Counterclaim in interstate commerce in violation of 15 U.S.C. §45.

23. As a result of the willful and malicious unfair competition in interstate commerce, the Plaintiff in Counterclaim has been harmed.

## COUNT III
## COMMON LAW CONVERSION

24. The Plaintiff in Counterclaim restates paragraphs 1-24 as if specifically stated herein.

25. The Defendant in Counterclaim, while admitting that the Work was not solely his own, expropriated and converted the Work for his own benefit, to the detriment of the Plaintiff in Counterclaim, and to the detriment of others to whom the Plaintiff in Counterclaim would gladly have licensed the Work.

26. Both through resale and litigation against third parties, the Defendant in Counterclaim has asserted rights to the Work that the Defendant in Counterclaim knew were not justified and not lawful.

27. As a result of this conversion, the Plaintiff in Counterclaim was harmed.

## COUNT IV
## STATUTORY UNFAIR AND DECEPTIVE TRADE PRACTICES
## G.L. 93A

28. The Plaintiff in Counterclaim restates paragraphs 1-28 as if specifically stated herein.

29. The Defendant in Counterclaim stole and infringed upon the Plaintiff in Counterclaim's rights to the Work, derived benefit from the Work, infringed upon the contingent rights of third-parties to the Work, converted the Work and filed a knowing and frivolous lawsuit against the Plaintiff in Counterclaim in a further unfair and deceptive attempt to gain benefit to which the Defendant in Counterclaim was not entitled.

30. The Defendant in Counterclaim further instructed his counsel to issue unlawful threats to Plaintiff in Counterclaim's counsel in order to thwart discovery of his unlawful acts,

and otherwise attempted to interfere in lawful and constitutionally protected rights to ascertain the nature and extent of harm caused, with the obvious and transparent effort to gain an advantage in this lawsuit.

31. At the time that Freedenfeld engaged in this conduct, it was employed in trade and commerce

32. Freedenfeld's conduct violated and continues to violate G.L. c. 93A.

33. Freedenfeld has harmed the Plaintiff in Counterclaim.

WHEREFORE, McTigue respectfully requests the following relief:

1. That this Court find that Freedenfeld violated McTigue's rights to his Work under 17 U.S.C. §501.

2. That Freedenfeld be preliminarily enjoined from further use of the Work in violation of 17 U.S.C. §501.

3. That after trial, Freedenfeld be permanently enjoined from further use of the Work in violation of 17 U.S.C. §501.

4. That this Court find that Freedenfeld maliciously and with intent to harm in interstate commerce did pirate, blend and misrepresent the Plaintiff's work as its own in violation of 15 U.S.C. §45

5. That this Court find that Freedenfeld converted McTigue's Work and otherwise violated G.L. c. 93A;

6. That this Court award appropriate damages for the violations identified herein.

7. That this Court order Freedenfeld to pay any and all damages incurred as a result of its conduct, and this Court order Freedenfeld to identify the recipients of the blended

work, to disgorge any unlawful profits derived from usurpation of the Work, to require any materials in the possession of Freedenfeld which constitute the Work be ordered surrendered by Freedenfeld to the Court or the Plaintiff, that Freedenfeld be ordered to recover conveyed Work, that Freedenfeld be required to identify and disclose any and all prior lawsuits or arbitrations based upon the Work, that Freedenfeld by required to account for any judgments or proceeds derived from the Work, that Freedenfeld be required to disgorge these judgments or proceeds and to otherwise return the funds to their lawful owners as the result of unauthorized litigation and to take any other steps and issue and all further orders necessary to restore the status quo ante.

8. That Freedenfeld be required to pay treble damages and be ordered to pay for McTigue's attorneys' fees and costs; and

9. Any further relief deemed just and appropriate by this Court.

THE PLAINTIFF IN COUNTERCLAIM DEMANDS A TRIAL BY JURY ON ALL COUNTS

                Respectfully Submitted,
                **Michael McTigue,**
                By his attorneys,

                _____
                The Mountain States Law Group
                Robert N. Meltzer, BBO #564745
                P.O. Box 1459
                Framingham, MA 01701
                Phone: (508) 872-7116

                _____
                Mary C. Casey, BBO #636250
                Harbor Law Group
                385 South Street
                Shrewsbury, MA 01545
                Phone: (508) 842-9244

Dated: July 24, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| . | CIVIL ACTION NO. 05 11573 RGS |

|  |  |
|---|---|
| WARREN FREEDENFELD ASSOCIATES, INC. | ) |
| as successor in interest to WARREN FREEDENFELD | ) |
| & ASSOCIATES, INC., | ) |
|     Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| MICHAEL P. MCTIGUE, DVM individually and as | ) |
| Trustee of THE MCTIGUE FAMILY TRUST, | ) |
| NANCY A. MCTIGUE, as Trustee of the | ) |
| MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM, | ) |
| GARDNER ANIMAL CARE CENTER, LLC | ) |
| d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D. | ) |
| CORMIER, ASSOCIATES INC., and BENNETT | ) |
| BUILDING CORPORATION, | ) |
|     Defendants. | ) |

**CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(a)(2) IN SUPPORT OF THE MOTION OF DEFENDANT, MICHAEL MCTIGUE TO AMEND HIS ANSWER TO ADD A COUNTERCLAIM PURSUANT TO F.R.C.P. 15(a)**

    I hereby certify that, as the moving party, I initiated a meeting to confer as to the motion filed this day, and that I have made a good faith effort to reach agreement with the opposing party, and that the parties were unable to reach a resolution without court intervention.

    s/Robert N. Meltzer_____
    Robert N. Meltzer, BBO #564745
    P.O. Box 1459
    Framingham, MA 01701
    Phone: (508) 872-7116

Dated: July 24, 2006

CERTIFICATE OF SERVICE

      I, Robert N. Meltzer, do hereby certify that on this day I have served the foregoing by providing a copy of the same by first class mail, postage prepaid, to:

Barry S. Scheer, Esq.
Parker Scheer, LLP
One Constitution Center
Boston, MA 02129

Stephen D. Rosenberg, Esq.
The McCormack Firm
One International Place
Seventh Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D.City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109

                                  s/Robert N. Meltzer_____

July 24, 2006