UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

.                                                                          CIVIL ACTION NO. 05 11573 RGS

|  |  |
|---|---|
| WARREN FREEDENFELD ASSOCIATES, INC. as successor in interest to WARREN FREEDENFELD & ASSOCIATES, INC., Plaintiff, v. MICHAEL P. MCTIGUE, DVM individually and as Trustee of THE MCTIGUE FAMILY TRUST, NANCY A. MCTIGUE, as Trustee of the MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM, GARDNER ANIMAL CARE CENTER, LLC d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D. CORMIER, ASSOCIATES INC., and BENNETT BUILDING CORPORATION, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**REQUEST FOR LEAVE TO FILE SHORT REPLY BRIEF IN RESPONSE TO THE PLAINTIFF'S OPPOSITION TO THE MOTION TO AMEND THE ANSWER TO INCLUDE A COUNTERCLAIM PURSUANT TO L.R. 7.1(b)(4)**

Now come the Defendant, Michael McTigue, and requests leave of Court to file a very short reply brief in response to the Plaintiff's Opposition to McTigue's Motion to Amend his Answer to include a counterclaim.

The basis for this request is that the Opposition clearly misstated the law, and has otherwise engaged in conduct which appears designed to deceive the Court as to relevant facts and law. A reply is necessary to briefly bring these issues before the Court.

The proposed reply is attached hereto.

2

                Respectfully Submitted,

                Michael McTigue

                By his attorney,

                s/Robert N. Meltzer_____
                Robert N. Meltzer, BBO #564745
                P.O. Box 1459
                Framingham, MA 01701
                Phone: (508) 872-7116

Dated: August 11, 2006

CERTIFICATE OF SERVICE

      I, Robert N. Meltzer, do hereby certify that on this day I have served the foregoing by providing a copy of the same by first class mail, postage prepaid, to:

Barry S. Scheer, Esq.
Parker Scheer, LLP
One Constitution Center
Boston, MA 02129

Stephen D. Rosenberg, Esq.
The McCormack Firm
One International Place
Seventh Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D.City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109

                                              s/Robert N. Meltzer

August 11, 2006

CERTIFICATE OF COMPLIANCE WITH L.R. 7.1

     I, Robert N. Meltzer, do hereby certify that I advised opposing counsel of my intent to file the attached motion, and provided the Plaintiff with an opportunity to meet and confer by letter as to the issues at hand, or to assent to the motion to file a reply brief, but I have not heard from opposing counsel. I have attempted in good faith to address this issue with opposing counsel before filing this motion as required by LR 7.1

                                                      s/Robert N. Meltzer

August 11, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

.                                                                    CIVIL ACTION NO. 05 11573 RGS

|  |  |
|---|---|
| WARREN FREEDENFELD ASSOCIATES, INC. as successor in interest to WARREN FREEDENFELD & ASSOCIATES, INC., <br>     Plaintiff, <br><br> v. <br><br> MICHAEL P. MCTIGUE, DVM individually and as Trustee of THE MCTIGUE FAMILY TRUST, NANCY A. MCTIGUE, as Trustee of the MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM, GARDNER ANIMAL CARE CENTER, LLC d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D. CORMIER, ASSOCIATES INC., and BENNETT BUILDING CORPORATION, <br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**REPLY BRIEF IN RESPONSE TO THE PLAINTIFF'S OPPOSITION TO THE MOTION TO AMEND THE ANSWER TO INCLUDE A COUNTERCLAIM PURSUANT TO L.R. 7.1(b)(4)**

Now comes the Defendant, Michael McTigue and replies to the Opposition to the Motion to Amend as follows:

1. The entire basis of the Motion to Amend is that the Plaintiff is has contractually acknowledged that the architectural work was the subject of joint authorship between McTigue and the Plaintiff, based upon documents that the Plaintiff himself has admitted to signing. (Sept 2. 1999)

2. It is a well-accepted principle of law that, for purposes of F.R.C.P. 12 (b)(6), a court must "accept the well-pleaded factual averments of the…Complaint as true,

and construe these facts in the light most flattering to the plaintiff's cause." Fleming v. Lind-Waldock & Co., 922 F. 2d 20,23 (1st Cir. 1990).

3. This is a case in which McTigue's averments, deemed as true, are based upon documents and statements made by the Plaintiff. There is absolutely no basis for the Plaintiff to prevail on a motion under Rule 12(b)(6) without having to retract his own Complaint, which was supposedly filed in good faith under Rule 11. Thus, there is no futility to the Motion to Amend.

