IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WARREN FREEDENFELD ASSOCIATES ) | |
| INC., as successor to WARREN ) | |
| FREEDENFELD & ASSOCIATES, INC. ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO:05-11573-RGS |
| ) | |
| MICHAEL P. MCTIGUE, D.V.M., ) | |
| Individually and as Trustee of the ) | |
| MCTIGUE FAMILY TRUST, NANCY ) | |
| A. MCTIGUE, as Trustee of the MCTIGUE ) | |
| FAMILY TRUST, BRIAN C. HURLEY, ) | |
| D.V.M., GARDNER ANIMAL CARE ) | |
| CENTER, LLC d/b/a GARDNER ANIMAL ) | |
| HOSPITAL, EDWARD D. CORMIER ) | |
| ASSOCIATES, INC. and BENNETT ) | |
| BUILDING CORPORATION ) | |
| ) | |
|     Defendants ) | |

COUNTERCLAIM OF DEFENDANT, MICHAEL P. MCTIGUE

1. Plaintiff in Counterclaim, Michael P. McTigue, DVM ("McTigue"), is a Massachusetts resident with an address located at 2 Squire Road, Ashburnham, MA 01430.

2. Defendant in Counterclaim, Warren Freedenfeld Associates, Inc., successor in interest to Warren Freedenfeld & Associates, Inc. (collectively, "Freedenfeld") is a Massachusetts corporation with an address located at 39 Church Street, Boston, MA 02460.

3. In March of 1998, McTigue engaged Freedenfeld to perform architectural services in connection with the design of a new veterinary facility for the Gardner Animal Hospital. ("the Project")

4. McTigue and Freedenfeld worked jointly on the design process, with McTigue providing numerous ideas for the Hospital and Freedenfeld, working as a scribe, reducing the ideas of the collaboration to a unified set of plans for the Project. ("the Work").

5. McTigue and Freedenfeld terminated their relationship on or about September 2, 1999 by signing a document entitled Termination and Mutual Release Agreement Between Gardner Animal Hospital and Warren Freedenfeld & Associates, Inc.

6. In this document, Warren Freedenfeld acknowledged that the Work was jointly authored, placing his initials over language which read "GAH agrees not use any of the work solely produced by WFA…" Thus, Freedenfeld acknowledged that the Work contained contributions that were not solely that of WFA.

7. Subsequent to acknowledging McTigue's joint authorship of the Work, Freedenfeld filed a Certificate of Registration with the United States Copyright Office.

8. Although the standard form for registration contains a location for identification of joint authors, Freedenfeld did not identify McTigue as his joint author, and instead identified himself of the Work.

9. Since this registration took place, Freedenfeld has continued to claim sole authorship, and has apparently palmed the Work off as his own, incorporating McTigue's expressions into unrelated plans and otherwise converting the Work entirely to Freedenfeld's benefit.

10. In addition, upon information and belief, Freedenfeld has sued other veterinarians throughout the United States in cases similar to the lawsuit brought in this Court,

alleging infringement on work that likely belonged to McTigue, and which McTigue would gladly have licensed to other veterinarians within the United States.

11. Upon information and belief, Freedenfeld has extorted substantial sums in jury verdicts or arbitration awards from veterinarians across the United States in matters which Freedenfeld lacked actual authority to commence.

12. Freedenfeld has refused to produce documents demonstrating the use of the Work in other projects, and has refused to produce documents demonstrating that Freedenfeld has, for the past seven years, been palming off the Work as solely his work.

13. Freedenfeld, through counsel, has resorted to attempted extortion to conceal the evidence of his duplicity, fraud and infringement.

14. Upon information and belief, Freedenfeld has infringed on McTigue's rights to the copyrighted work on more than 50 occasions, a number that cannot be confirmed until Freedenfeld is compelled to open his files or until plans are otherwise secured.

15. In the meantime, Freedenfeld has acknowledged that he is not the sole author of the Work in the underlying lawsuit, and the records of the copyright office do demonstrate, without doubt, that Freedenfeld unlawfully excluded his joint author and has otherwise deprived McTigue of his rights under the laws of copyrights.

COUNT I
COPYRIGHT INFRINGMENT
17. U.S.C. §501

16. The Plaintiff in Counterclaim restates paragraphs 1-15 as if specifically stated herein.

17. Defendant in Counterclaim, Freedenfeld directed, controlled and executed a scheme to receive, reverse-engineer and otherwise copy, sell and distribute the Plaintiff in Counterclaim's Work, and to otherwise deny the Plaintiff in Counterclaim his rights to joint authorship, his rights to license and control the Work and to otherwise share in the benefits of the Work.

18. The facts alleged herein constitute a knowing and willful and malicious infringement on the copyright rights of the Plaintiff in Counterclaim in violation of 17 U.S.C. §501.

