THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WARREN FREEDENFELD ASSOCIATES, INC. )<br>as successor in interest to WARREN FREEDENFELD )<br>& ASSOCIATES, INC., )<br>　　　　　　　　　　Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL P. MCTIGUE, DVM individually and as )<br>Trustee of THE MCTIGUE FAMILY TRUST, )<br>NANCY A. MCTIGUE, as Trustee of the )<br>MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM, )<br>GARDNER ANIMAL CARE CENTER, LLC )<br>d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D. )<br>CORMIER, ASSOCIATES INC., and BENNETT )<br>BUILDING CORPORATION, )<br>　　　　　　　　　　Defendants. )<br>) | CIVIL ACTION<br>NO. 05 11573 RGS |

**ASSENTED TO MOTION OF WARREN FREEDENFELD
ASSOCIATES, INC. TO MODIFY SCHEDULING ORDER**

Pursuant to Local Rule 16.1(G) the plaintiff and defendant-in-counterclaim Warren Freedenfeld Associates, Inc. ("Freedenfeld") with the assent of the other parties, moves that the Court modify the scheduling order deadlines as follows:

    1. All interrogatories and requests for production of documents shall be served on or before November 1, 2006;

    2. All depositions and any other discovery shall be completed by January 31, 2007; and

    3. Motions for summary judgment shall be filed no later than March 1, 2007 with oppositions due 14 days after the motion is filed, unless enlarged by the Court.

## BACKGROUND

1. In August 2005, Freedenfeld served the complaint in this action upon the defendants.

2. On October 17, 2005, the defendants filed motions to dismiss the Complaint.

3. On February 9, 2006, the Court heard the motions to dismiss and issued a ruling which dismissed the Complaint in part.

4. On March 3, 2006, the Court entered a Discovery Order which set the following deadlines:[1]

> 1. All interrogatories and requests for production of documents shall be served on or before April 1, 2006;
>
> 2. All depositions and any other discovery shall be completed by October 1, 2006; and
>
> 3. Motions for summary judgment shall be filed by December 1, 2006 with oppositions due 14 days thereafter, unless enlarged by the Court.

5. The parties served and responded to interrogatories and requests for production of documents within the time period called for by the current Discovery Order although the parties are not in agreement regarding the adequacy of those responses.

6. Thereafter, on August 11, 2006, the Court granted the defendant Michael McTigue ("McTigue") leave to file a counterclaim.

7. On August 31, 2006, new counsel appeared in this action to defend Freedenfeld on McTigue's counterclaim.

---

[1] The Court on May 12, 2006 allowed Freedenfeld's Motion to Extend Discovery Deadlines. That motion sought a thirty day extension from the Court's anticipated ruling on Freedenfeld's pending motion for voluntary dismissal without prejudice. As that motion was denied on May 15, 2006, the pending motion resolves any potential ambiguity regarding what extension was granted.

8. Only one deposition has been noticed.

9. On September 1, 2006, the defendant Edward D. Cormier & Associates, Inc. ("Cormier"), noticed the deposition of Freedenfeld pursuant to Rule 30(b)(6) for September 11, 2006. Cormier is willing to continue the date for the deposition beyond October 1, 2006 subject to an extension of the discovery cut off.

10. The deadline for Freedenfeld to respond to McTigue's counterclaim is September 25, 2006.

## BASIS FOR MODIFICATION OF SCHEDULING ORDER

11. Local Rule 16.1(G) permits the Court to modify scheduling orders upon a showing of good cause.

12. Since the date of the original scheduling order, McTigue has served a new counterclaim to which a response is not yet due. The issues related to that counterclaim have not yet been joined and by extension no discovery on those issues has taken place.[2]

13. As a result, for purposes of litigating the newly added counterclaim and completing any remaining discovery on the Complaint, absent a modification of the scheduling order, the parties may be required to arrange on short notice a panoply of depositions which may be in fact be unnecessary or wasteful. More importantly, the parties may be deprived of an opportunity to conduct orderly and meaningful discovery.

