THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WARREN FREEDENFELD ASSOCIATES, INC. as successor in interest to WARREN FREEDENFELD & ASSOCIATES, INC., <br>                               Plaintiff, <br> v. <br> MICHAEL P. MCTIGUE, DVM individually and as Trustee of THE MCTIGUE FAMILY TRUST, NANCY A. MCTIGUE, as Trustee of the MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM, GARDNER ANIMAL CARE CENTER, LLC d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D. CORMIER, ASSOCIATES INC., and BENNETT BUILDING CORPORATION, <br>                               Defendants. | CIVIL ACTION <br> NO. 05 11573 RGS |

**ANSWER TO COUNTERCLAIM OF**
**<u>DEFENDANT, MICHAEL P. MCTIGUE</u>**

      The defendant-in-counterclaim, Warren Freedenfeld Associates, Inc., successor in interest to Warren Freedenfeld & Associates, Inc. ("Freedenfeld") hereby answers for specific numbered paragraphs of the Counterclaim of Defendant, Michael P. McTigue ("McTigue") as follows:

      1.      Freedenfeld admits the allegations of paragraph 1 of the Counterclaim.

      2.      Freedenfeld admits the allegations of paragraph 2 of the Counterclaim.

      3.      Freedenfeld admits that it entered into an Abbreviated Form of Agreement Between Owner and Architect ("Agreement") executed by McTigue on behalf of defendant

Gardner Animal Care Center, LLC d/b/a Gardner Animal Hospital ("Hospital") dated March 24, 1998. To the extent that McTigue alleges personal rights in the Agreement, Freedenfeld denies the allegations of paragraph 3 of the Counterclaim.

4. Freedenfeld denies the allegations of paragraph 4 of the Counterclaim.

5. Freedenfeld admits the allegations of paragraph 5 of the Counterclaim.

6. Freedenfeld denies the allegations of paragraph 6 of the Counterclaim. Freedenfeld does not deny the accuracy of the quoted language but states that the quoted language was not an acknowledgement of any contribution by or any rights of either the Hospital or McTigue to work prepared by Freedenfeld.

7. Freedenfeld denies the allegations of paragraph 7 of the Counterclaim and Freedenfeld further states that it filed a Certificate of Registration with the United States Copyright Office for work prepared by Freedenfeld.

8. Freedenfeld denies the allegations of paragraph 8 of the Counterclaim, and Freedenfeld further states that the Certificate of Registration did not require the identification of McTigue as a joint author. McTigue was not a joint author.

9. Freedenfeld denies the allegations of paragraph 9 of the Counterclaim.

10. Freedenfeld denies the allegations of paragraph 10 of the Counterclaim.

11. Freedenfeld denies the allegations of paragraph 11 of the Counterclaim.

12. Freedenfeld denies the allegations of paragraph 12 of the Counterclaim.

13. Freedenfeld denies the allegations of paragraph 13 of the Counterclaim.

14. Freedenfeld denies the allegations of paragraph 14 of the Counterclaim.

15. Freedenfeld denies the allegations of paragraph 15 of the Counterclaim.

16. Freedenfeld incorporates by reference its responses to paragraphs 1-15 as though fully stated herein.

17. Freedenfeld denies the allegations of paragraph 17 of the Counterclaim.

18. Freedenfeld denies the allegations of paragraph 18 of the Counterclaim.

19. Freedenfeld denies the allegations of paragraph 19 of the Counterclaim.

20. Freedenfeld incorporates by reference its responses to paragraphs 1-19 as though fully stated herein.

21. Freedenfeld denies the allegations of paragraph 21 of the Counterclaim.

22. Freedenfeld denies the allegations of paragraph 22 of the Counterclaim.

23. Freedenfeld denies the allegations of paragraph 23 of the Counterclaim.

24. Freedenfeld incorporates by reference its responses to paragraphs 1-23 as though fully stated herein.

25. Freedenfeld denies the allegations of paragraph 25 of the Counterclaim.

26. Freedenfeld denies the allegations of paragraph 26 of the Counterclaim.

27. Freedenfeld denies the allegations of paragraph 27of the Counterclaim.

28. Freedenfeld incorporates by reference its responses to paragraphs 1-27 as though fully stated herein.

29. Freedenfeld denies the allegations of paragraph 29 of the Counterclaim.

30. Freedenfeld denies the allegations of paragraph 30 of the Counterclaim.

31. Freedenfeld denies the allegations of paragraph 31 of the Counterclaim.

32. Freedenfeld denies the allegations of paragraph 32 of the Counterclaim.

33. Freedenfeld denies the allegations of paragraph 33 of the Counterclaim.

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

McTigue has no standing or right to pursue the causes of action set forth in the Counterclaim in his own name.

