THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WARREN FREEDENFELD ASSOCIATES, INC. )<br>as successor in interest to WARREN FREEDENFELD )<br>& ASSOCIATES, INC., )<br>        Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL P. MCTIGUE, DVM individually and as )<br>Trustee of THE MCTIGUE FAMILY TRUST, )<br>NANCY A. MCTIGUE, as Trustee of the )<br>MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM, )<br>GARDNER ANIMAL CARE CENTER, LLC )<br>d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D. )<br>CORMIER, ASSOCIATES INC., and BENNETT )<br>BUILDING CORPORATION, )<br>        Defendants. )<br>) | CIVIL ACTION<br>NO. 05 11573 RGS |

**CONCISE STATEMENT OF UNDISPUTED**
**MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1**

Pursuant to Local Rule 56.1, Warren Freedenfeld Associates, Inc., a successor in interest to Warren Freedenfeld & Associates, Inc. ("Freedenfeld"), submits the following concise statement of undisputed material facts in support of its motion for summary judgment on the Counterclaim of Defendant, Michael P. McTigue ("McTigue"):

   1.  On or about March 24, 1998, Freedenfeld and McTigue, on behalf of Gardner Animal Hospital ("Hospital"), executed an American Institute of Architects ("AIA") Abbreviated Form of Agreement Between Owner and Architect ("Agreement").

<u>See</u> Affidavit of Warren Chase Freedenfeld ("Freedenfeld Affidavit") ¶ 2; Freedenfeld Affidavit, Exhibit A.

    2.    Freedenfeld was retained to perform architectural services for the design of a new veterinary facility for the Hospital ("Project"). <u>See</u> Freedenfeld Affidavit, Exhibit A.

    3.    Section 2.2.1 of the Agreement provides that:

> The Architect [Freedenfeld] shall review with the Owner [Hospital/McTigue] alternative approaches to design and construction of the Project.

<u>Id</u>.

    4.    Section 2.2.2 of the Agreement states in part that:

> [T]he Architect shall prepare, for approval by the Owner, Design Documents consisting of drawings and other documents appropriate for the Project . . .

<u>Id</u>.

    5.    Section 2.3.1 of the Agreement also states in part that:

> Based upon the approved Design Documents, the Architect shall prepare, for approval by the Owner, Construction Documents consisting of Drawings and Specifications . . .

<u>Id</u>.

    6.    Section 4.1 of the Agreement further provides that:

> The Owner shall provide full information, including a program which shall set forth the Owner's objectives, schedule, constraints, budget with reasonable contingencies, and criteria.

<u>Id</u>.

    7.    Section 6.1 states that:

> The Drawings, Specifications and other documents prepared by the Architect for this Project are instruments of the Architect's service for use solely with respect to this

>Project, and the Architect shall be deemed the author of these documents and shall retain all common law, statutory and other reserved rights, including the copyright. The Owner shall be permitted to retain copies, including reproducible copies, of the Architect's Drawings, Specifications and other documents for information and reference in connection with the Owner's use and occupancy of the Project. The Architect's Drawings, Specifications or other documents shall not be used by the Owner or others on other projects, for additions to this Project or for completion of this Project by others, unless the Architect is adjudged to be in default under this Agreement, except by agreement in writing and with appropriate compensation to the Architect.

Id.

8. Finally, Section 9.5 provides that:

>This Agreement represents the entire and integrated agreement between the Owner and Architect and supersedes all prior negotiations, representations or agreements, either written or oral. This Agreement may be amended only by written instrument signed by both Owner and Architect.

Id.

9. On or about September 2, 1999, Freedenfeld entered into a Termination and Mutual Release Agreement ("Termination") with the Hospital/McTigue. See Freedenfeld Affidavit, ¶ 6, Freedenfeld Affidavit, Exhibit C.

10. The Termination acknowledged that "the Schematic Design and partial Construction Documents for such Project has been substantially completed." Freedenfeld Affidavit, Exhibit C.

11. The Termination provided that:

>GAH [Hospital] agrees not to use any of the work solely produced by WFA [Freedenfeld]. Article 6 [quoted above] of the Owner and Architect Agreement shall remain in full force and affect.

<u>Id</u>.

12.     McTigue did not personally prepare any drawings or plans whatsoever. McTigue did not ever, at any time, provide Freedenfeld with any drawings, plans or sketches.  <u>See</u> Freedenfeld Affidavit, ¶ 5.  McTigue, however, asserts that the Plans were transcribed by Freedenfeld as a collaborative effort.[1]  <u>See</u> Counterclaim of Defendant Michael P. McTigue, ¶ 4.

13.     On or about August 11, 1999, Freedenfeld applied to the Register of Copyrights for a Certificate of Registration with the U.S. Copyright Office.  <u>See</u> Freedenfeld Affidavit, ¶ 6; Freedenfeld Affidavit, Exhibit B.  A copyright was subsequently granted to Freedenfeld.  <u>Id</u>.

           Respectfully submitted,

           Warren Freedenfeld Associates, Inc.
           As successor in Interest to Warren
           Freedenfeld & Associates, Inc.,
           Defendant-in-Counterclaim

           By its attorneys,

           /s/ Robert A. McCall
           Michael J. Stone, BBO #482060
           Robert A. McCall BBO #552682
           Peabody & Arnold LLP
           30 Rowes Wharf
           Boston, MA 02110
           (617) 951-2100

Dated:  October 3, 2006

645874

---

[1] Solely for purposes of this summary judgment motion, Freedenfeld does not challenge the notion that McTigue was a collaborator on some level, but only by providing his goals and objectives for the project.

**CERTIFICATE OF SERVICE**

    I, Robert A. McCall, attorney for the plaintiff, Warren Freedenfeld Associates, Inc. as successor in interest to Warren Freedenfeld & Associates, Inc., hereby certify that on this 3rd day of October 2006 a true copy of the foregoing was served on all counsel record by first-class mail postage pre-paid, addressed to:

| | |
|---|---|
| Robert N. Meltzer, Esquire<br>P.O. Box 1459<br>Framingham, MA 01701 | Stephen D. Rosenberg, Esquire<br>The McCormack Firm, LLC<br>One International Place<br>7th Floor<br>Boston, MA 02110 |
| F. Joseph Gentili, Esquire<br>Capobianco & Gentili, PC<br>15 West Central Street<br>Natick, MA 01760 | Robert D. City, Esquire<br>Michael J. Dissette, Esquire<br>City, Hayes & Dissette, PC<br>50 Congress Street<br>Boston, MA 02109 |
| Mary C. Casey, Esquire<br>Harbor Law Group<br>385 South Street<br>Shrewsbury, MA 01545 | Barry S. Scheer, Esquire<br>Garrett J. Lee, Esquire<br>Parker/Scheer, LLP<br>One Constitution Center<br>Boston, MA 02129 |

    /s/ Robert A. McCall
    Robert A. McCall