THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 11573 RGS

|  |  |
|---|---|
| WARREN FREEDENFELD ASSOCIATES, INC. as successor in interest to WARREN FREEDENFELD & ASSOCIATES, INC., Plaintiff, v. MICHAEL P. MCTIGUE, DVM individually and as Trustee of THE MCTIGUE FAMILY TRUST, NANCY A. MCTIGUE, as Trustee of the MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM, GARDNER ANIMAL CARE CENTER, LLC d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D. CORMIER, ASSOCIATES INC., and BENNETT BUILDING CORPORATION, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE DEFENDANT, MICHAEL MCTIGUE, TO PRODUCE THE DOCUMENTS REQUESTED IN PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND TO SUPPLEMENT ANSWERS TO THE PLAINTIFF'S FIRST SET OF INTERROGATORIES**

## I.    INTRODUCTION

In egregious violation of Fed. Rules Civ. P. 33(a), 34(a) and 26(b)(1), the

defendant Michael McTigue, DVM ("Dr. McTigue") refuses to produce any documents

in this case or provide any substantive answers whatsoever to the plaintiff's

interrogatories. The only information that the defendant has provided in this case to date

is his name, address, and occupation. This is despite the fact that the discovery requested

by the plaintiff both in form of interrogatories and document requests are reasonably

calculated to lead to the discovery of admissible evidence since they are narrowly tailored

to obtain information about claims and defenses asserted by the parties in the action.

It is particularly noteworthy that Dr. McTigue recently filed a motion to compel against the plaintiff which sought the disclosure of information to support a purported counterclaim, yet the defendant now refuses to provide any substantive discovery to the plaintiff whatsoever. Dr. McTigue's position not only violates the discovery rules but is highly hypocritical. By refusing to produce the requested discovery, Dr. McTigue is thwarting the plaintiff's discovery efforts and preparation for trial. Doubtless, the defendant is engaging in a classic stonewalling tactic which is contrary to the letter and spirit of the discovery rules which mandate full disclosure of all relevant facts prior to trial. This behavior should not be tolerated. In further support of this memorandum, the plaintiff states as follows:

## II.    RELEVANT PROCEDURAL BACKGROUND

In March of 2006, Freedenfeld served Dr. McTigue a First Request for Production of Documents and First Set of Interrogatories. The document requests and interrogatories were designed to solicit information from Dr. McTigue about the claims and defenses asserted by the parties in the case. In May of 2006, Dr. McTigue served Freedenfeld with responses to the document requests and answers to interrogatories. Other than providing his name, address, and occupation, he has essentially refused to provide any substantive discovery to the plaintiff whatsoever. See **Defendant, Michael McTigue's Response to Plaintiff's First Request for Production of Documents** and **Answers of the Defendant, Michael P. McTigue, DVM to the Plaintiff's Interrogatories,** attached hereto as **EXHIBITS A and B.** To this date, Dr. McTigue continues to refuse to produce any of the requested documents and refuses to supplement his answers to interrogatories.

2

## III.  ARGUMENT

**THE MOTION SHOULD BE ALLOWED BECAUSE THE DISOVERY SOUGHT BY THE PLAINTIFF IS DIRECTLY RELEVANT TO THE CLAIMS AND DEFENSES ASSERTED BY THE PARTIES IN THE CASE.**

**A.     Standard of Review**

Federal Rule of Civil Procedure 26(b)(1) permits litigants to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1). The discovery sought by a party need not be admissible, as long as it "appears reasonably calculated to lead to discovery of admissible evidence." Id. Relevance is construed broadly at the discovery stage of litigation. Gagne v. Ready,  104 F.R.D. 454, 456 (D. Mass. 1984). The liberal discovery permitted by the Federal Rules of Civil Procedure ensures that no relevant facts remain hidden. See Hickman v. Taylor, 329 U.S. 495, 501 (1947)(discovery allows "the parties to obtain the fullest possible knowledge of the issues and facts before trial.").  Moreover, where a party receives evasive or incomplete answers to a discovery request, they are permitted to bring a motion to compel disclosure. See Fed R. Civ. P. 37(a ). The party resisting production bears the burden of persuasion. See Fidelity and DepositCo. of Maryland v. McCulloch, 168 F.R.D. 516, 520 (E.D. Pa. 1996). A party resisting discovery "must show specifically" how the information requested "is not relevant or how each question is overly broad, burdensome or oppressive." Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982). The party resisting discovery also bears the burden of demonstrating the applicability of an evidentiary privilege, such as the

attorney-client privilege or the work-product privilege, as a bar to discovery. See Colonial Gas Co. v. Aetna Cas. & Sur.Co., 144 F.R.D. 600, 605 (D. Mass 1992); Sham v. Hyannis Heritage House Hotel, Inc., 118 F.R.D. 24, 25 (D. Mass. 1987). As discussed below, Dr. McTigue cannot demonstrate any reasonable grounds for his failure to provide the requested discovery. This is because the discovery requested by the plaintiff is reasonably calculated to lead to the discovery of admissible evidence since they are narrowly tailored to obtain information about the plaintiff's Lanham Act claim[1] and defenses asserted by the parties in the action. Each of the subject document requests and interrogatories are discussed in detail below:

## B.    DOCUMENT REQUESTS TO DR. MCTIGUE

### Request No. 2

This request seeks the production of " [a]ll documents that evidence or refer to any legal or beneficial interest held by [Dr. McTigue] in the Gardner Animal Hospital, McTigue Trust, and the property in which the project sits." The purpose of this request is to determine the exact nature of Dr. McTigue's involvement and legal interest in the entities that own the Gardner Animal Hospital and the land where the facility was constructed using Freedenfeld's plans. Both the Gardner Animal Hospital and the McTigue family trust are co-defendants in the case. The nature of the relationship

---

[1] The Lanham Act, 15 U.S.C. § 1125(a), covers a host of other deceptive practices that courts loosely term as "unfair competition." One such form of unfair competition is the false designation of origin. The act imposes liability on "[a]ny person who, or in connection with any goods or services…uses in commerce…any false designation of origin, false or misleading  description of fact, or false or misleading representation of fact, which … is likely to cause confusion, or cause mistake, or to deceive…as to the origin…of his or her goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(A). As a defense to Freedenfeld's the Lanham Act claim, Dr. McTigue has taken the position that he is a "joint author" or "co-owner" of the subject architectural plans and as such had a right to use them to complete the architectural project and authorize others, including the co-defendants to make use of the plans. Leaving aside the fact, that Dr. McTigue never created a single design or sketch or design relative to the project, he cannot object to providing information the tends to support or refute the claims or defenses asserted by himself or any of the other parties who are involved in the suit.

between co-defendants is clearly within the scope of Rule 26. Accordingly, the requested documents should be produced.

