UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

.                                                                    CIVIL ACTION NO. 05 11573 RGS

)
WARREN FREEDENFELD ASSOCIATES, INC.               )
as successor in interest to WARREN FREEDENFELD     )
& ASSOCIATES, INC.,                                              )
      Plaintiff,                                                       )
)
v.                                                                         )
)
MICHAEL P. MCTIGUE, DVM individually and as       )
Trustee of THE MCTIGUE FAMILY TRUST,              )
NANCY A. MCTIGUE, as Trustee of  the               )
MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM, )
GARDNER ANIMAL CARE CENTER, LLC                 )
d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D.     )
CORMIER, ASSOCIATES INC., and BENNETT           )
BUILDING CORPORATION,                                      )
      Defendants.                                                   )
)

## OPPOSITION OF DEFENDANT MICHAEL MCTIGUE TO COMPEL PRODUCTION OF DOCUMENTS AND TO SUPPLEMENT THE FIRST SET OF INTERROGATORIES

Now come the Defendant, Michael McTigue ("McTigue") and opposes the

Motion to Compel the Defendant Michael McTigue to Produce the Documents Requested

in Plaintiff's First Request for Production of Documents and to Supplement Answers to

the Plaintiff's First Set of Interrogatories on the grounds that the discovery requests were

utterly irrelevant under F.R.C.P. 26, and that the requests that were reasonably calculated

to lead to the discovery of admissible evidence were properly responded to under the rules.[1]

As further grounds for this Opposition, McTigue further notes as follows:

I. NATURE AND STATUS OF PROCEEDINGS

The Plaintiff filed this suit on or about July 27, 2005 alleging that the Defendants in this lawsuit infringed on protected copyright rights. The Plaintiff also raised allegations of violations of the Lanham Act which are clearly ancillary to the copyright claims.

On or about February 9, 2006, this Court dismissed the copyright claims, leaving the sole Lanham Act claim to be adjudicated.

The Plaintiff subsequently served substantial discovery requests on McTigue, all of which relate to the copyright claims which had been dismissed.

As of this date, the Plaintiff has utterly failed to identify any basis for a claim under the Lanham Act. Thus, since the Plaintiff has failed to identify any claim under the Lanham Act, and because McTigue is not subject to claims under the Lanham Act, it is axiomatic that the Plaintiff cannot state any relevant discovery under Rule 26. Nonetheless, and as the Plaintiff admits in his own papers, McTigue did answer the relevant questions. ("the defendant has provided in this case to date his name, address and occupation")

---

[1] The Court should also note that the discovery requests sent to McTigue by the Plaintiff were entirely relevant to the copyright claims, which were dismissed on February 9, 2006. Thus, the Plaintiff, in willfully continuing discovery as to the copyright claim, is in contempt of the Court's Order of that date. McTigue is filing a separate motion for sanctions and costs, and a Complaint for Contempt.

The Court should note that the Plaintiff, in his motion, has failed to identify a claim under the Lanham Act. Thus, his claim that the discovery requests are relevant to that Act are specious. First he must state his claim; then he must state how the request is relevant to that claim. Because the Plaintiff has failed that prong, the Motion to Compel must be DENIED.

Further, the Plaintiff now attempts to link the discovery requests to the counterclaim that was filed after the discovery was served. The Court should note that the Plaintiff is not represented by common counsel with regard to the Complaint and the Counterclaim, that counsel in the Counterclaim has filed a Motion for Summary Judgment stating there is no need for further discovery, and otherwise attempting to make ex post facto claims relate back to discovery requests that could not be tailored to claims that did not exist when discovery was served. Thus, on this ground as well, the Motion to Compel must be DENIED.

II.     RELEVANT FACTS

For the purposes of this opposition, the only relevant facts are as follows:

1. The Court dismissed the copyright claims
2. The original claim sought remedies under the Lanham Act, without specifying any conduct separate from copyright violations.
3. The Plaintiff has never been able to state any independent claim under the Lanham Act; in perusing the Motion to Compel, the Court will note that the Plaintiff makes no effort to explain his cause of action under the Lanham Act. In fact, the Plaintiff repeatedly states that a request "is reasonably calculated to the

3

discovery of admissible evidence to support Freedenfeld's Lanham Act claim…" but never explains what "Freedenfeld's Lanham Act claim…" *is*. What exactly is the claim?

