UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

.                                                              CIVIL ACTION NO. 05 11573 RGS

|   |   |
|---|---|
| WARREN FREEDENFELD ASSOCIATES, INC. as successor in interest to WARREN FREEDENFELD & ASSOCIATES, INC., Plaintiff, v. MICHAEL P. MCTIGUE, DVM individually and as Trustee of THE MCTIGUE FAMILY TRUST, NANCY A. MCTIGUE, as Trustee of the MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM, GARDNER ANIMAL CARE CENTER, LLC d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D. CORMIER, ASSOCIATES INC., and BENNETT BUILDING CORPORATION, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**MOTION OF DEFENDANTS MICHAEL MCTIGUE, NANCY A. MCTIGUE, AS TRUSTEE OF THE MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM AND GARDNER ANIMAL CARE CENTER, LLC D/B/A/ GARDNER ANIMAL HOSPITAL FOR SUMMARY JUDGMENT PURSUANT TO F.R.C.P. 56(c)**

Now come the Defendants Michael P. McTigue, Nancy A. McTigue, Brian C. Hurley and Gardner Animal Care Center, LLC d/b/a Gardner Animal Hospital ("the Moving Defendants") and for summary judgment as to the Plaintiff's lawsuit in its entirety pursuant to F.R.C.P. 56(c).

As further grounds for this motion, the Moving Defendants state as follows:

I. NATURE AND STATUS OF PROCEEDINGS

The Plaintiff filed this suit on or about July 27, 2005 alleging that the Defendants in this lawsuit infringed on protected copyright rights. The Plaintiff also raised allegations of violations of the Lanham Act which are clearly identical to the copyright claims.

On or about February 9, 2006, this Court dismissed the copyright claims, leaving the sole Lanham Act claim to be adjudicated.

As of this date, the Plaintiff has utterly failed to identify any basis for a claim under the Lanham Act, and could not, under any circumstances or after any discovery, provide a shred of admissible evidence that could possibly result in judgment in favor of the Plaintiff.

Even in a light most favorable to the Plaintiff, the claim must fail in its entirety based upon an impossibility of proof. Thus, the Motion for Summary Judgment must be DENIED.

II. UNDISPUTED FACTS

1. The Plaintiff is in the business of providing architectural services. Complaint, ¶ 1
2. Defendant, Michael McTigue, is a veterinarian employed by the Gardner Animal Care Center, LLC. Interrogatory Answers of Michael McTigue, #1
3. Defendant, Brian Hurley, is a veterinarian employed by the Gardner Animal Care Center, LLC. Interrogatory Answers of Brian Hurley #1
4. Defendant, Nancy McTigue, is a trustee of a real estate trust. Interrogatory Answers of Nancy McTigue, #1

5. Defendant, Gardner Animal Care Center, LLC is a veterinary hospital.

   Interrogatory Answer of Gardner Animal Care Center, LLC, #1.

III.    ARGUMENT

A.  UNDER THE RULES OF CIVIL PROCEDURE, THIS MATTER IS RIPE FOR ENTRY OF SUMMARY JUDGMENT AS A MATTER OF LAW

F.R.C.P. 56(c) states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

It has been noted that "Summary Judgment is proper if there are no genuine issues of material fact and the law otherwise warrants judgment for the moving party." Fleet National Bank v. H & D Entertainment, Inc., 96 F.3rd 532,537 (1st. Cir. 1996). In order "to succeed in a motion for summary judgment, the moving party must show that there is an absence of evidence to support the nonmoving party's position." Skinder-Strauss Associates v. Massachusetts Continuing Legal Education, Inc., 914 F.Supp. 665,669 (D.Mass 1995), citing Rogers v. Fair, 902 F.2d 140,143 (1st. Cir. 1990)

It has been held that a claim under the Lanham Act may be summarily be dismissed based upon a failure of the most crucial prong of the Lanham Act test. In Nevyas v. Morgan, 309 F.Supp.2d 673,680-81, 2004, a failure to demonstrate a commonality of competitive commercial activity between the Plaintiff and the Defendants mandates dismissal of a Lanham Act claim, even under F.R.C.P. 12(b)(6).

