UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

.                                                CIVIL ACTION NO. 05 11573 RGS

_____
                                                          )
WARREN FREEDENFELD ASSOCIATES, INC.           )
as successor in interest to WARREN FREEDENFELD    )
& ASSOCIATES, INC.,                               )
                    Plaintiff,                    )
                                                  )
v.                                                )
                                                  )
MICHAEL P. MCTIGUE, DVM individually and as       )
Trustee of THE MCTIGUE FAMILY TRUST,              )
NANCY A. MCTIGUE, as Trustee of  the              )
MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM, )
GARDNER ANIMAL CARE CENTER, LLC                   )
d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D.          )
CORMIER, ASSOCIATES INC., and BENNETT             )
BUILDING CORPORATION,                             )
                    Defendants.                   )
_____)

## EMERGENCY MOTION OF MICHAEL MCTIGUE FOR STAY OF THE COURT'S OCTOBER 13, 2006 ORDER PENDING A HEARING ON HIS MOTION FOR SUMMARY JUDGMENT

Now comes the Defendant, Michael P. McTigue, and respectfully requests that this Honorable Court stay its Order of October 13, 2006 allowing the Plaintiff's Motion to Compel until after the Court addresses the Defendant's Motion for Summary Judgment, which is also being filed this day.

The Plaintiff's claim against the Defendant arises entirely out of the Lanham Act. The law is clear—the Defendant is not subject to liability under the Lanham Act.

The Court's Order of October 13, 2006 states that "the requests are broad enough to encompass the remaining Lanham Act claim." The Defendant continues to note that that

this is the problem with the requests—the requests are so overly broad and in inherently incapable of leading to the discovery of admissible evidence that the motion to compel should have been denied.  The discovery requests are so broad, and so irrelevant, as to be nothing more than a harassing fishing expedition.

The Defendant is now putting the issue squarely before the Court: has the Plaintiff enunciated a claim under the Lanham Act that would warrant the matter being put before a jury? The Motion for Summary Judgment notes that that answer to that question is an unequivocal "no." Indeed, the case law relied upon by the Defendant demonstrates that under no circumstances would any discovery, let alone the discovery subject to the October 13, 2006 Order, change the result of the Motion for Summary Judgment.

Allowance of the Motion for Summary Judgment would render the October 13, 2006 Order moot.

The Court should note that the Plaintiff will not be harmed by a stay pending a decision on the Motion for Summary Judgment, as the Defendant has virtually no records or information to be provided under the Order. However, securing copies of these documents, few as they may, will be expensive and time consuming—and utterly pointless.

WHEREAS, as the Defendant has filed a Motion for Summary Judgment which would render the Order of October 13, 2006 moot, and whereas no party would be prejudiced by a stay, this request for a stay should be ALLOWED.

Respectfully Submitted,

Michael McTigue,

By his attorneys,


s/Robert N. Meltzer_____
The Mountain States Law Group
Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116


s/Mary C. Casey_____
Mary C. Casey, BBO #636250
Harbor Law Group
385 South Street
Shrewsbury, MA 01545
Phone: (508) 842-9244


Dated: October 20, 2006

CERTIFICATION OF COMPLIANCE WITH LR 7.1(a)(2) AND LR 37.1(b)

I hereby certify pursuant to LR 26.2(c) that I have made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion. We were unable to reach agreement.

s/ Robert N. Meltzer

<u>CERTIFICATE OF SERVICE</u>

I, Robert N. Meltzer, do hereby certify that on this day I have served the foregoing by providing a copy of the same by first class mail, postage prepaid, to:

Barry S. Scheer, Esq.
Parker Scheer, LLP
One Constitution Center
Boston, MA 02129

Stephen D. Rosenberg, Esq.
The McCormack Firm
One International Place
Seventh Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D.City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109

Robert A. McCall, Esq.
Peabody & Arnold, LLP
30 Rowes Wharf
Boston, MA 02110

s/Robert N. Meltzer_____

October 20, 2006