THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 11573 RGS

| | |
|---|---|
| WARREN FREEDENFELD ASSOCIATES, INC. as successor in interest to WARREN FREEDENFELD & ASSOCIATES, INC., Plaintiff, v. MICHAEL P. MCTIGUE, DVM individually and as Trustee of THE MCTIGUE FAMILY TRUST, NANCY A. MCTIGUE, as Trustee of the MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM, GARDNER ANIMAL CARE CENTER, LLC d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D. CORMIER, ASSOCIATES INC., and BENNETT BUILDING CORPORATION, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**PLAINTIFF'S OPPOSITION TO THE EMERGENCY MOTION OF THE DEFENDANT MICHAEL MCTIGUE TO STAY COURT'S OCTOBER 13, 2006 ORDER PENDING A HEARING ON HIS MOTION FOR SUMMARY JUDGMENT**

In a last-ditch effort to delay the production of discovery that either tends to support or refute his claims and defenses in the case, the defendant, Michael McTigue ("McTigue"), has moved to stay the Court's October 13, 2006 Order compelling him to provide the documents requested in the plaintiff's First Request for Production of Documents and to supplement his answers to the plaintiff's First Set of Interrogatories. Motion to Stay should be denied because it is simply another delay tactic being employed by McTigue to prevent the plaintiff from obtaining information which may be detrimental to McTigue's position in the case.

As the Court knows, the Motion for Summary Judgment recently filed by McTigue is his second attempt to obtain a dismissal of the plaintiff's Lanham Act claim. McTigue's first attempt to dismiss the claim was heard on February 9, 2006 when the Court heard his Motion to Dismiss. Despite McTigue's counsel's best efforts, the plaintiff's Lanham Act claim was allowed to stand. The only thing that has changed from McTigue's perspective since the Court ruled on the Motion to Dismiss is that McTigue decided that he would engage in a calculated effort to thwart the plaintiff from prosecuting the Lanham Act claim by stonewalling on discovery.

Significantly, over six months after the requested discovery was served, the only information provided by McTigue to the plaintiff in this case has been his name, address, and occupation. This will simply not do. The chronology, however, does not end there. For several months now, McTigue through his counsel has threatened to file his motion for summary judgment. Despite this threat, nothing was filed until after the plaintiff was forced to expend substantial time and resources preparing the motion compel.

McTigue's motivation for filing the motion for summary judgment at this late stage in the case is obvious: he does not want to give the plaintiff any discovery because it would likely further expose the weaknesses in his defenses. Discovery produced by McTigue's replacement architect already show that McTigue palmed off the plaintiff's plans as his own architectural works and marketed them as such in a national trade magazine to the plaintiff's current and prospective clients in violation of the Lanham Act. The motion for summary judgment itself is an exercise in futility and just a ruse to delay the production of the requested discovery. At the very least, the Hospital Defendants' motion for summary judgment should be forestalled pending their production of the

requested discovery since the disclosure of such information may lead to the disclosure of previously undisclosed or undocumented facts that, if obtained, may lead to new issues of triable fact.

The prejudice to plaintiff if the stay is allowed is obvious: the case will continue to drag on without any discovery being produced. This egregious stonewalling conduct engaged in McTigue should not be tolerated any further. Enough is enough. The plaintiff requests that the Court see through McTigue's dilatory tactics and order him to comply with this Court's Order of October 13, 2006 within a specific time period. WHEREFORE, for the foregoing reasons, the Hospital Defendants' Motion for Stay should be Denied.

> Respectfully submitted
>
> WARREN FREEDENFELD ASSOCIATES, INC. as successor in Interest to WARREN FREEDENFELD & ASSOCIATES, INC.,
>
> By its attorneys,
>
> /s/ Garrett J. Lee
> Barry S. Scheer, BBO # 445100
> Garrett J. Lee, BBO # 641876
> PARKER | SCHEER LLP
> One Constitution Center
> Boston, MA  02129
> (617) 886-0500
> Email: bss@parkerscheer.com
>           gjl@parkerscheer.com

Dated: October 26, 2006

## CERTIFICATE OF SERVICE

I, Garrett J. Lee, attorney for the plaintiff, Warren Freedenfeld Associates, Inc. as successor in interest to Warren Freedenfeld & Associates, Inc., hereby certify that on this 26th day of October, 2006 a true copy of the following was served on all counsel record:

**PLAINTIFF'S OPPOSITION TO THE EMERGENCY MOTION OF THE DEFENDANT MICHAEL MCTIGUE TO STAY COURT'S OCTOBER 13, 2006 ORDER PENDING A HEARING ON HIS MOTION FOR SUMMARY JUDGMENT**

By first-class mail postage pre-paid, addressed to:

Michael J. Stone,
Robert A. McCall
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110

Robert N. Meltzer, Esq.
P.O. Box 1459
Framingham, MA 01701

Stephen D. Rosenberg
The McCormack Firm, LLC
One International Place
7th Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D. City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109
Mary C. Casey, Esq.
Harbor Law Group
385 South Street
Shrewsbury, MA 01545

/s/ Garrett J. Lee
Garrett J. Lee

4