4. The Plaintiff baldly and transparently misstates the law to the Court pertaining to the issue of joint authorship. Indeed, the Plaintiff has dumped 18 pages of clearly erroneous material on this Court which, while interesting as a law review article, has no relevance to this suit.

5. The law does not state that a property owner cannot be a joint author with his architect. In fact, the law states quite the opposite.

6. By way of example, the Plaintiff cites Meltzer v. Zoller, 520 F.Supp. 847 (1981) for the proposition that joint authorship is not recognized. This is a clear misstatement of the case. The Meltzer case turned on the fact that the Plaintiff could not prove his claim, not that no such cause of action existed.

7. Indeed, the Meltzer case stands for the principle that joint authorship may exist as a matter of fact and law. Meltzer failed in his claim because "[i]n the instant case, there is no agreement explicitly articulating the intention of any of the parties regarding who owns any copyright interest. Accordingly, the presumption that the parties mutually intended copyright to vest in the commissioning party becomes operable absent any persuasive evidence to the contrary. The record does not

2

establish, however, that the plaintiff is the commissioning party…" <u>Meltzer</u>, 520 F.Supp. 847 at 856. The Court concluded that "…the presumption that copyright interest vested in the commissioning party was overcome here by evidence that the parties intended for the architect to retain copyright interest in the plans…" <u>Meltzer</u>, 520 F.Supp. 847 at 856

8. Here, the facts are reversed. The Plaintiff admits that McTigue was a commissioning party, and admits that the September 2, 1999 document was valid in which the parties noted that the "work" was not solely the Plaintiff's work. In addition, the parties carved this exception out of the Plaintiff's copyright rights, noting that the portion that was "solely" the Plaintiff's remained subject to Article 6 of the Agreement. Thus, under the <u>Meltzer</u> holding, McTigue has demonstrated here that there is clear and unambiguous evidence that the commissioning party and his architect acknowledged joint authorship of the work.

9. Finally, and curiously, the Plaintiff now tries to introduce ambiguity to the Agreement, arguing on page 6 of the Opposition that "the word 'solely' was used in this paragraph of the Termination Agreement to reemphasize the fact that both parties clearly acknowledge that all the Architectural Works were ever created for the Project were solely created by Freedenfeld and that Dr. McTigue was prohibited from using any of the Architectural Work."

10. First, McTigue cannot figure out what this sentence even means. At best, it is a tortured and painful attempt to redefine the plain English meaning of the agreement. At worst, the Plaintiff is suggesting that the term is ambiguous.

11. Under Massachusetts contract law, interpretation of ambiguous contractual terms is a question "for the jury." See, <u>Commercial Union Ins. Co. v. Boston Edison Co.</u>, 412 Mass. 545,557 (1992). Thus, this matter is not only not subject to a motion under Rule 12(b)(6), but it also would not be susceptible to a motion for summary judgment under Rule 56(c). Once again, the Plaintiff's own inconsistencies defeats his own Opposition and undermines his own credibility.

12. There is nothing about the Motion to Amend that would be futile. The law permits McTigue to protect his contractually granted copyright rights. The Plaintiff's own Opposition suggests that there are open questions of fact that must be determined by a jury.

13. Finally, even if this Court denied the Motion to Amend, which it has no basis to do, McTigue will simply refile the Counterclaim in a separate matter, such that denying the motion would be futile.

14. McTigue has been seriously harmed by Freedenfeld's bad faith, fraud, conversion and breach of contract. Based upon statutory damages, McTigue is likely to receive a judgment in excess of $7,000,000, which likely explains why Freedenfeld is now fighting like a cornered rat. McTigue has a legal and factual basis for his Complaint. It should be evident that the Plaintiff has engaged in constant and repetitive conduct to deceive this Court in terms of both fact and law.

15. The Motion to Amend must be ALLOWED.

        Respectfully Submitted,

        Michael McTigue

        By his attorney,

        s/Robert N. Meltzer_____
        Robert N. Meltzer, BBO #564745
        P.O. Box 1459
        Framingham, MA 01701
        Phone: (508) 872-7116

Dated: August 11, 2006

CERTIFICATE OF SERVICE

  I, Robert N. Meltzer, do hereby certify that on this day I have served the foregoing by providing a copy of the same by first class mail, postage prepaid, to:

Barry S. Scheer, Esq.
Parker Scheer, LLP
One Constitution Center
Boston, MA 02129

Stephen D. Rosenberg, Esq.
The McCormack Firm
One International Place
Seventh Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D.City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109

                s/Robert N. Meltzer_____

August 11, 2006