19. As a result of this conduct, the Plaintiff in Counterclaim has been harmed.

## COUNT II
## UNFAIR PRACTICES IN INTERSTATE COMMERCE
## VIOLATIONS OF 15 U.S.C. §45

20. The Plaintiff in Counterclaim restates paragraphs 1-19 as if specifically stated herein.

21. The Defendant in Counterclaim knowingly and maliciously infringed on the copyright of the Work by the act of expropriating the Work, incorporating the Work in to its own product, blending the Work with its own Work, palming-off the Work as its own Work and introducing the Work, falsely designated as to source, in to interstate commerce.

22. The facts alleged herein constitute a knowing and willful and malicious infringement on the rights of the Plaintiff in Counterclaim in interstate commerce in violation of 15 U.S.C. §45.

23. As a result of the willful and malicious unfair competition in interstate commerce, the Plaintiff in Counterclaim has been harmed.

## COUNT III
## COMMON LAW CONVERSION

24. The Plaintiff in Counterclaim restates paragraphs 1-24 as if specifically stated herein.

25. The Defendant in Counterclaim, while admitted that the Work was not solely his own, expropriated and converted the Work for his own benefit to the detriment of the Plaintiff in Counterclaim, and to the detriment of others to whom the Plaintiff in Counterclaim would gladly have licensed the Work.

26. Both through resale and litigation against third parties, the Defendant in Counterclaim has asserted rights to the Work that the Defendant in Counterclaim knew were not justified and not lawful.

27. As a result of this conversion, the Plaintiff in Counterclaim was harmed.

COUNT IV
STATUTORY UNFAIR AND DECEPTIVE TRADE PRACTICES
G.L. 93A

28. The Plaintiff in Counterclaim restates paragraphs 1-28 as if specifically stated herein.

29. The Defendant in Counterclaim stole and infringed upon the Plaintiff in Counterclaim's rights to the Work, derived benefit from the Work, infringed upon the contingent rights of third-parties to the Work, converted the Work and filed a knowing and frivolous lawsuit against the Plaintiff in Counterclaim in a further unfair and deceptive attempt to gain benefit to which the Defendant in Counterclaim was not entitled.

30. The Defendant in Counterclaim further instructed his counsel to issues unlawful threats to Plaintiff in Counterclaim's counsel in order to thwart discovery of his unlawful acts, and otherwise attempted to interfere in lawful and constitutionally protected rights to

ascertain the nature and extent of harm caused, with the obvious and transparent effort to gain an advantage in this lawsuit.

31. At the time that Freedenfeld engaged in this conduct, it was employed in trade and commerce

32. Freedenfeld's conduct violated and continues to violation G.L. c. 93A.

33. Freedenfeld has harmed the Plaintiff in Counterclaim.

WHEREFORE, McTigue respectfully requests the following relief:

1. That this Court find that Freedenfeld violated McTigue's rights to his Work under 17 U.S.C. §501.

2. That Freedenfeld be preliminarily enjoined from further use of the Work in violation of 17 U.S.C. §501.

3. That after trial, Freedenfeld be permanently enjoined from further use of the Work in violation of 17 U.S.C. §501.

4. That this Court find that Freedenfeld maliciously and with intent to harm in interstate commerce did pirate, blend and palm-off the Plaintiff's work as its own in violation of 15 U.S.C. §45

5. That this Court find that Freedenfeld converted McTigue's Work and otherwise violated G.L. c. 93A;

6. That this Court award appropriate damages for the violations identified herein.

7. That this Court order Freedenfeld to pay any and all damages incurred as a result of its conduct, and this Court order Freedenfeld to identify the recipients of the blended work, to disgorge any unlawful profits derived from usurpation of the Work, to

require any materials in the possession of Freedenfeld which constitute the Work be ordered surrendered by Freedenfeld to the Court or the Plaintiff, that Freedenfeld be ordered to recover conveyed Work, that Freedenfeld be required to identify and disclose any and all prior lawsuits or arbitrations based upon the Work, that Freedenfeld by required to account for any judgments or proceeds derived from the Work, that Freedenfeld be required to disgorge these judgments or proceeds and to otherwise return the funds to their lawful owners as the result of unauthorized litigation and to take any other steps and issue and all further orders necessary to restore the status quo ante.

8. That Freedenfeld be required to pay treble damages and be ordered to pay for Petty's attorneys' fees and costs; and

9. Any further relief deemed just and appropriate by this Court.

THE PLAINTIFF IN COUNTERCLAIM DEMANDS A TRIAL BY JURY ON ALL COUNTS

Respectfully Submitted,
**Michael McTigue,**
By his attorneys,

s/Robert N. Meltzer\_\_\_\_\_
The Mountain States Law Group
Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

s/Mary C. Casey_____
Mary C. Casey, BBO #636250
Harbor Law Group
385 South Street
Shrewsbury, MA 01545
Phone: (508) 842-9244

Dated: July 17, 2006