WHEREFORE, Warren Freedenfeld Associates, Inc., with the assent of the other parties, moves that the Court modify the scheduling order as follows:

---

[2] While the defendants believe that discovery on the only remaining count in the plaintiff's complaint could be concluded under the current schedule, barring any surprise disclosure by plaintiff during his noticed deposition of potential additional witnesses who were not identified in the plaintiff's interrogatory answers, discovery related to the counterclaim cannot properly be conducted and concluded under the current discovery schedule.

1. All interrogatories and requests for production of documents shall be served on or before November 1, 2006;

2. All depositions and any other discovery shall be completed by January 31, 2007; and

3. Motions for summary judgment shall be filed no later than March 1, 2007 with oppositions due 14 days after the motion is filed, unless enlarged by the Court.

| Assented to: | Respectfully submitted, |
|---|---|
| Defendant Edward D. Cormier & Associates, Inc. | Warren Freedenfeld Associates, Inc. As successor in Interest to Warren Freedenfeld & Associates, Inc. |
| By its attorneys, | By its attorneys, |
| /s/ Stephen D. Rosenberg<br>Stephen D. Rosenberg, BBO #558415<br>The McCormack Firm, LLC<br>One International Place, 7th Floor<br>Boston, MA 02110<br>(617) 951-2929 | /s/ Robert A. McCall<br>Michael J. Stone, BBO #482060<br>Robert A. McCall BBO #552682<br>Peabody & Arnold LLP<br>30 Rowes Wharf<br>Boston, MA 02110<br>(617) 951-2100 |
| Defendant Bennett Building Corporation | Warren Freedenfeld Associates, Inc. as successor in Interest to Warren Freedenfeld & Associates, Inc., |
| By its attorneys, | By its attorneys, |
| /s/ Michael J. Dissette<br>Robert D. City, BBO #084360<br>Michael J. Dissette, BBO #546856<br>City, Hayes & Dissette, P.C.<br>50 Congress Street<br>Boston, MA 02109<br>(617) 523-3050 | /s/ Barry S. Scheer<br>Barry S. Scheer, BBO #445100<br>Garrett J. Lee, BBO #641876<br>One Constitution Center<br>Boston, MA  02129<br>(617) 886-0500 |

Defendants Michael P. McTigue, Nancy A. McTigue, Brian C. Hurley and Gardner Animal Care Center, LLC d/b/a Gardner Animal Hospital

By their attorneys,


 /s/ Robert N. Meltzer
Robert N. Meltzer, BBO #564745
The Mountain States Law Group
P.O. Box 1459
Framingham, MA 01701
(508) 872-7116


 /s/ Mary C. Casey
Mary C. Casey, BBO #636250
Harbor Law Group
385 South Street
Shrewsbury, MA 01545
(508) 842-9244


**CERTIFICATE OF SERVICE**

 I, Robert A. McCall, attorney for the plaintiff, Warren Freedenfeld Associates, Inc. as successor in interest to Warren Freedenfeld & Associates, Inc., hereby certify that on this 11th day of September, 2006 a true copy of the foregoing was served on all counsel record by first-class mail postage pre-paid, addressed to:

| | |
|---|---|
| Robert N. Meltzer, Esquire<br>P.O. Box 1459<br>Framingham, MA 01701 | Stephen D. Rosenberg, Esquire<br>The McCormack Firm, LLC<br>One International Place<br>7th Floor<br>Boston, MA 02110 |
| F. Joseph Gentili, Esquire<br>Capobianco & Gentili, PC<br>15 West Central Street<br>Natick, MA 01760 | Robert D. City, Esquire<br>Michael J. Dissette, Esquire<br>City, Hayes & Dissette, PC<br>50 Congress Street<br>Boston, MA 02109 |

| | |
|---|---|
| Mary C. Casey, Esquire<br>Harbor Law Group<br>385 South Street<br>Shrewsbury, MA 01545 | Barry S. Scheer, Esquire<br>Garrett J. Lee, Esquire<br>Parker/Scheer, LLP<br>One Constitution Center<br>Boston, MA  02129 |

_____

Robert A. McCall

PABOS2:RMCCALL:644916_1

6