### THIRD AFFIRMATIVE DEFENSE

The Counterclaim must be dismissed for failure to join one or more indispensable parties.

### FOURTH AFFIRMATIVE DEFENSE

Any rights that McTigue or the Hospital might have had were released.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that the statute of limitations may have barred Freedenfeld's claims in the Complaint, the same statute of limitations must bar McTigue's claims.

### SIXTH AFFIRMATIVE DEFENSE

Freedenfeld had a license and/or contractual right to utilize any work prepared in connection with the Agreement.

### SEVENTH AFFIRMATIVE DEFENSE

McTigue's claims are barred by laches.

### EIGHTH AFFIRMATIVE DEFENSE

McTigue is estopped from asserting any claims.

### NINTH AFFIRMATIVE DEFENSE

McTigue and the Hospital abandoned and/or forfeited any rights that they might ever have had in the work prepared in connection with the Agreement.

### TENTH AFFIRMATIVE DEFENSE

The parties did not ever intend to create a work of joint authorship.

### ELEVENTH AFFIRMATIVE DEFENSE

McTigue's state law claims are barred or preempted in part or in whole by federal copyright law.

### TWELFTH AFFIRMATIVE DEFENSE

Neither McTigue nor the Hospital ever made any contributions to the work which would create rights of joint authorship.

### THIRTEENTH AFFIRMATIVE DEFENSE

Neither McTigue nor the Hospital could lawfully exploit the work.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any rights of authorship, joint or otherwise, were assigned solely to Freedenfeld.

### FIFTEENTH AFFIRMATIVE DEFENSE

Any recovery by McTigue is barred by his unclean hands.

### SIXTEENTH AFFIRMATIVE DEFENSE

McTigue cannot state a claim for conversion of an interest in property recognized at common law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Counterclaim does not assert any conduct subject to Chapter 93A.

### EIGHTEENTH AFFIRMATIVE DEFENSE

McTigue is not entitled to recovery under Chapter 93A as he is neither a consumer nor a person engaged in trade or commerce.

5

<u>NINETEENTH AFFIRMATIVE DEFENSE</u>

There is no private right of action for violation of 15 U.S.C. § 45.

<u>TWENTIETH AFFIRMATIVE DEFENSE</u>

Freedenfeld is entitled to a presumption of valid authorship and ownership under 17 U.S.C. § 410.

<u>TWENTY FIRST AFFIRMATIVE DEFENSE</u>

McTigue's claims are barred by the statute of frauds and/or a lack of a sufficient writing under Section 204 of the Copyright Act.

WHEREFORE, Freedenfeld requests that the Court enter a judgment.

1. dismissing the Counterclaim;

2. awarding Freedenfeld its attorneys' fees and costs; and

3. providing such other relief as the Court may deem just and appropriate.

Respectfully submitted,

Warren Freedenfeld Associates, Inc.
As successor in Interest to Warren
Freedenfeld & Associates, Inc.,
Defendant-in-Counterclaim

By its attorneys,

<u>/s/ Robert A. McCall</u>
Michael J. Stone, BBO #482060
Robert A. McCall BBO #552682
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

Dated: September 25, 2006

645019

6

## CERTIFICATE OF SERVICE

      I, Robert A. McCall, attorney for the plaintiff**,** Warren Freedenfeld Associates, Inc. as successor in interest to Warren Freedenfeld & Associates, Inc., hereby certify that on this 25th day of September 2006 a true copy of the foregoing was served on all counsel record by first-class mail postage pre-paid, addressed to:

| | |
|---|---|
| Robert N. Meltzer, Esquire<br>P.O. Box 1459<br>Framingham, MA 01701 | Stephen D. Rosenberg, Esquire<br>The McCormack Firm, LLC<br>One International Place<br>7th Floor<br>Boston, MA 02110 |
| F. Joseph Gentili, Esquire<br>Capobianco & Gentili, PC<br>15 West Central Street<br>Natick, MA 01760 | Robert D. City, Esquire<br>Michael J. Dissette, Esquire<br>City, Hayes & Dissette, PC<br>50 Congress Street<br>Boston, MA 02109 |
| Mary C. Casey, Esquire<br>Harbor Law Group<br>385 South Street<br>Shrewsbury, MA 01545 | Barry S. Scheer, Esquire<br>Garrett J. Lee, Esquire<br>Parker/Scheer, LLP<br>One Constitution Center<br>Boston, MA 02129 |

      /s/ Robert A. McCall
      Robert A. McCall