**Request No. 3**

This Request seeks the production of " [a]ll correspondence or any writing of any type or description between and among [Dr. McTigue] and any of the following entities or [persons] relative to the Project or the Property from 1997 to the present: Gardner Animal Hospital, Freedenfeld, Trustees of the McTigue Trust, Cormier, Brian C. Hurley, DVM, Bennett, McCarty Associates, Inc. and/or Daniel J. McCarty, Denis McLaughlin, III P.E., the Publishers of Veterinary Economics Magazine, the City of Gardner and any of its agencies, including but not limited to the Planning Board, Zoning Board of Appeals, and the Building Department, the U.S. Patent and Trademark Office, and any other person or entity." Not only is this request reasonably calculated to lead to the discovery of admissible evidence to support Freedenfeld's Lanham Act claim, but it is also directly relevant to the position taken by Dr. McTigue in the claim that he is a "joint author" of the architectural plans which are the subject of the dispute. Freedenfeld has a right to know whether there is any correspondence out there that supports Dr. McTigue's defenses. For example did Dr. McTigue ever indicate to any of the above persons or entities that he helped create the design? The requested documents should be produced.

**Request No. 4**

This request seeks the production of "[a]ll agreements executed by Dr. McTigue and any of the following in connection with any improvements to the Property or any of the buildings thereon, including but not limited to any new construction or renovation of any existing structure on the Property: Freedenfeld, Cormier, Bennett, McCarty

Associates, Inc. and/or Daniel J. McCarty, Denis McLaughlin, III P.E., and any other

person or entity." A primary issue in the case is the role that the above referenced

persons and entities played in making improvements to the subject property through the

unauthorized use of Freedenfeld's architectural plans. The plaintiff has a right to know

what agreements Dr. McTigue made with these persons and entities relative to the plans.

This is particularly relevant to support or refute Dr. McTigue's position that he was a

"joint author" and "co-owner" in the plans and had a right to authorize others to make use

of them to build the project. The documents should be produced.

**Request No. 5.**

This request seeks the production of [a]ll agreements to which Dr. McTigue and

any of the following are parties: Freedenfeld, Cormier, Bennett, [Gardner Animal

Hospital], McCarty Associates, Inc. and/or Daniel J. McCarty; Denis McLaughlin, III

P.E, and any other architect, engineer, or design professional retained by [Dr. McTigue]

in connection with any improvement or contemplated improvement to the Property or the

structures thereon from 1996 to the present." These documents should be produced for

the same reasons as the documents requested by Freedenfeld in Request No. 4. In

addition, the request is reasonably calculated to lead to the discovery of admissible

evidence to establish a course of dealing between Dr. McTigue and the various entities

involved in the project. This is the specific reason why the request seeks information

about agreements between the parties dating back to 1996. Indeed, in the letter authored

by Dr. McTigue which is attached to the Complaint as Exhibit B, Dr. McTigue admitted

that he had worked with Freedenfeld on a prior design project and using Dr. McTigue's

own words, was "very pleased with [Freedenfeld's designs]." The requested documents should be produced.

**Request No. 6**

This request seeks the production of "[a]ll documents identified, or requested to be identified, in any interrogatory propounded to [Dr. McTigue] by Freedenfeld." Since the interrogatories seek information that is directly relevant to the claims and defenses in the case (see below), the documents sought by the request should be produced.

**Request No. 7**

This request seeks the production of "[a]ll drawings, sketches, plans, blueprints, specifications, or copies of such documents, created by any of the following in connection with the Project or any improvements to the Property or any of the buildings thereon, including but not limited to any new construction or renovation of any existing structure on the Property or the  Project that are within [Dr.McTigue's] possession, custody or control: Freedenfeld, Cormier, Bennett, McCarty Associates, Inc. and/or Daniel J. McCarty, Denis McLaughlin, III P.E. and [a]ny other person or entity." Not only is this request reasonably calculated to obtain information to support Freedenfeld's Lanham Act claim but it is also directly relevant to the allegations made by Dr. McTigue that he is a "joint author" or co-owner of the documents described in the request.

**Request No. 8**

This request seeks the production of all agreements in which Dr. McTigue and Freedenfeld are parties that were created prior to March 24, 1998.  These documents should be produced for the same reasons as Request Nos. 4 and 5.

**Request No. 9**

This request seeks the production of "[c]opies of all plans/drawings/sketches, including revisions thereto related to any work performed by Freedenfeld for Dr. McTigue or any entity in which [Dr. McTigue was] involved that were created at anytime prior to March 24, 1998." Similar to Request No 5., this request is reasonably calculated to obtain information to establish a course of dealing between Freedenfeld and Dr. McTigue during the period prior to the plaintiff's design of the disputed plans. Dr. McTigue has not disputed that he had prior experience working with Freedenfeld. Indeed, he admitted in a letter that he wrote to the Gardner Planning Board in March of 1999 that he and Freedenfeld had "worked together on [McTigue's] renovation project in 1994." A copy of this letter is attached to Freedenfeld's Complaint as Exhibit B. The documents that are responsive to this request should be produced.

**Request No. 10**

This request seeks the production of "[a]ll policies of insurance that may furnish coverage for any claims asserted in this action." The request includes "all general liability policies, primary coverage policies, excess coverage policies, and umbrella policies." There is a Massachusetts statute that requires any insurer doing business in the Commonwealth to produce certain insurance coverage information to any party making a claim against their insured. See M.G.L. c.175 § 112C. At minimum, Dr. McTigue should be required to produce the coverage declarations pages of his policy.

**Request No. 11**

This request seeks the production of "[a]ll documents concerning any criminal charges brought against [Dr. McTigue] within the last seven years." In Massachusetts,

certain criminal records are admissible at trial for impeachment purposes. See M.G.L. c. 233 § 21. Here the plaintiff is primarily concerned with crimes involving fraud or dishonesty since one of the primary issues in the case is whether or not Dr. McTigue fraudulently palmed-off Freedenfeld's designs to third-parties in violation of the Lanham Act. The requested documents should be produced for use at trial for purposes of impeachment.

**Request No. 12**

This request seeks the production of "[a]ll documents concerning any conviction, plea of guilty, plea of nolo contendere or any admission of sufficient facts on any criminal charges brought against [Dr. McTigue]within the last seven years." These documents should be produced for the same reasons as the documents requested in Request No. 11.

**Request No. 13**

This request seeks the production of "[d]ocuments identifying, listing or referring to assets with a value of $5,000 or more which [Dr. McTigue] ha[s] owned (individually or with others) at any time since January 1, 1998 including bank accounts or investment accounts with a value of $5,000 or more and life insurance policies with a cash value of $5,000 or more." This request was crafted to obtain information about monies earned by Dr. McTigue as direct result of his violations of the Lanham Act. Accordingly these, documents should be produced.