4. McTigue is not liable under the Lanham Act to the Plaintiff as a matter of law.

5. Notwithstanding the Court's explicit Order of February 9, 2006 dismissing the copyright claims, the discovery served on McTigue sought discovery under the dismissed copyright claims.

6. McTigue, as admitted by the Plaintiff, answered discovery that was relevant to the Lanham Act claim.

III. ARGUMENT

A. THE MOTION TO COMPEL MUST BE DENIED, ON THE GROUNDS THAT THE PLAINTIFF CAN MAKE NO CLAIM UNDER THE LANHAM ACT, AND, THEREFOR, THE DISCOVERY REQUESTS ARE NOT RELEVANT TO A CLAIM THAT IS NOT SUBJECT TO PROOF

F.R.C.P. 26, identifying the limits of discovery, are quite liberal. The rule states that: "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party….Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

In order for discovery to be relevant, it has to relate to a burden of proof that can be met. The difficulty in the case at bar is that the Plaintiff can make no claim under the Lanham Act.

McTigue directs the Court to <u>Nevyas v. Morgan</u>, 309 F.Supp.2d 673 (2004), which outlines the operative case law under the Lanham Act. <u>Nevyas</u> involved a case in

4

which a disgruntled patient posted information about a physician on a web page. The physician sued the patient under Section 43 of the Lanham Act, 15 U.S.C. § 1125. In dismissing the lawsuit, the Court noted that the doctor had failed the threshold test for bringing a claim under the Lanham Act.[2]

In dismissing the case, the Court wrote that a party seeking relief under the Lanham Act must first address the issue as to "whether the plaintiff…fall[s] within the class of aggrieved parties whose rights Congress sought to protect in enacting the…Lanham Act…" Nevyas, 309 F.Supp.2d at 678. The Court then noted that "the Lanham Act is primarily intended to protect commercial interests and provides a private remedy to a commercial plaintiff who meets the burden of proving that its commercial interests have been harmed by a competitor's false advertising." Nevyas, 309 F.Supp.2d at 678

The Court concluded that "although the statute does not define the phrase 'commercial advertising or promotion', most courts require that the contested representations consist of: (1) commercial speech (2) made by a defendant who is commercial competition with plaintiff (3) for the purpose of influencing consumers to buy defendant's goods or services, and (4) that is sufficiently disseminated to the relevant purchasing public to constitute advertising or promotion within the industry…" Nevyas, 309 F.Supp.2d at 680.

Thus, in Nevyas, a doctor, as a matter of law, could not bring a claim against a patient under the Lanham Act, and the case was dismissed.

---

[2] In Nevyas, it is not disputed that the patient posted disparaging information about the physician's commercial practice. In the case at bar, Freedenfeld cannot even identify an act that would give rise to liability even if he could make the threshold showing identified in Nevyas

The case at bar presents a similar situation. Even leaving aside the issue of any act by McTigue, Freedenfeld would be required to prove at trial that McTigue was a commercial competitor as an architect, that McTigue engaged in conduct to influence consumers to buy McTigue's architectural services as opposed to Freedenfeld's architectural product and that the advertising, if false, was widely disseminated to the public who consumes the services within the common industry.

Freedenfeld admits on the first page of his motion that "the only information that the defendant has provided in this case to date is his name, address *and occupation*."[3](emphasis added). The information provided under the pains and penalties of perjury is that McTigue is a veterinarian, not an architect. He is not engaged in architectural work. He is not a commercial competitor of Freedenfeld. He is not attempting to influence consumers to buy his services as opposed to Freedenfeld, because they are not commercial competitors. In short, Freedenfeld, like Nevyas, cannot make any showing of conduct that under any circumstances would support a case at trial.