This is the nature of the claim now before the court. The Plaintiff and the Moving Defendants are not in the same industry, and do not engage in commercial competition. Nothing the Plaintiff can say, nothing the Moving Defendants could produce in terms of documents, no depositions and no affidavits can change the fundamental and basic flaw in this lawsuit. The Plaintiff has never identified any act by any of the Moving Defendants, or any damages caused by the Moving Defendants that would support a Lanham Act claim. Indeed, the Court should note that the Plaintiff has even failed to plead any of the requisite elements in his Complaint. This is not the kind of case guided by F.R.C.P. 56(f), since the Plaintiff has never been able to enunciate, short of platitudes and speculation, that some form of fishing expedition might someday in some bizarre way potentially could possibly provide a sliver of something that might look like evidence of a Lanham Act claim. However, no amount of discovery will transmute lead into gold.

Because the Plaintiff could never, under any circumstances, show the threshold prongs necessary to survive this motion, Motion for Summary Judgment must be ALLOWED.


B. THE MOTION FOR SUMMARY JUDGMENT MUST BE ALLOWED, ON THE GROUNDS THAT THE PLAINTIFF CAN MAKE NO CLAIM UNDER THE LANHAM ACT

The Moving Defendants direct the Court to <u>Nevyas v. Morgan</u>, 309 F.Supp.2d 673 (2004), which outlines the operative case law under the Lanham Act. <u>Nevyas</u> involved a case in which a disgruntled patient posted information about a physician on a web page. The physician sued the patient under Section 43 of the Lanham Act, 15 U.S.C.

4

§ 1125. In dismissing the lawsuit, the Court noted that the doctor had failed the threshold test for bringing a claim under the Lanham Act.[1]

In dismissing the case, the Court wrote that a party seeking relief under the Lanham Act must first address the issue as to "whether the plaintiff…fall[s] within the class of aggrieved parties whose rights Congress sought to protect in enacting the…Lanham Act…" Nevyas, 309 F.Supp.2d at 678. The Court then noted that "the Lanham Act is primarily intended to protect commercial interests and provides a private remedy to a commercial plaintiff who meets the burden of proving that its commercial interests have been harmed by a competitor's false advertising." Nevyas, 309 F.Supp.2d at 678

The Court concluded that "although the statute does not define the phrase 'commercial advertising or promotion', most courts require that the contested representations consist of: (1) commercial speech (2) made by a defendant who is commercial competition with plaintiff (3) for the purpose of influencing consumers to buy defendant's goods or services, and (4) that is sufficiently disseminated to the relevant purchasing public to constitute advertising or promotion within the industry…" Nevyas, 309 F.Supp.2d at 680.

Thus, in Nevyas, a doctor, as a matter of law, could not bring a claim against a patient who was not a commercial competitor under the Lanham Act, and the case was dismissed without the need for further discovery.

The case at bar presents a similar situation. Freedenfeld would be required to prove at trial that the Moving Defendants was a commercial competitor as an architect,

---

[1] In Nevyas, it is not disputed that the patient posted disparaging information about the physician's commercial practice. In the case at bar, Freedenfeld cannot even identify an act that would give rise to liability even if he could make the threshold showing identified in Nevyas

that the Moving Defendants engaged in conduct to influence consumers to buy the Moving Defendants' architectural services as opposed to Freedenfeld's architectural product and that the advertising, if false, was widely disseminated to the public who consumes the services within the common industry.

The information provided under the pains and penalties of perjury is that the Moving Defendants are not architects and do not provide architectural services and do not compete in commercial activity with the Plaintiff; they are not commercial competitors. In short, Freedenfeld, like Nevyas, cannot make any showing of conduct that under any circumstances would support a case at trial. Freedenfeld cannot provide a shred of admissible evidence that would support the notion that the Moving Defendants are involved in common commercial activity with the Plaintiff. No amount of discovery would change that outcome. The Plaintiff's claim is both speculative and unsupportable as a matter of law and is not subject to proof.

It goes without saying that a case that is not subject to proof under any circumstances will never have any evidence that is admissible at that trial.

This case would be subject to dismissal even under F.R.C.P. 56(c) on the pleadings themselves. Thus, the case is clearly subject to dismissal under F.R.C.P. 56(c), and the Motion for Summary Judgment should be ALLOWED.

IV.    CONCLUSION

WHEREFORE, as Freedenfeld cannot state a claim under the Lanham Act, and whereas no amount of discovery will change the fundamental fact that the Moving

6

Defendants are not involved in commercial activity, the Motion for Summary Judgment must be DENIED.