**Request No. 14**

This request seeks the production of "[d]ocuments created since January 1, 1998 in which [Dr. McTigue] has stated or affirmed statements concerning [his] assets,

liabilities or net worth, including financial statements, statements of net worth, loan applications, and credit applications." These documents should be produced for the same reasons as the documents requested in request No. 13.

**Request No. 15**

This request seeks the production of "[d]ocuments created since January 1, 1998 in which [Dr. McTigue] has stated or affirmed statements concerning the assets, liabilities or net worth of businesses or other entities in which [he] w[as] a partner, member, shareholder, director or officer, or trustee, including financial statements, statements of net worth, loan applications, and credit applications." These documents should be produced for the same reasons as the documents requested in Request Nos. 13 and 14.

**Request No. 16**

This request seeks the production of "Federal and state income tax returns from 1998 to the present, including all schedules." These documents should be produced for the same reasons as the documents requested in Request Nos. 13 and 14.

**Request No. 17**

This request seeks the production of "[c]opies of any and all handwritten notes prepared by [Dr. McTigue] concerning the design of the Project or improvements to the Property and any of the buildings thereon." The purpose of this request is to determine whether Dr. McTigue made any notes about his discussions with Freedenfeld, the co-defendants, or anyone else about the subject project. For example, the plaintiff has a right to know if Dr. McTigue kept any notes that may contain information about his alleged design "ideas" for the project. This is important given the fact that Dr. McTigue has alleged, as a defense, that he was a joint author of the subject plans.

**Request No. 18**

This request seeks the production of "[c]opies of any and all handwritten notes prepared by [Dr. McTigue] reflecting meetings or communications between [himself] and any of the following concerning the design of the Project or improvements (actual and contemplated) to the Property: Freedenfeld; Cormier; Bennett; McCarty Associates, Inc. and/or Daniel J. McCarty; Denis McLaughlin, III P.E; the City of Gardner and any of its agencies, including but not limited to the Planning Board, Zoning Board of Appeals, and the Building Department; and any other architect, engineer, or design professional, retained by [Dr. McTigue] in connection with any improvement or contemplated improvement to the Property." Similar to request No. 17, this request is reasonably calculated to lead to the discovery of admissible evidence that either tends to support or refute Dr. McTigue's claims of joint authorship in the architectural plans. Freedenfeld is entitled to know if Dr. McTigue has any notes reflecting meetings between himself, Freedenfeld, the co-defendants in this action, and others about the subject project.

**Request No. 19**

This request seeks the production of "[a]ll documents that provide evidence of information concerning any Affirmative Defenses set forth in Dr. McTigue's Answer to the Complaint." Since Dr. McTigue has claimed, as a defense that he was a joint author of the architectural plans, he cannot withhold documents from the plaintiff which tend to either support or refute his position. Accordingly, the documents that are responsive to this request must be produced. However, if it is Dr. McTigue's position that some of these documents are protected by the attorney/client or work product privilege, he should be required to produce a privilege log. The log should identify the author of the document, the nature of the privilege, and all parties who received the document.

**Request No. 21**

This request seeks the production of "[c]opies of any and all documents relating to each person expected to be called as an expert witness at trial…" Since Dr. McTigue has already indicated through counsel that he has retained an expert in this case, he should be required to supplement his response to this request now by providing the requested documents.

### C.    INTERROGATORIES

**Interrogatory No. 1**

This interrogatory asks Dr. McTigue to simply "state [his] full name, social security number, date of birth, country of birth, [his] business address, [his] business phone number, [his] primary residential address and phone number." This interrogatory is reasonably calculated to establish the identity of the defendant in terms of his domicile and country of citizenship.   While Dr. McTigue did state his name and address, he refused to provide any additional background information. Since he is a party in the case, he cannot withhold this information.  Accordingly, the requested information should be provided.

**Interrogatory No. 2**

This interrogatory asks Dr. McTigue to "[s]tate in full detail [his] involvement in [the Gardner Animal Hospital and any other entity], including [his] role as a trustee, shareholder, director, officer, and employee, specifying the dates between which [he] served in each capacity, the hours worked, and [to] identify all documents concerning such employment or acts as a shareholder, director or officer, or trustee." The purpose of this interrogatory is to obtain additional information from Dr. McTigue about is role in the Gardner Animal Hospital and any other entity in which he exercised authority or

control. Dr. McTigue should be required to supplement his answer to this interrogatory by providing the requested information.

**Interrogatory No. 3**

This interrogatory asks Dr. McTigue to "state in detail how [he] came to be familiar with Warren Freedenfeld's work as an architect, and identify the date when [he] first met Warren Freedenfeld or anyone from his firm." The purpose of this interrogatory is to establish a baseline for the history of Dr. McTigue's relationship with Freedenfeld and familiarity with the plaintiff's designs. This information is directly relevant to the case since Dr. McTigue claims, as a defense, that he is a joint author of the subject architectural plans. The requested information should be provided.

**Interrogatory No. 4**

This interrogatory asks Dr. McTigue to "identify all persons or entities with whom [he] dealt with in connection with the Project." This interrogatory is reasonably calculated to lead to the admissibility of discoverable evidence because it merely seeks to further confirm the identities of all the persons and entities that were directly or indirectly involved in the subject project or involved in using the plans or distributing them to others without Freedenfeld's permission in violation of the Lanham Act. The requested information should be provided.

**Interrogatory No. 5**

This interrogatory asks Dr. McTigue to state whether "[he] or anyone on [his] behalf had any communication in any form, written or oral, with The Publishers of Veterinary Economics Magazine or any person acting on its behalf relating to or concerning any of the facts, events, occurrences or allegations set forth in the Complaint..." This interrogatory is reasonably calculated to solicit information to support

the Plaintiff's Lanham Act claim. It is undisputed that Dr. McTigue caused the subject

architectural plans to be published in the magazine. Although Freedenfeld was the author

of the plans, he was not given any credit for the design.  Freedenfeld has alleged that

publication of this article has affected his interstate architectural business because, among

other things, the article was distributed nationally to Freedenfeld's current and

prospective clients. Accordingly, the requested information should be provided.

**Interrogatory No. 6**

This request asks  Dr. McTigue to  state "[i]f [he] or anyone on [his] behalf had

any communication in any form, written or oral, with the U.S. Patent and Trademark

Office or any person acting on its behalf relating to or concerning any of the facts, events,

occurrences or allegations set forth in the Complaint..." Since Dr. McTigue has asserted

as a defense that he was a "joint author" of the subject architectural plans, any

communications that he had with the U.S. Patent and Trademark Office about these

alleged rights are clearly discoverable. The requested information should be provided.