It goes without saying that a case that is not subject to proof under any circumstances will never have any evidence that is admissible at that trial. Thus, under F.R.C.P. 26, no discovery, other than discovery seeking commercial competition, will lead to the discovery of admissible evidence.

By Freedenfeld's own admission, McTigue has complied with that request.

The rest of the requests consist are irrelevant, clearly designed to harass and intimidate McTigue and are, otherwise, in violation of the Court's Order of February 9, 2006. Freedenfeld is inquiring as to dismissed counts. Discovery as to McTigue's

---

[3] The Court should note that all of Freedenfeld's Lanham Act claims against all of the defendants are equally bogus.

6

finances, the construction of the animal hospital, communication with third-parties, insurance policies, criminal history, tax records etc. are grossly irrelevant to the remaining claim.

The Plaintiff cannot express how his discovery is relevant to his cause of action because he has been utterly incapable of even defining his cause of action. Thus, the Motion to Compel is baseless, and must be DENIED.

B. THE PLAINTIFF'S SECOND CLAIM, THAT THE DISCOVERY IS RELEVANT TO THE COUNTERCLAIM, IS ALSO WITHOUT MERIT

In a curious twist, Freedenfeld is now attempting to seeking to compel production of discovery on claims that weren't even made at the time the discovery was tendered.

Freedenfeld now argues that, somehow, discovery requests made prior to the filing of the Counterclaim are covered by a claim of relevance to the Counterclaim.

In fact, Freedenfeld is not even represented by the same counsel in the Counterclaim as in his underlying Complaint, which raises doubts that this attorney may even have standing bring such a motion. In addition, counterclaim counsel has filed a Motion for Summary Judgment, suggesting that no discovery is even necessary.[4] Thus, Freedenfeld cannot even claim that the discovery is necessary to the counterclaim, without undermining his own Motion for Summary Judgment.

In any event, the discovery cannot be narrowly tailored to a claim made after the discovery was served, as ex post facto discovery is not permitted. If Counterclaim

---

[4] The Motion for Summary Judgment lacks any merit. Clearly, there are questions of fact to be adjudicated as to contract interpretation. The Court should consider that Freedenfeld served two massive motions, this Motion to Compel (which is frivolous) and a Motion for Summary Judgment (also frivolous) on the same day, in a clear attempt to overwhelm McTigue and the Court with a tsunami of junk that reeks of ambush litigation. McTigue will be seeking costs of responding to both motions.

counsel wishes to serve discovery on McTigue after the Motion for Summary Judgment is denied, that is his right to do so. In the meantime, the Court must discount any attempts to conduct discovery as to the counterclaim in this format as being contradictory and impermissible.

The Motion to Compel must be DENIED.

## IV. CONCLUSION

WHEREFORE, as Freedenfeld cannot state a claim under the Lanham Act, and whereas McTigue has answered discovery relevant to the Lanham Act in general, and whereas Freedenfeld has provided the Court no justification for an order compelling discovery, the Motion to Compel must be DENIED.

                              Respectfully Submitted,

                              The Moving Defendants,

                              By their attorneys,

                              s/Robert N. Meltzer_____
                              Robert N. Meltzer, BBO #564745
                              P.O. Box 1459
                              Framingham, MA 01701
                              Phone: (508) 872-7116

Dated: October 10, 2006

CERTIFICATE OF SERVICE

      I, Robert N. Meltzer, do hereby certify that on this day I have served the foregoing by providing a copy of the same by first class mail, postage prepaid, to:

Barry S. Scheer, Esq.
Parker Scheer, LLP
One Constitution Center
Boston, MA 02129

Stephen D. Rosenberg, Esq.
The McCormack Firm
One International Place
Seventh Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D.City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109

Robert A. McCall, Esq.
Peabody & Arnold, LLP
30 Rowes Wharf
Boston, MA 02110

                                                            s/Robert N. Meltzer_____

October 10, 2006

Case 1:05-cv-11573-RGS	Document 65	Filed 10/09/2006	Page 10 of 10