                Respectfully Submitted,
                The Moving Defendants,
                By their attorneys,

                Respectfully Submitted,

                Michael McTigue,

                By his attorneys,

                s/Robert N. Meltzer_____
                The Mountain States Law Group
                Robert N. Meltzer, BBO #564745
                P.O. Box 1459
                Framingham, MA 01701
                Phone: (508) 872-7116

                s/Mary C. Casey_____
                Mary C. Casey, BBO #636250
                Harbor Law Group
                385 South Street
                Shrewsbury, MA 01545
                Phone: (508) 842-9244

Dated: October 20, 2006

**CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(a)(2)**

      I hereby certify that, as the moving party, I initiated a meeting to confer as to the motion filed this day, and that I have made a good faith effort to reach agreement with the opposing party, and that the parties were unable to reach a resolution without court intervention.

                                                s/Robert N. Meltzer
                                                The Mountain States Law Group
                                                Robert N. Meltzer, BBO #564745
                                                P.O. Box 1459
                                                Framingham, MA 01701
                                                Phone: (508) 872-7116

Dated: October 20, 2006

CERTIFICATE OF SERVICE

      I, Robert N. Meltzer, do hereby certify that on this day I have served the foregoing by providing a copy of the same by first class mail, postage prepaid, to:

Barry S. Scheer, Esq.
Parker Scheer, LLP
One Constitution Center
Boston, MA 02129

Stephen D. Rosenberg, Esq.
The McCormack Firm
One International Place
Seventh Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D.City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109

Robert A. McCall, Esq.
Peabody & Arnold, LLP
30 Rowes Wharf
Boston, MA 02110

                                                         s/Robert N. Meltzer_____

October 20, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

.                                                                CIVIL ACTION NO. 05 11573 RGS

|   |   |
|---|---|
| WARREN FREEDENFELD ASSOCIATES, INC. as successor in interest to WARREN FREEDENFELD & ASSOCIATES, INC., <br>     Plaintiff, <br><br> v. <br><br> MICHAEL P. MCTIGUE, DVM individually and as Trustee of THE MCTIGUE FAMILY TRUST, NANCY A. MCTIGUE, as Trustee of the MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM, GARDNER ANIMAL CARE CENTER, LLC d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D. CORMIER, ASSOCIATES INC., and BENNETT BUILDING CORPORATION, <br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## CONCISE STATEMENT IN SUPPORT OF THE MOTION OF DEFENDANTS MICHAEL MCTIGUE, NANCY A. MCTIGUE, AS TRUSTEE OF THE MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM AND GARDNER ANIMAL CARE CENTER, LLC D/B/A/ GARDNER ANIMAL HOSPITAL FOR SUMMARY JUDGMENT PURSUANT TO F.R.C.P. 56(c)

Now come the Defendants Michael P. McTigue, Nancy A. McTigue, Brian C. Hurley and Gardner Animal Care Center, LLC d/b/a Gardner Animal Hospital ("the Moving Defendants") and states that the following undisputed facts are the relevant and necessary facts that support the Motion for Summary Judgment:

1. The Plaintiff is in the business of providing architectural services. Complaint, ¶ 1

2. Defendant, Michael McTigue, is a veterinarian employed by the Gardner Animal Care Center, LLC. Interrogatory Answers of Michael McTigue, #1

3. Defendant, Brian Hurley, is a veterinarian employed by the Gardner Animal Care Center, LLC. Interrogatory Answers of Brian Hurley #1

4. Defendant, Nancy McTigue, is a trustee of a real estate trust. Interrogatory Answers of Nancy McTigue, #1

5. Defendant, Gardner Animal Care Center, LLC is a veterinary hospital. Interrogatory Answer of Gardner Animal Care Center, LLC, #1.

6. None of the Moving Defendants are commercial competitors of the Plaintiff. (Interrogatory Answers cited above)

Respectfully Submitted,
The Moving Defendants,
By their attorneys,

Respectfully Submitted,

Michael McTigue,

By his attorneys,

s/Robert N. Meltzer_____
The Mountain States Law Group
Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

s/Mary C. Casey_____
Mary C. Casey, BBO #636250
Harbor Law Group
385 South Street
Shrewsbury, MA 01545
Phone: (508) 842-9244

Dated: October 20, 2006

CERTIFICATE OF SERVICE

    I, Robert N. Meltzer, do hereby certify that on this day I have served the foregoing by providing a copy of the same by first class mail, postage prepaid, to:

Barry S. Scheer, Esq.
Parker Scheer, LLP
One Constitution Center
Boston, MA 02129

Stephen D. Rosenberg, Esq.
The McCormack Firm
One International Place
Seventh Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D.City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109

Robert A. McCall, Esq.
Peabody & Arnold, LLP
30 Rowes Wharf
Boston, MA 02110

                                                s/Robert N. Meltzer_____

October 20, 2006