**Interrogatory No. 7**

This interrogatory asks Dr. McTigue to state "[i]f [he] or anyone on [his] behalf

had any communication in any form, written or oral, with McCarty Associates, Inc.

and/or Daniel J. McCarty or any person acting on their behalf relating to or concerning

any of the facts, events, occurrences or allegations set forth in the Complaint..." It is

undisputed that McCarty Associates, Inc, and Daniel J. McCarty were consultants hired

by Dr. McTigue to work on the Project. Dr. McTigue's replacement architect, Edward D.

Cormier Associates, Inc., has already admitted in his answers to Freedenfeld's

interrogatories that Dr. McTigue told both McCarty and Cormier that they could use the

14

subject architectural plans to complete the project. Accordingly, this interrogatory is reasonably calculated to solicit information from Dr. McTigue about these communications and any other related discussions about the plans or the project. The requested information should be provided.

**Interrogatory No. 8**

This interrogatory asks Dr. McTigue to state "[i]f [he] or anyone on [his] behalf had any communication in any form, written or oral, with Denis McLaughlin, III P.E or any person acting on his behalf relating to or concerning any of the facts, events, occurrences or allegations set forth in the Complaint…" Denis McLaughlin was an engineer who was hired by Dr. McTigue to work on the project. Similar to interrogatory No. 7, the purpose of this interrogatory is to discover the substance of communications between Dr. McTigue and Mr. McLaughlin about the use and disposition of the subject architectural plans. The requested information should be provided.

**Interrogatory No. 9**

This interrogatory asks Dr. McTigue to "identify the circumstances under which the Contract [between Freedenfeld and the Gardner Animal Hospital] was terminated…" This interrogatory is reasonably calculated to lead to the discovery of evidence concerning the circumstances surrounding Dr. McTigue's decision to replace Freedenfeld as the architect on the subject project. Dr. McTigue has alleged in various pleadings in this case that he was justified in terminating Freedenfeld and using the plans that Freedenfeld created to complete the project. Accordingly, Dr. McTigue cannot now object to providing information that either supports or refutes his position.

**Interrogatory No. 10**

This interrogatory asks Dr. McTigue to "identify all communication[s] between [himself] and Freedenfeld about the ownership, use, copyright, or disposition of the any of the design documents created by Freedenfeld relative to the Project or the Property…" This interrogatory is reasonably calculated to lead to the discovery of admissible evidence about the claims and defenses asserted by the parties in the case. Any communications between Dr. McTigue about the ownership, use, and copyright in the subject design documents are directly at issue in the case. This is especially true since Dr. McTigue has plead, as a defense to the plaintiff's Lanham Act claim, that he was a "joint author" or "co-owner" of the subject design documents. Accordingly, this requested information should be provided.

**Interrogatory No. 11**

This interrogatory asks Dr. McTigue to "identify all communication[s] between [himself] and Cormier about the ownership, use, copyright, or disposition of the any of the design documents created by Freedenfeld relative to the Project or the Property…" This interrogatory is reasonably calculated to solicit information from Dr. McTigue about communications between himself and the replacement architect about the ownership, use, copyright or disposition of the plans created by Freedenfeld. These communications are directly at issue in the case. Accordingly, Dr. McTigue should be required to supplement his answer to this interrogatory by providing the requested information.

**Interrogatory No. 12**

This interrogatory asks Dr. McTigue to "identify all communication[s] between [himself] and Bennett about the ownership, use, copyright, or disposition of the any of

16

the design documents created by Freedenfeld relative to the Project or the Property…"
Similar to interrogatory No. 11, this interrogatory is reasonably calculated to lead to the
discovery of communications that Dr. McTigue had with a co-defendant about the plans
which are directly at issue in the case. The requested information should be provided.

**Interrogatory No. 13**

Interrogatory No. 13 asks Dr. McTigue to "identify all communication between
[himself] and The Publishers of Veterinary Economics Magazine about the ownership,
use, copyright, or disposition of the any of the design documents created relative to the
Project or the Property…." This information should be provided for the same reasons as
Interrogatory No 6.

**Interrogatory No. 14**

This interrogatory asks Dr. McTigue to "state whether [he] gave any of the other
defendants in this action the plans, drawings, or other design documents created by
Freedenfeld for the Project or the Property…" This interrogatory is reasonably calculated
to lead to the discovery of evidence concerning the distribution of the architectural plans
which are directly at issue in the case. Indeed, at least one co-defendant, Edward D.
Cormier Associates, Inc., has admitted in its answers to the plaintiff's interrogatories that
it received Freedenfeld's plans from Dr. McTigue. Accordingly, Dr. McTigue's
objection to this interrogatory is wholly frivolous. The requested information should be
provided.

**Interrogatory No. 15**

This interrogatory ask Dr. McTigue to "state whether [he] w[as] named or
covered under any policy of liability insurance effective on the date of the occurrence

alleged in the Complaint and, if so, state the name of each such company, each such policy number, the effective period and the maximum liability limits for each such policy." The information requested by this interrogatory should be provided for the same reasons as the documents requested in Document Request No.10.

**Interrogatory No. 16**

This interrogatory asks Dr. McTigue to "identify all drawings, sketches, and plans that Freedenfeld produced under the Contract that [he] had access [to]…" This interrogatory is reasonably calculated to solicit information from Dr. McTigue about the claims and defenses in the case. The level of access that Dr. McTigue had to the subject architectural plans is an important issue in the case, particularly since he alleges as a defense in this action that he was a "joint author" or "co-owner" of the subject plans. The requested information should be provided.

**Interrogatory No. 17**

This interrogatory asks Dr. McTigue to "identify all design documents that [he] or other persons acting on [his] behalf created for the Project or the Property without Freedenfeld's input or assistance and the role that each such document played in the City of Gardner's approval of the Project." This interrogatory is at the heart of the claims and defenses asserted by the parties of the case. Accordingly, the requested information should be provided.

**Interrogatory No. 19**

This interrogatory asks Dr. McTigue to disclose the name of his expert, the subject of his testimony, and the summary and grounds of his opinion. Since Dr.

McTigue has already indicated, through counsel, that he has retained an expert.  The

requested information should be provided.

## IV.    CONCLUSION

WHEREFORE, for all the foregoing reasons, the plaintiff's Motion to Compel

should be Allowed.

## LOCAL RULE 7.1 CERTIFICATION

I, Garrett J. Lee, Counsel for the plaintiff hereby certify that I have attempted in good
faith to narrow the issues of disagreement between the parties relative to this motion.

Respectfully submitted

WARREN FREEDENFELD
ASSOCIATES, INC. as successor in
Interest to WARREN
FREEDENFELD & ASSOCIATES,
INC.,

By its attorneys,


/s/ Garrett J. Lee_____
Barry S. Scheer, BBO # 445100
Garrett J. Lee, BBO #  641876
PARKER │ SCHEER LLP
One Constitution Center
Boston, MA  02129
(617) 886-0500
Email: bss@parkerscheer.com
         gjl@parkerscheer.com


Dated:  October 3, 2006

19

## CERTIFICATE OF SERVICE

I, Garrett J. Lee, attorney for the plaintiff, Warren Freedenfeld Associates, Inc. as successor in interest to Warren Freedenfeld & Associates, Inc., hereby certify that on this 3rd day of October, 2006 a true copy of the following was served on all counsel record:

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THE DEFENDANT, MICHAEL MCTIGUE, TO PRODUCE THE DOCUMENTS REQUESTED IN PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND TO SUPPLEMENT ANSWERS TO THE PLAINTIFF'S FIRST SET OF INTERROGATORIES**

By first-class mail postage pre-paid, addressed to:

Michael J. Stone,
Robert A. McCall
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110

Robert N. Meltzer, Esq.
P.O. Box 1459
Framingham, MA 01701

Stephen D. Rosenberg
The McCormack Firm, LLC
One International Place
7th Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D. City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109
Mary C. Casey, Esq.
Harbor Law Group
385 South Street
Shrewsbury, MA 01545

/s/ Garrett J. Lee_____
Garrett J. Lee

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 11573 RGS

|  |  |
|---|---|
| WARREN FREEDENFELD ASSOCIATES, INC.<br>as successor in interest to WARREN FREEDENFELD<br>& ASSOCIATES, INC.,<br>         Plaintiff,<br><br>v.<br><br>MICHAEL P. MCTIGUE, DVM individually and as<br>Trustee of THE MCTIGUE FAMILY TRUST,<br>NANCY A. MCTIGUE, as Trustee of the<br>MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM,<br>GARDNER ANIMAL CARE CENTER, LLC<br>d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D.<br>CORMIER, ASSOCIATES INC., and BENNETT<br>BUILDING CORPORATION,<br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT, MICHAEL MCTIGUE'S RESPONSE TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
THE DEFENDANT, MICHAEL MCTIGUE**

Now comes the defendant, Michael McTigue, and responds to the document request from the Plaintiff as follows:

**DOCUMENT REQUESTS**

**REQUEST NO. 1**

Copies of any and all documents which you intend to offer as exhibits at the trial of this matter.

RESPONSE NO. 1: The defendant has not yet determined what documents, if any, he would offer should this matter proceed to trial. The Defendant reserves the right to supplement this response in a timely manner.

## REQUEST NO. 2

All documents that evidence or refer to any legal or beneficial interest held by you in any of the following:

      a.      GAH;

      b.      The McTigue Trust; and

      c.      The Property

RESPONSE 2: The Defendant declines to respond to this request or to produce any documents, as the request fails to seek documents that are relevant to a Lanham Act claim, or which is otherwise reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26

## REQUEST NO. 3

All correspondence or any writing of any type or description between and among you and any of the following relative to the Project or the Property from 1997 to the present:

      a.      GAH;

      b.      Freedenfeld;

  c.  Trustees of the McTigue Trust;

  d.  Cormier;

  e.  Brian C. Hurley, DVM;

  f.  Bennett;

  g.  McCarty Associates, Inc. and/or Daniel J. McCarty;

  h.  Denis McLaughlin, III P.E.;

  i.  The Publishers of Veterinary Economics Magazine;

  j.  The City of Gardner and any of its agencies, including but not limited to the Planning Board, Zoning Board of Appeals, and the Building Department;

  k.  The U.S. Patent and Trademark Office; and

  l.  Any other person or entity.


RESPONSE 3: The Defendant declines to respond to this request or to produce any documents, as the request fails to seek documents that are relevant to a Lanham Act claim, or which is otherwise reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26


## REQUEST NO. 4

All agreements executed by You and any of the following in connection with any improvements to the Property or any of the buildings thereon, including but not limited to any new construction or renovation of any existing structure on the Property:

  a. Freedenfeld;

  b. Cormier;

  c. Bennett;

  d. McCarty Associates, Inc. and/or Daniel J. McCarty;

e. Denis McLaughlin, III P.E.; and

f. Any other person or entity.

RESPONSE 4: The Defendant declines to respond to this request or to produce any documents, as the request fails to seek documents that are relevant to a Lanham Act claim, or which is otherwise reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26

## REQUEST NO. 5

All agreements to which You and any of the following are parties:

a. Freedenfeld;

b. Cormier;

c. Bennett;

d. McCarty Associates, Inc. and/or Daniel J. McCarty;

e. Denis McLaughlin, III P.E; and

f. Any other architect, engineer, or design professional, retained by You in connection with any improvement or contemplated improvement to the Property or the structures thereon from 1996 to the present.

RESPONSE 5: The Defendant declines to respond to this request or to produce any documents, as the request fails to seek documents that are relevant to a Lanham Act claim, or which is otherwise reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26

4

**REQUEST NO. 6**

All documents identified, or requested to be identified, in any interrogatory propounded to You by Freedenfeld.

RESPONSE 6: The Defendant declines to respond to this request or to produce any documents, as the request fails to seek documents that are relevant to a Lanham Act claim, or which is otherwise reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26

**REQUEST NO. 7**

All drawings, sketches, plans, blueprints, specifications, or copies of such documents, created by any of the following in connection with the Project or any improvements to the Property or any of the buildings thereon, including but not limited to any new construction or renovation of any existing structure on the Property the Project that are within your possession, custody or control:

    a.  Freedenfeld;

    b.  Cormier;

    c.  Bennett;

    d.  McCarty Associates, Inc. and/or Daniel J. McCarty;

    e.  Denis McLaughlin, III P.E.; and

    f.  Any other person or entity.

RESPONSE 7: The Defendant declines to respond to this request or to produce any documents, as the request fails to seek documents that are relevant to a Lanham Act claim, or which is otherwise reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26

**REQUEST NO. 8**

All agreements in which You and Freedenfeld are parties that were created prior to March 24, 1998.

RESPONSE 8: The Defendant declines to respond to this request or to produce any documents, as the request fails to seek documents that are relevant to a Lanham Act claim, or which is otherwise reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26

**REQUEST NO. 9**

Copies of all plans/drawings/sketches, including revisions thereto related to any work performed by Freedenfeld for You or any entity in which your were involved that were created at anytime prior to March 24, 1998.

RESPONSE 9: The Defendant declines to respond to this request or to produce any documents, as the request fails to seek documents that are relevant to a Lanham Act claim, or which is otherwise reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26

**REQUEST NO. 10**

All policies of insurance that may furnish coverage for any claims asserted in this action. This request includes all general liability policies, primary coverage policies, excess coverage policies, and umbrella policies.

RESPONSE 10: The Defendant declines to respond to this request or to produce any documents, as the request fails to seek documents that are relevant to a Lanham Act claim, or which is otherwise reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26

**REQUEST NO. 11**

All documents concerning any criminal charges brought against You within the last seven years.

RESPONSE 11: The Defendant declines to respond to this request or to produce any documents, as the request fails to seek documents that are relevant to a Lanham Act claim, or which is otherwise reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26

**REQUEST NO. 12**

All documents concerning any conviction, plea of guilty, plea of nolo contendere or any admission of sufficient facts on any criminal charges brought against You within the last seven years.

RESPONSE 12: The Defendant declines to respond to this request or to produce any documents, as the request fails to seek documents that are relevant to a Lanham Act claim, or which is otherwise reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26

## **REQUEST NO. 13**

Documents identifying, listing or referring to assets with a value of $5,000 or more which You have owned (individually or with others) at any time since January 1, 1998 including bank accounts or investment accounts with a value of $5,000 or more and life insurance policies with a cash value of $5,000 or more.

RESPONSE 13: The Defendant declines to respond to this request or to produce any documents, as the request fails to seek documents that are relevant to a Lanham Act claim, or which is otherwise reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26

## **REQUEST NO. 14**

Documents created since January 1, 1998 in which You have stated or affirmed statements concerning Your assets, liabilities or net worth, including financial statements, statements of net worth, loan applications, and credit applications.

RESPONSE 14: The Defendant declines to respond to this request or to produce any documents, as the request fails to seek documents that are relevant to a Lanham Act

claim, or which is otherwise reasonably calculated to lead to the discovery of admissible

evidence as required by F.R.C.P. 26

## REQUEST NO. 15

Documents created since January 1, 1998 in which You have stated or affirmed

statements concerning the assets, liabilities or net worth of businesses or other entities in

which You were a partner, member, shareholder, director or officer, or trustee, including

financial statements, statements of net worth, loan applications, and credit applications.

RESPONSE 15: The Defendant declines to respond to this request or to produce any

documents, as the request fails to seek documents that are relevant to a Lanham Act

claim, or which is otherwise reasonably calculated to lead to the discovery of admissible

evidence as required by F.R.C.P. 26

## REQUEST NO. 16

Federal and state income tax returns from 1998 to the present, including all schedules.

RESPONSE 16: The Defendant declines to respond to this request or to produce any

documents, as the request fails to seek documents that are relevant to a Lanham Act

claim, or which is otherwise reasonably calculated to lead to the discovery of admissible

evidence as required by F.R.C.P. 26

## REQUEST NO. 17

Copies of any and all handwritten notes prepared by You concerning the design of the

Project or improvements to the Property and any of the building thereon.

RESPONSE 17: The Defendant declines to respond to this request or to produce any documents, as the request fails to seek documents that are relevant to a Lanham Act claim, or which is otherwise reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26

## **REQUEST NO. 18**

Copies of any and all handwritten notes prepared by You reflecting meetings or communications between you and any of the following concerning the design of the Project or improvements (actual and contemplated) to the Property:

   a.   Freedenfeld;

   b.   Cormier;

   c.   Bennett;

   d.   McCarty Associates, Inc. and/or Daniel J. McCarty;

   e.   Denis McLaughlin, III P.E;

   f.   The City of Gardner and any of its agencies, including but not limited to the Planning Board, Zoning Board of Appeals, and the Building Department; and

   g.   Any other architect, engineer, or design professional, retained by You in connection with any improvement or contemplated improvement to the Property

RESPONSE 18: The Defendant declines to respond to this request or to produce any documents, as the request fails to seek documents that are relevant to a Lanham Act claim, or which is otherwise reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26

**REQUEST NO. 19**

All documents that provide evidence of information concerning any Affirmative Defenses set forth in your answer to the Complaint.

RESPONSE 19: The Defendant objects to this request on the grounds that it is impermissibly vague. The Defendant further notes that all of his affirmative defenses boil down to the failure of the Plaintiff to have any basis, documentary or otherwise, which would support a claim under the Lanham Act. Consequently, the Defendant relies, in large part, on the Plaintiff's failure of burden of proof or failure to state a claim.

**REQUEST NO. 20**

Copies of any and all documents relating to each person expected to be called as a witness at the trial.

RESPONSE 20: The Defendant has not determined who he will call as a witness, if this case proceeds to trail. The Defendant reserves the right to supplement this answer in a timely manner.

**REQUEST NO. 21**

Copies of any and all documents relating to each person expected to be called as an expert witness at the trial, this should include but not be limited to:

      a.     all documents prepared by each expert witness;
      b.     all documents sent to each expert witness by plaintiffs counsel;
      c.     all documents relied upon by each expert witness;
      d.     all documents used, consulted, or reviewed by each expert witness;
      e.     all documents setting forth the compensation agreements between you and each expert witness;

    f.     all documents used, relied upon, consulted, or reviewed by each expert witness in answering expert witness interrogatories;

    g.    all documents that have been or will be shown to each expert witness prior to trial testimony;

    h.    all documents prepared by each expert witness which you intend to offer into evidence at trial;

    i.     all documents, including current curriculum vitae, used to establish each expert witness's qualifications for trial purposes.

RESPONSE NO. 21: The defendant has not yet determined what expert witness, if any, she would offer should this matter proceed to trial. The Defendant reserves the right to supplement this response in a timely manner.

Respectfully Submitted,

The Defendant,

By his attorneys,

Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

Mary C. Casey, BBO #636250
Harbor Law Group
385 South Street
Shrewsbury, MA 01545
Phone: (508) 842-9244

Dated: May 15, 2006

12

## CERTIFICATE OF SERVICE

I, Robert N. Meltzer, do hereby certify that on this day I have served the foregoing by providing a copy of the same by first class mail, postage prepaid, to:

Barry S. Scheer, Esq.
Parker Scheer, LLP
One Constitution Center
Boston, MA 02129

Stephen D. Rosenberg, Esq.
The McCormack Firm
One International Place
Seventh Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D.City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109

May 15, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 11573 RGS

|  |  |
|---|---|
| WARREN FREEDENFELD ASSOCIATES, INC. as successor in interest to WARREN FREEDENFELD & ASSOCIATES, INC., Plaintiff, v. MICHAEL P. MCTIGUE, DVM individually and as Trustee of THE MCTIGUE FAMILY TRUST, NANCY A. MCTIGUE, as Trustee of the MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM, GARDNER ANIMAL CARE CENTER, LLC d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D. CORMIER, ASSOCIATES INC., and BENNETT BUILDING CORPORATION, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## ANSWERS OF THE DEFENDANT, MICHAEL P. MCTIGUE, DVM TO THE PLAINTIFF'S INTERROGATORIES

Now comes the defendant, Michael P. McTigue, DVM, ("the Answering Defendant") and answers the Plaintiff's interrogatories as follows:

## INTERROGATORY NO. 1

Please state your full name, social security number, date of birth, country of birth, your

business address, your business phone number, your primary residential address and

phone number.

Answer 1:Brian C. Hurley, Manager, Gardner Animal Care Center, LLC, 73 Eaton Street, Gardner. I am a veterinarian for Gardner Animal Care Center, LLC. The remaining questions have no relevance to this lawsuit.

## INTERROGATORY NO. 2

State in full detail your involvement in any of the following entities, including your role as a trustee, shareholder, director, officer, and employee, specifying the dates between which you served in each capacity, the hours worked, and identify all documents concerning such employment or acts as a shareholder, director or officer, or trustee:

     a.     GAH;

     b.     Any other entity.

Answer 2: As a matter of public record, I am a manager of Gardner Animal Care Center, LLC. The remaining questions have no any relevance to this lawsuit.

## INTERROGATORY NO. 3

Please state in detail how you came to be familiar with Warren Freedenfeld's work as an architect, and identify the date when you first met Warren Freedenfeld or anyone from his firm.

Answer 3: Objection. The Answering Defendant objects on the grounds that this question is vague, unclear and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26.

## INTERROGATORY NO. 4

Please identify all persons or entities with whom you dealt with in connection with the Project.

Answer 4: Objection. The Answering Defendant objects on the grounds that this question is vague, unclear and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26.


## INTERROGATORY NO. 5

If you or anyone on your behalf had any communication in any form, written or oral, with The Publishers of Veterinary Economics Magazine or any person acting on its behalf relating to or concerning any of the facts, events, occurrences or allegations set forth in the Complaint, please state:

- a.    the specific date and time (if applicable) of each such communication;

- b.    the manner in which each such communication was made on each of the dates listed in your answer to subpart a. of this interrogatory, i.e., whether by telephone, letter, face-to-face conversation, etc.;

- c.    the name and address of all persons who engaged or in any way participated in each such communication listed in your answer to subpart a. of this interrogatory; and

- d.    in full and complete detail of the entire contents of each such communication made on each of the dates listed in your answer to subpart a. of this interrogatory, indicating what was said or communicated by each of the persons listed in your answer to subpart c.

If any of these communications were in written form, you may respond by attaching a copy of such communications to your answers to these interrogatories.

Answer 5: Objection. The Answering Defendant objects on the grounds that this question is vague, unclear and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26.


## INTERROGATORY NO. 6

If you or anyone on your behalf had any communication in any form, written or oral, with the U.S. Patent and Trademark Office or any person acting on its behalf relating to or

concerning any of the facts, events, occurrences or allegations set forth in the Complaint,

please state:

      a.    the specific date and time (if applicable) of each such communication;

      b.    the manner in which each such communication was made on each of the dates listed in your answer to subpart a. of this interrogatory, i.e., whether by telephone, letter, face-to-face conversation, etc.;

      c.    the name and address of all persons who engaged or in any way participated in each such communication listed in your answer to subpart a. of this interrogatory; and

      d.    in full and complete detail of the entire contents of each such communication made on each of the dates listed in your answer to subpart a. of this interrogatory, indicating what was said or communicated by each of the persons listed in your answer to subpart c.

If any of these communications were in written form, you may respond by attaching a

copy of such communications to your answers to these interrogatories.

Answer 6: Objection. The Answering Defendant objects on the grounds that this question is vague, unclear and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26.

## **INTERROGATORY NO. 7**

If you or anyone on your behalf had any communication in any form, written or oral, with

McCarty Associates, Inc. and/or Daniel J. McCarty or any person acting on their behalf

relating to or concerning any of the facts, events, occurrences or allegations set forth in

the Complaint, please state:

      a.    the specific date and time (if applicable) of each such communication;

      b.    the manner in which each such communication was made on each of the dates listed in your answer to subpart a. of this interrogatory, i.e., whether by telephone, letter, face-to-face conversation, etc.;

c.    the name and address of all persons who engaged or in any way participated in each such communication listed in your answer to subpart a. of this interrogatory; and

d.    in full and complete detail of the entire contents of each such communication made on each of the dates listed in your answer to subpart a. of this interrogatory, indicating what was said or communicated by each of the persons listed in your answer to subpart c.

If any of these communications were in written form, you may respond by attaching a

copy of such communications to your answers to these interrogatories.

Answer 7: Objection. The Answering Defendant objects on the grounds that this question is vague, unclear and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26.


**<u>INTERROGATORY NO. 8</u>**

If you or anyone on your behalf had any communication in any form, written or oral, with

Denis McLaughlin, III P.E or any person acting on his behalf relating to or concerning

any of the facts, events, occurrences or allegations set forth in the Complaint, please

state:

a.    the specific date and time (if applicable) of each such communication;

b.    the manner in which each such communication was made on each of the dates listed in your answer to subpart a. of this interrogatory, i.e., whether by telephone, letter, face-to-face conversation, etc.;

c.    the name and address of all persons who engaged or in any way participated in each such communication listed in your answer to subpart a. of this interrogatory; and

d.    in full and complete detail of the entire contents of each such communication made on each of the dates listed in your answer to subpart a. of this interrogatory, indicating what was said or communicated by each of the persons listed in your answer to subpart c.

If any of these communications were in written form, you may respond by attaching a

copy of such communications to your answers to these interrogatories.

Answer 8: Objection. The Answering Defendant objects on the grounds that this question is vague, unclear and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26.


**INTERROGATORY NO. 9**

Please identify the circumstances under which the Contract was terminated, and include:

     a.     your reasons for agreeing to terminate the Contract;

     b.     any outstanding balances billed by Freedenfeld under the Contract but not paid by the Hospital;

     c.     the reasons for refusing to pay Freedenfeld's invoices in total;

     d.     the name and address of all parties involved in the termination of the Contract;

     e.     the capacity in which all parties listed in subpart d. were involved; and

     f.     your understanding of Article 6 of the Contract.


Answer 9: Objection. The Answering Defendant objects on the grounds that this question is vague, unclear and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26.

**INTERROGATORY NO. 10**

Please identify all communication between you and McTigue about the ownership, use,

copyright, or disposition of the any of the design documents created by Freedenfeld

relative to the Project or the Property and identify:

     a.     the specific date and time (if applicable) of each such communication;

     b.     the manner in which each communication was make on each of the dates listed in your answer to subpart a. of this interrogatory, i.e., whether by telephone, letter, face-to-face conversation, etc.;

     c.     the name and address of all persons who engaged or in any way participated in each such communication listed in your answer to subpart a. of this interrogatory; and

6

c.   the full and complete detail of the entire contents of each such communication made on each of the dates listed in your answer to subpart a. of this interrogatory, indicating what was said or communicated by each of the persons listed in your answer to subpart c.

If any of these communications were in written form, you may respond by attaching a copy of such communication to your answers to these interrogatories.

Answer 10: Objection. The Answering Defendant objects on the grounds that this question is vague, unclear and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26.

## INTERROGATORY NO. 11

Please identify all communication between you and Cormier about the ownership, use, copyright, or disposition of the any of the design documents created by Freedenfeld relative to the Project or the Property and identify:

a.   the specific date and time (if applicable) of each such communication;

b.   the manner in which each communication was make on each of the dates listed in your answer to subpart a. of this interrogatory, i.e., whether by telephone, letter, face-to-face conversation, etc.;

c.   the name and address of all persons who engaged or in any way participated in each such communication listed in your answer to subpart a. of this interrogatory; and

d.   the full and complete detail of the entire contents of each such communication made on each of the dates listed in your answer to subpart a. of this interrogatory, indicating what was said or communicated by each of the persons listed in your answer to subpart c.

If any of these communications were in written form, you may respond by attaching a copy of such communication to your answers to these interrogatories.

Answer 11: Objection. The Answering Defendant objects on the grounds that this question is vague, unclear and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26.


## INTERROGATORY NO. 12

Please identify all communication between you and Bennett about the ownership, use, copyright, or disposition of the any of the design documents created by Freedenfeld relative to the Project or the Property and identify:

      a.  the specific date and time (if applicable) of each such communication;

      b.  the manner in which each communication was make on each of the dates listed in your answer to subpart a. of this interrogatory, i.e., whether by telephone, letter, face-to-face conversation, etc.;

      c.  the name and address of all persons who engaged or in any way participated in each such communication listed in your answer to subpart a. of this interrogatory; and

      d.  the full and complete detail of the entire contents of each such communication made on each of the dates listed in your answer to subpart a. of this interrogatory, indicating what was said or communicated by each of the persons listed in your answer to subpart c.

If any of these communications were in written form, you may respond by attaching a copy of such communication to your answers to these interrogatories.

Answer 12: Objection. The Answering Defendant objects on the grounds that this question is vague, unclear and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26.


## INTERROGATORY NO. 13

Please identify all communication between you and The Publishers of Veterinary Economics Magazine about the ownership, use, copyright, or disposition of the any of the design documents created relative to the Project or the Property and identify:

d.  the specific date and time (if applicable) of each such communication;

e.  the manner in which each communication was make on each of the dates listed in your answer to subpart a. of this interrogatory, i.e., whether by telephone, letter, face-to-face conversation, etc.;

f.  the name and address of all persons who engaged or in any way participated in each such communication listed in your answer to subpart a. of this interrogatory; and

d.  the full and complete detail of the entire contents of each such communication made on each of the dates listed in your answer to subpart a. of this interrogatory, indicating what was said or communicated by each of the persons listed in your answer to subpart c.

If any of these communications were in written form, you may respond by attaching a

copy of such communication to your answers to these interrogatories.

Answer 13: Objection. The Answering Defendant objects on the grounds that this question is vague, unclear and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26.

## INTERROGATORY NO. 14

Please state whether You gave any of the other defendants in this action the plans,

drawings, or other design documents created by Freedenfeld for the Project or the

Property and identify:

a.  the title of each document;

b.  when such document was given to each of the defendants; and

c.  whether you ever notified Freedenfeld that you were providing such documents to the defendants or other parties relative to the Project or the Property and whether such notification was in oral or written form and the dates when such notification was given.

Answer 14: Objection. The Answering Defendant objects on the grounds that this question is vague, unclear and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26.

## INTERROGATORY NO. 15

Please state whether you were named or covered under any policy of liability insurance effective on the date of the occurrence alleged in the Complaint and, if so, state the name of each such company, each such policy number, the effective period and the maximum liability limits for each such policy.

Answer 15: Objection. The Answering Defendant objects on the grounds that this question is vague, unclear and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26.

## INTERROGATORY NO. 16

Please identify all drawings, sketches, and plans that Freedenfeld produced under the Contract that you had access to and state:

- a. what the access you had to such documents;
- b. the name, address and phone number of anyone else who had access to the documents;
- c. whether such access is ongoing or has been terminated;
- d. if such access has been terminated, how the access came to be terminated; and
- e. the disposition of all documents or copies of documents identified in subpart a. that you had access to or controlled.

Answer 16: Objection. The Answering Defendant objects on the grounds that this question is vague, unclear and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence as required by F.R.C.P. 26.

**INTERROGATORY NO. 17**

Please identify all design documents that you or other persons acting on your behalf

created for the Project or the Property without Freedenfeld's input of assistance and the

role that each such document played in City of Gardner's approval of the Project.

Answer 17: Objection. The Answering Defendant objects on the grounds that this
question is vague, unclear and unduly burdensome, and not reasonably calculated to lead
to the discovery of admissible evidence as required by F.R.C.P. 26.

**INTERROGATORY NO. 18**

Please state the name and address of each person whom you expect to call as a witness at

the time of trial and include in your answer the anticipated subject matter of each such

person's testimony.

Answer 18: The Answering Defendant has not yet determined what witnesses it intends
to use, as it is unlikely this matter will proceed to trial. However, the Answering
Defendant reserves the right to supplement this answer in a timely manner

**INTERROGATORY NO. 19**

If you expect to call an expert witness(es) at trial, please state:

     a.  the name, business address and field of expertise of each such person;

     b.  the subject matter on which each expert is expected to testify;

     c.  the substance of the facts and opinions to which each expert is expected to
          testify; and

     d.  a summary of the grounds for each such opinion.

Answer 19: The Answering Defendant has not yet determined what expert it intends to
use, as it is unlikely this matter will proceed to trial. However, the Answering Defendant
reserves the right to supplement this answer in a timely manner.

Sworn under the pains and penalties of perjury this 5th day of May, 2006

11

As to Objections,
The Answering Defendant,

By his attorneys,

Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

Mary C. Casey, BBO #636250
Harbor Law Group
385 South Street
Shrewsbury, MA 01545
Phone: (508) 842-9244

Dated: May 6, 2006

CERTIFICATE OF SERVICE

I, Robert N. Meltzer, do hereby certify that on this day I have served the foregoing by providing a copy of the same by first class mail, postage prepaid, to:

Barry S. Scheer, Esq.
Parker Scheer, LLP
One Constitution Center
Boston, MA 02129

Stephen D. Rosenberg, Esq.
The McCormack Firm
One International Place
Seventh Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D.City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109

May 5, 2006