THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 11573 RGS

|  |  |
|---|---|
| WARREN FREEDENFELD ASSOCIATES, INC. <br> as successor in interest to WARREN FREEDENFELD <br> & ASSOCIATES, INC., <br>       Plaintiff, <br><br> v. <br><br> MICHAEL P. MCTIGUE, DVM individually and as <br> Trustee of THE MCTIGUE FAMILY TRUST, <br> NANCY A. MCTIGUE, as Trustee of the <br> MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM, <br> GARDNER ANIMAL CARE CENTER, LLC <br> d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D. <br> CORMIER, ASSOCIATES INC., and BENNETT <br> BUILDING CORPORATION, <br>       Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S OPPOSITION TO THE MOTION OF THE DEFENDANTS
MICHAEL MCTIGUE, NANCY MCTIGUE AS TRUSTEE OF THE MCTIGUE
FAMILY TRUST, BRIAN HURLEY, DVM AND GARDNER ANIMAL CARE
CENTER,LLC D/B/A GARDNER ANIMAL HOSPITAL FOR SUMMARY
JUDGMENT PURSUANT TO F.R.C.P. 56(c)**

## I.    INTRODUCTION

The defendants, Michael McTigue, Nancy McTigue as Trustee of the McTigue

Family, Trust, Brian Hurley, DVM, and Gardner Animal Care Center, LLC d/b/a Gardner

Animal Hospital (collectively, the "Hospital Defendants"), have filed a motion for

summary judgment to dismiss the plaintiff's Lanham Act claim. The Hospital

Defendants' sole argument for the dismissal of the claim is that they are "not in the same

industry, and do not engage in commercial competition" with the plaintiff. To support

this weak argument the Hospital Defendant's rely on a case from the Eastern District of

Pennsylvania, <u>Nevyas v. Morgan</u>, 309 F.Supp.2d. 673 (2004)(granting a patient's Motion to Dismiss a doctor's Lanham Act claim on the grounds that defamatory remarks posted by a patient on the internet were not sufficient to satisfy prudential standing requirement of false and deceptive advertising claim).

The <u>Nevyas</u> decision is factually distinguishable from the instant action. In <u>Nevyas</u>, there was no allegation that that the defendant was palming off any of the physician's services as his own; rather the issue before the Court was whether the Lanham Act was intended to confer standing upon plaintiffs such as [a doctor] who suffer injury by virtue of a non-competitor's [i.e. a consumer's] alleged defamatory remarks transmitted via an internet website." As the Court is aware, what we have here is quite different. The defendants in this action, palmed off the plaintiff's plans as their own architectural works and marketed them as such in a national trade magazine to the plaintiff's current and prospective clients in violation of the Lanham Act.

In any event, there is no language in the Lanham Act to suggest that the right of a plaintiff to bring suit under the statute is limited to a situation where the parties are direct competitors. The Hospital Defendants have failed to cite a single case in the First Circuit to support this argument. Indeed, Courts in other federal jurisdictions have ruled that plaintiffs had standing to bring suit under the Lanham Act, even though they did not commercially compete with the alleged violator of the statute. <u>See</u> Cases cited below.

Regardless of the fact that there is no requirement that the plaintiff and defendant be direct competitors for the plaintiff to have standing to maintain a suit under the Section 1125(a) of the Lanham Act, the Hospital Defendants' argument is completely undermined by the pleadings filed in this case by their ring leader and agent, Michael

McTigue. As the Court knows, McTigue has taken the position in this case both in the form of a counterclaim and in several other pleadings, that he was the "joint author" of the subject architectural plans and as such had the right to sell, license, or authorize third parties to make use of the architectural plans. This is tantamount to practicing architecture and no doubt, certainly reeks of direct competition. The hypocrisy here is self evident. Accordingly, the Hospital Defendants' Motion for Summary Judgment should be denied. In further support of this opposition, the plaintiff states as follows:

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ.P. 56 (b). A genuine issue of fact exists when "a reasonable jury could return a verdict for the nonmoving party," and facts are material to the outcome if the substantive law renders them so. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-252 (1986). The moving party bears the burden of demonstrating that no genuine issue exists as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). If the moving party carries its burden, the party opposing summary judgment "may not rest upon mere allegations or denials," but must rather "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56 (e). The Court must draw all ambiguities and inferences in favor of the nonmoving party. See Anderson, 477 U.S. at 255.

### III.    ARGUMENT

**A.    THE MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE THERE IS NO REQUIREMENT THAT THE PLAINTIFF AND DEFENDANT BE DIRECT COMPETITORS FOR THE PLAINTIFF TO MAINTAIN A SUIT UNDER SECTION 1125(a) OF THE LANHAM ACT.**

The Lanham Act, 15 U.S.C. § 1125(a), covers copyright infringement as well as a host of other deceptive practices that courts loosely term as "unfair competition." One such form of unfair competition is the false designation of origin. The act imposes liability on "[a]ny person who, or in connection with any goods or services…uses in commerce…any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which … is likely to cause confusion, or cause mistake, or to deceive…as to the origin…of his or her goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(A).

The use of the terms "any person" in subsection (a)(1) of the Lanham Act is quite broad. There is no language in the statute to suggest that right of a plaintiff to bring suit under this section against an alleged violator is solely limited to a situation where the parties are direct competitors in the same industry.

The Hospital Defendants take a contrary position in their motion for summary judgment. In support of their position, the Hospital Defendants rely on case from the Eastern District of Pennsylvania in which a physician's Lanham Act claim was dismissed against a former patient. The case cited by the Hospital Defendants is Nevyas v. Morgan, 309 F.Supp.2d. 673 (2004). In Nevyas, a physician brought suit against a former patient stemming from disparaging remarks posted by the patient on an internet website,

4

"www.lasicksucks4u.com," which allegedly "intentionally and maliciously defamed the physician." 309 F.Supp. at 676. The issue for the Court was "whether the Lanham Act was intended to confer standing upon plaintiffs such as [a doctors] who suffer injury by virtue of a non-competitor's alleged defamatory remarks transmitted via an internet website." The facts in <u>Nevyas</u> are clearly distinguishable for the present action. In that case there was no allegation that the patient was palming off any of the physician's services as his own; rather <u>Nevyas</u> is simply a defamation case. What we have here is quite different. In this case, The plaintiff alleges that the Hospital Defendants by their actions falsely designated and falsely misrepresented the origin of the architectural plans that the plaintiff created for the project by among other things, removing the plaintiff's logos, and palming the plans off to third parties as their own designs, including but not limited to causing the plans to be published in an national trade publication, *Veterinary Economics*, without the plaintiff's knowledge or permission. <u>See</u> Complaint as paragraphs 1- 67 and Plaintiff's Answers to Interrogatories propounded by the defendant Edward D. Cormier Associates, Inc. The Plaintiff's Interrogatory Answers are attached hereto as **<u>Ex. A</u>**.

The emphasis in an action under 15 U.S.C. § 1125(a) is on the confusion of the public (i.e. the false designation), not the whether the plaintiff and the alleged violator compete in the same industry. For example, in <u>Cowboy Cheerleader, Inc. v. Cinema, Ltd.</u>, 467 F.Supp 366, 374 (1979) <u>affd</u>, 604 F2d. 200 (2nd Cir. 1979), the Second Circuit affirmed the decision of the Southern District Court of New York which held that "[t]here is no requirement that the defendant's service or product be in direct competition with, or be of the same type as, the product or service of the plaintiff. The owner of a service

mark or trademark basically has the right, as far as commercial exploitation is concerned, to have that mark associated with his services and goods, rather than with the services or goods of another person. This is true whether or not the party who misappropriates the mark deals in competing or non-competing services or goods." Cowboy Cheerleader, Inc., 467 F.Supp. at 374, citing, Professional Golfers Ass'n of America v. Bankers Life & Cas. Co., 514 F.2d 665, 669 (5th Cir. 1975)(stating that "[t]his court has repeatedly held that direct competition is not the sine qua non of trademark infringement; rather the gist of the action lies in the likelihood of confusion to the public.").

A similar result was reached in American Auto Assoc v. AAA Ins. Agency Inc., 618 F Supp. 787 (WD Tex 1985), where the court held that the plaintiff, a national organization which offered various services to automobile owners, had standing to bring suit under Section 1125(a) of the Lanham to seek to prohibit an insurance company's use of a name similar to the organization's, claiming that the use was a false designation of origin or a false description or representation. See also, Logan Farms v. HBH Inc. DE, 282 F.Supp. 2d 776, 797 (S.D. Ohio 2003)(where owner of patent for method of spiral slicing boneless meats had reasonable interest in preventing others from falsely advertising that their meat products were "spiral sliced," and thus had standing to assert Lanham Act false advertising claims even if he was not a direct competitor of defendants).

Indeed, in the case of Thorn v. Van Reliance Co., Inc., 736 F.2d 929 (3rd. Cir. 1984), the Third Circuit held that the section of Lanham Act prohibiting false designation of origin on its face recognizes two distinct classes of persons entitled to sue: (1) competitors, those doing business in locality; and (2) non-competitors, those who believe

they are damaged by false representations. Thorn 736 F.2d at 931, citing, Lanham Trade-Mark Act, § 43(a), 15 U.S.C.A. § 1125(a). Here, the plaintiff has alleged that it has been damaged by the false representations made by the Hospital Defendants relative to the authorship and ownership of the subject architectural plans. [1]

In a case somewhat analogous to the present situation, the 9th Circuit in Smith v. Montoro, 648 F.2d 602, 607 (9th Cir.1981), held that actor had standing to sue in federal court based on film distributors' alleged violation of the Lanham Act resulting from their removal of his name from both film credits and advertising material in connection with film, despite the distributors' contention that the actor was not in competition with them and was not a member of a "purely commercial class." Smith, 648 F.2d. at 607. As previously stated, here the plaintiff has alleged that the defendants removed the plaintiff's logos from the subject plans and caused them to be published in a national trade magazine without giving the plaintiff any credit whatsoever for their creation.

No doubt, the Court has to wonder how the Hospital Defendants could have overlooked the overwhelming weight of authority that is directly inapposite to their

---

[1] In addition to the allegations made in the Complaint, the plaintiff has made it clear to the defendants in its answers to interrogatories that the damages stemming from the defendants' violations of the Lanham Act include but are not limited to the following:

> ..... (1) the value of the Architectural Work; (2) the profits earned by the defendants in connection with the unauthorized use and marketing of the Architectural Works, (3) the lost opportunity to market the 2004 Veterinary Hospital Design Competition Merit Award; (4) the lost opportunity to market the press related to the publication of the Veterinary Economics Article published in 2004; (5) the lost opportunity to market the continuing broadcast of the article on the worldwide web through the website HospitalDesign.net and in potentially other publications; (6) the value of legal fees and expenses incurred to date in prosecuting this action; (7) all other damages available to the plaintiff stemming form the defendant's violations of the Lanham Act....

See Plaintiff's Answer to Interrogatory No. 6 propounded by the Defendant, Edward D. Cormier Associates, attached hereto as Ex. A.

overreaching interpretation of the <u>Reyvas</u> decision. For the reasons stated, their Motion for Summary Judgment should be <u>denied</u>.

**B.    THE HOSPITAL DEFENDANTS' ARGUMENT IS COMPLETELY UNDERMINED BY THE POSITION TAKEN BY MICHAEL MCTIGUE IN HIS COUNTERCLAIM TO ENFORCE WHAT HE ALLEGES ARE "JOINT AUTHORSHIP" RIGHTS IN THE SUBJECT PLANS.**

Regardless of the fact, that there is no requirement that the plaintiff and defendant be direct competitors for the plaintiff to have standing to maintain a suit under the Section 1125(a) of the Lanham Act, the Hospital Defendants' argument is completely undermined by the pleadings filed in this case by their ring leader and agent, Michael McTigue. As discussed above, McTigue has taken the position in this case both in the form of a counterclaim and in several other pleadings in this case, that he was the "joint author" of the subject architectural plans and as such had the right to sell, license, or authorize third parties to make use of the architectural plans. For example, in his Motion to Amend his answer to the Complaint to add a counterclaim against the plaintiff based on a theory of "joint authorship" in the plans, McTigue states:

> [McTigue] is entitled to say how the work is used, sold, licensed or protected, and he is entitled to compensation for prior use, and to the right to license the work to his fellow veterinarians.....

<u>See</u> Motion of the Defendant, Michael McTigue to Amend His Answer Pursuant to F.R.C.P. 15(a) To Add a Counterclaim Against the Plaintiff, attached hereto as **Ex. B.**

Doubtless, the position taken by McTigue on behalf of the Hospital Defendants relative to the distribution and use of the subject plans is tantamount to practicing architecture, and certainly reeks of direct competition with plaintiff who is itself specializes in the design of veterinary hospitals. McTigue' hypocrisy is self evident. At the very least, the position taken by McTigue on behalf of the Hospital Defendants

creates a question of fact relative to whether or not the defendants are competing with the

plaintiff in the same industry. But the Court need not address this issue since, as

previously stated, there is no requirement that the plaintiff and defendant be direct

competitors for the plaintiff to have standing to maintain a suit under Section 1125(a) of

the Lanham Act. Accordingly, the Hospital Defendants' Motion for Summary Judgment

should be denied.

### IV.    **CONCLUSION**

For all the foregoing reasons, the Hospital Defendants' Motion for Summary

Judgment Motion should be <u>DENIED</u>.

Respectfully submitted

WARREN FREEDENFELD
ASSOCIATES, INC. as successor in
Interest to WARREN
FREEDENFELD & ASSOCIATES,
INC.,

By its attorneys,

/s/ Garrett J. Lee
Barry S. Scheer, BBO # 445100
Garrett J. Lee, BBO # 641876
PARKER | SCHEER LLP
One Constitution Center
Boston, MA 02129
(617) 886-0500
Email: bss@parkerscheer.com
gjl@parkerscheer.com

Dated: November 1, 2006

9

## CERTIFICATE OF SERVICE

I, Garrett J. Lee, attorney for the plaintiff, Warren Freedenfeld Associates, Inc. as successor in interest to Warren Freedenfeld & Associates, Inc., hereby certify that on this 1st day of November, 2006 a true copy of the following was served on all counsel record:

By first-class mail postage pre-paid, addressed to:

Michael J. Stone,
Robert A. McCall
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110

Robert N. Meltzer, Esq.
P.O. Box 1459
Framingham, MA 01701

Stephen D. Rosenberg
The McCormack Firm, LLC
One International Place
7th Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D. City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109
Mary C. Casey, Esq.
Harbor Law Group
385 South Street
Shrewsbury, MA 01545

                                        /s/ Garrett J. Lee
                                        Garrett J. Lee

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 11573 RGS

|  |  |
|---|---|
| WARREN FREEDENFELD ASSOCIATES, INC. as successor in interest to WARREN FREEDENFELD & ASSOCIATES, INC., Plaintiff, <br><br> v. <br><br> MICHAEL P. MCTIGUE, DVM individually and as Trustee of THE MCTIGUE FAMILY TRUST, NANCY A. MCTIGUE, as Trustee of the MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM, GARDNER ANIMAL CARE CENTER, LLC d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D. CORMIER, ASSOCIATES INC., and BENNETT BUILDING CORPORATION, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## PLAINTIFF'S ANSWERS TO THE INTERROGATORIES OF THE DEFENDANT, EDWARD D. CORMIER ASSOCIATES, INC.

Pursuant to Fed.R.Civ.P.33, plaintiff, Warren Freedenfeld Associates, Inc

("Freedenfeld"), as successor in interest to Warren Freedenfeld & Associates, Inc.

responds to the First Set of Interrogatories of the defendant, Edward D. Cormier

Associates, Inc. ("Cormier") as follows:

## GENERAL OBJECTIONS

Freedenfeld generally objects to each interrogatory to the extent that it seeks the

disclosure of information protected by the attorney/client privilege, work product

privilege, or beyond the scope of discovery permitted by Fed. R. Civ. P. 26 and 33.

Freedenfeld further objects to each interrogatory to the extent that it is overly broad,

unduly burdensome, or fails to specify with reasonable particularity the information requested. Without waiving the foregoing objections, Freedenfeld responds to the individually numbered paragraphs of the defendant's interrogatories as follows:

## INTERROGATORIES

## INTERROGATORY NO. 1:

State in detail all facts upon which you base your cause of action set forth in Count VI of the complaint, including in your answer all acts by this defendant that allegedly support liability and all acts by any other defendant that allegedly support liability.

## ANSWER NO. 1:

Freedenfeld objects to Interrogatory No. 1 on the grounds that it seeks disclosure of information protected by the attorney-client, work product privilege or other applicable privilege. Freedenfeld further objects to this interrogatory on the grounds that it calls for a legal conclusion. However, without waiving the foregoing objections, Freedenfeld incorporates by reference the allegations contained in paragraphs 1-67 of the Complaint. Further answering, my firm is a national architecture firm with clients across the country. Bennett and the other defendants misrepresented the origin of the Architectural Works which my firm solely created for the project and the distinctive elements of the works by among other actions, wrongfully passing them off to the world as their own work without my firm's knowledge or permission and without giving my firm any credit or compensation whatsoever for their use. The defendant's wrongful actions were calculated to confuse and deceive the national public about the true authorship and origin of the Architectural Works. Significantly, among other actions, as a vehicle for promoting the defendant's misrepresentation of the nature, distinctive characteristics and origin of the

2

Architectural Works, Cormier, with the assistance of the other defendants, caused the

Architectural Works or elements thereof to be published in *Veterinary Economics*

*Magazine*, a national and international business and management publication serving

more than 50,000 subscribers in the United States and Canada. Moreover, it recently

came to my attention that the article is continuing to be broadcast over the worldwide

web through the web site HospitalDesign.net.  Freedenfeld reserves the right to

supplement its answer to this interrogatory as more information becomes available during

the course of discovery.

## INTERROGATORY NO. 2:

Explain in detail how this defendant violated 15 U.S.C. § 1125(a), as alleged in paragraph

66 of the complaint, including in your answer all of the actions, omissions or other

conduct of this defendant that violate the provisions of 15 U.S.C. § 1125(a) as alleged in

paragraph 66 of the complaint.

## ANSWER NO. 2:

Freedenfeld objects to Interrogatory No. 2 on the grounds that it seeks disclosure of

information protected by the attorney-client, work product privilege, or other applicable

privilege. Freedenfeld further objects to this interrogatory on the grounds that it calls for

a legal conclusion.  However, without waiving the foregoing objections, please see my

answer to interrogatory No. 1. Freedenfeld reserves the right to supplement its answer to

this interrogatory as more information becomes available during the course of discovery.

3

## INTERROGATORY NO. 3:

If you allege in Count VI that this defendant violated 15 U.S.C. § 1125(a), please state whether you claim that this defendant violated subsection 1 of that paragraph, subsection 2, or both.

a.        If you allege in that count that this defendant violated subsection 1, please identify the exact acts, omissions or other conduct by this defendant that violated that subsection.

b.        If you allege in that count that this defendant violated subsection 2, please identify the exact acts, omissions or other conduct by this defendant that violated that subsection.

## ANSWER NO. 3:

Freedenfeld objects to Interrogatory No. 3 on the grounds that it seeks disclosure of information protected by the attorney-client, work product privilege, or other applicable privilege. Freedenfeld further objects to this interrogatory on the grounds that it calls for a legal conclusion. However, without waiving the foregoing objections, please see my answer to interrogatory No. 1. Freedenfeld reserves the right to supplement its answer to this interrogatory as more information becomes available during the course of discovery.

## INTERROGATORY NO. 4:

Please specifically identify and describe any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact that you allege was used by this defendant and that you claim supports liability under Count VI of the complaint. Furthermore:

a.      For any such uses identified in this answer, please state whether it was used in commerce for purpose of 15 U.S.C. § 1125(a) and, if so, exactly how and when.

b.      Please specifically identify and describe in detail all incidences of such uses by this defendant, including where and when made, where published, and any other manner in which you claim it was used in any commercial transaction.

c.      Please identify and describe in detail all incidents of confusion, mistake or deception in violation of 15 U.S.C. § 1125(a)(1) caused by any such uses identified above.

d.      Please identify in detail all incidents of such uses in any commercial advertising or promotion that misrepresented the nature, characteristics, qualities, or origin of any goods, services, or commercial activities.

**ANSWER NO. 4:**

Freedenfeld objects to Interrogatory No. 4 on the grounds that it seeks disclosure of information protected by the attorney-client, work product privilege, or other applicable privilege. Freedenfeld further objects to this interrogatory on the grounds that it calls for a legal conclusion. However, without waiving the foregoing objections, please see my answer to interrogatory No. 1 and the documents made available for inspection and copying in connection with Freedenfeld's responses to the defendants' document requests in this action. Freedenfeld reserves the right to supplement its answer to this interrogatory as more information becomes available during the course of discovery.

**INTERROGATORY NO. 5:**

Please identify in detail all goods, services or commercial activities that were allegedly produced, manufactured, developed, designed by or otherwise attributable to you and that you allege are protected by 15 U.S.C. § 1125(a) and/or that you claim are at issue under Count VI of the complaint and/or that you claim support liability of this defendant under that statute, as alleged in Count VI of the complaint.

**ANSWER NO. 5:**

The plaintiff refers the defendant to the documents made available for inspection and copying in connection with Freedenfeld's responses to the defendants' document requests in this action.

**INTERROGATORY NO. 6:**

Please describe in detail all damages you claim to be entitled to recover from this defendant for the acts and causes of action alleged in Count VI of the complaint, including a detailed description of the bases for the claimed damages.

**ANSWER NO. 6:**

Freedenfeld objects to this request on the grounds that it is overly broad and unduly burdensome and not reasonably calculated to the discovery of admissible evidence. Further, it calls for expert testimony. However, without waiving the foregoing objections, Freedenfeld states that the plaintiff has not yet made a final determination relative to the damages that it has sustained as a result of the defendant's wrongful conduct. This is because the defendants continue to violate the Lanham Act. Significantly, it recently came to my attention that the November 2004 *Veterinary Economics Magazine* article is still being broadcast over the worldwide web through the website HospitalDesign.net.

6

However, the damages caused by the defendant's conduct include but are not limited to:
(1) the value of the Architectural Work; (2) the profits earned by the defendants in connection with the unauthorized use and marketing of the Architectural Works, (3) the lost opportunity to market the 2004 Veterinary Hospital Design Competition Merit Award; (4) the lost opportunity to market the press related to the publication of the Veterinary Economics Article published in 2004; (5) the lost opportunity to market the continuing broadcast of the article on the worldwide web through the website HospitalDesign.net and in potentially other publications; (6) the value of legal fees and expenses incurred to date in prosecuting this action; (7) all other damages available to the plaintiff stemming form the defendant's violations of the Lanham Act. Freedenfeld reserves the right to supplement its answer to this interrogatory as more information becomes available during the course of discovery.

**INTERROGATORY NO. 7:**

Please state the value of the drawings referenced in your complaint at Paragraph 67, and describe the basis and/or method employed in calculating that value.

**ANSWER NO. 7:**

Freedenfeld objects to this interrogatory on the grounds that it calls for an expert opinion. The plaintiff reserves the right to supplement its response to this interrogatory after an appropriate expert is retained and as more information becomes available during the course of discovery.

7

**INTERROGATORY NO. 8:**

Please identify by category and value the profits earned by this defendant to which you claim to be entitled as referenced in the complaint at paragraph 67, and describe the basis and/or method employed in calculating the value of each category of profits.

**ANSWER NO. 8:**

See Answer To Interrogatory No. 7.

**INTERROGATORY NO. 9:**

Please specifically identify and describe in detail each any every drawing referenced in paragraph 67 of the complaint, or attach copies of each one to your answers to these interrogatories.

**ANSWER NO. 9:**

Freedenfeld objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. However, without waiving the foregoing objections, the plaintiff refers the defendant to the documents made available for inspection and copying in connection with the plaintiff's responses to the defendants' document requests in this action.

**INTERROGATORY NO. 10:**

With regard to any architectural or other drawings or renderings, or any other goods, services or activities of yours that you claim were either protected by 15 U.S.C. § 1125(a) or support liability of this defendant under that statute, please identify each and for each one, state whether you claim:

a.        That it originated with you and if not, from whom;

b.        That the origin of it was falsely designated, stated or described in any manner by this defendant;

8

c.        That any such false designation, statement or description of its origin was likely to cause confusion among consumers;

d.        That any such false designation, statement or description of its origin did in fact cause confusion among consumers;

e.        That any such false designation, statement or description of its origin caused harm to you

## ANSWER NO. 10:

Freedenfeld further objects to this interrogatory on the grounds that it calls for a legal conclusion and/or expert testimony. However, without waiving the foregoing objections, please see my answer to interrogatory Nos. 1, 5, and 6.

## INTERROGATORY NO. 11:

If your answer to any or all of parts a through e of interrogatory 10 above was yes, please:

a.        Set forth in detail the basis for each such positive assertion;

b.        Describe in detail all evidence on which you rely for each such positive assertion;

c.        Describe in detail, or attach copies to your answer to this interrogatory, all documents on which you rely for each such positive assertion.

## ANSWER NO. 11:

Please see answers to interrogatory Nos. 1, 5, 6, and 10 and the documents made available for inspection and copying in connection with the plaintiff's responses to the defendants' document requests in this action

9

## INTERROGATORY NO. 12:

Please identify, including name, residential address, residential phone number, cell phone number, employer, place of employment, employer phone number and social security number all individuals who have knowledge of any acts by any defendants in this case on which you base your claim that this or any other defendant is liable for the acts, reasons or causes of action set forth in Count VI of the complaint.

## ANSWER NO. 12:

Freedenfeld objects to this interrogatory on the grounds that it is unduly broad and overly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. However, without waiving the foregoing objections, I believe that the following persons or entities would have knowledge of the claims and facts alleged in Count VI of the Complaint:

Myself;
1. Daniel J. McCarty, Planning Consultant, McCarty Associates, Inc.;
2. Denis McLaughlin, III, PE;
3. Each of the defendants and their employees or representatives;
4. Subcontractors who worked on the Gardner Animal Hospital Project;
5. *Veterinary Economic Magazine* subscribers;
6. All persons and entities identified in the November 2004 *Veterinary Economics Magazine* article entitled "Giving an Old House a Cutting –Edge Extension";
7. The visitors of the website HospitalDesign.net;
8. The U.S. Patent and Trademark Office;
9. The City of Gardner and its subdivisions, officials, employees or representatives;
10. Clients of the Gardner Animal Hospital; and
11. All persons and entities identified or referenced in the documents that plaintiff has made available for inspection and copying in connection with this action.

Freedenfeld reserves the right to supplement its answer to this interrogatory as more information becomes available during the course of discovery.

**INTERROGATORY NO. 13:**

For each individual identified in your response to interrogatory number 13 [sic] above, please describe in detail the information attributable to, known to, or believed by you to be known to, that individual that relates to the claims, liabilities, statutory violations and/or causes of action alleged in Count VI of the complaint.

**ANSWER NO. 13:**

Freedenfeld objects to this interrogatory on the grounds that it is unduly broad and overly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. However, without waiving the foregoing objections, the plaintiff refers the defendant to the documents made available for inspection and copying in connection with the plaintiff's responses to the defendants' document requests in this action.

**INTERROGATORY NO. 14:**

Please describe in detail how and to what extent any acts of this defendant on which you base the claim made in Count VI of the complaint had an impact on you in any state other than Massachusetts, and identify all evidence of which you are aware showing such an impact.

**ANSWER NO. 14:**

Freedenfeld objects to this interrogatory on the grounds that it is overly broad and unduly burdensome and not reasonably calculated to the discovery of admissible evidence. Further, it calls for a legal conclusion and/or expert testimony. However, without waiving the foregoing objections, please see my answers to interrogatory Nos. 1 and 6 and the documents produced in response to the defendants' document requests. Freedenfeld

11

reserves the right to supplement this answer as more information becomes available during the course of discovery and prior to trial.

**INTERROGATORY NO. 15:**

Please identify by name, occupation, professional title and present address each person expected to be called as an expert witness at the trial of this matter, and for each expert state:

a.    The subject matter on which each expert is expected to testify;

b.    The substance of the facts to which each expert is expected to testify;

c.    The substance of the opinions to which each expert is expected to testify; and

d.    A summary of the grounds for each such opinion.

**ANSWER NO. 15:**

Freedenfeld has not yet decided whom it will call as an expert witness at trial.

Freedenfeld reserves the right to supplement this answer prior to trial

**INTERROGATORY NO. 16:**

Please fully identify, including name, residential address, residential phone number, cell phone number, employer, place of employment, employer phone number and social security number, the individual who prepared these interrogatory answers.

**ANSWER NO. 16:**

The plaintiff objects to this request on the grounds that it seeks information at its irrelevant to the subject matter of the action, is an invasion of privacy, and is not reasonably calculated to lead to the discovery of admissible evidence. However, without waiving the foregoing objections, the plaintiff responds as follows:

12

Warren Freedenfeld
Rauhaus Freedenfeld & Associates
97 Broadway, Boston, MA 02116

**INTERROGATORY NO. 17:**

Please fully identify, including name, residential address, residential phone number, cell phone number, employer, place of employment, employer phone number and social security number, all individuals who assisted in preparing these answers, including for them as well a description of their role in preparing these answers and the particular interrogatories that such person assisted in answering.

**ANSWER NO. 17:**

My attorneys assisted in the preparation of these answers to interrogatories.

**INTERROGATORY NO. 18:**

Please identify by name, address, and telephone number all persons whom you plan to call as a witness at trial, and describe the information known to them that concerns the allegations and/or causes of action described in Count VI of your complaint.

**ANSWER NO. 18:**

Freedenfeld has not yet decided whom it will call as a witness at trial. Freedenfeld reserves the right to supplement this answer prior to trial.

**INTERROGATORY NO. 19:**

With regard to the termination and mutual release agreement described and discussed in paragraph 24 of the complaint, please describe its purpose, who drafted it, how it came to be drafted, the agreement between the parties to it that it memorializes and the negotiations (including the individuals involved) resulting in that agreement, your

13

understating of its meaning, and the process that led to the addition to that agreement of the handwritten insert to paragraph 3 of the word "solely."

**ANSWER NO. 19:**

Freedenfeld objects to this interrogatory on the grounds that it calls for a legal conclusion.

**INTERROGATORY NO. 20:**

Please describe in detail your basis for stating in paragraph 25 of the complaint that, for purposes of the termination and mutual release agreement discussed in paragraph 24 of the complaint,"[t]he architectural work furnished to the hospital was solely produced by Freedenfeld."

**ANSWER NO. 20:**

Please See answer to interrogatory No. 1.

**INTERROGATORY NO. 21:**

If not previously identified in a response to preceding interrogatory, please identify all additional evidence of which you are aware on which you base your claim(s) set forth in Count VI of the complaint.

**ANSWER NO. 21:**

Please see my answer to interrogatory Nos. 1 and the documents made available for inspection and copying in connection with Freedenfeld's responses to the defendants' document requests in this action. Freedenfeld reserves the right to supplement its answer to this interrogatory as more information becomes available during the course of discovery and prior to trial.

Signed under the penalties of perjury this ___ day of May 2006

. Warren Freedenfeld

As to objections:

Barry S. Scheer
BBO No.: 445100
Garrett J. Lee
BBO No.: 641876
PARKER | SCHEER, LLP
One Constitution Center
Boston, MA 02129
(617) 886-0500

<u>CERTIFICATE OF SERVICE</u>

I, Garrett J. Lee, attorney for the plaintiff, Warren Freedenfeld Associates, Inc. as successor in interest to Warren Freedenfeld & Associates, Inc., hereby certify that on this 25th day of May, 2006 a true copy of the following was served on all counsel record:

**PLAINTIFF'S ANSWERS TO THE INTERROGATORIES OF THE DEFENDANT, EDWARD D. CORMIER ASSOCIATES, INC.**

By first-class mail postage pre-paid, addressed to:

Robert N. Meltzer, Esq.
P.O. Box 1459
Framingham, MA 01701

Stephen D. Rosenberg
The McCormack Firm, LLC
One International Place
7th Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D. City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109

Mary C. Casey, Esq.
Harbor Law Group
385 South Street
Shrewsbury, MA 01545

Garrett J. Lee

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 11573 RGS

|  |  |
|---|---|
| WARREN FREEDENFELD ASSOCIATES, INC. as successor in interest to WARREN FREEDENFELD & ASSOCIATES, INC., Plaintiff, | ) ) ) ) ) ) |
| v. | ) ) |
| MICHAEL P. MCTIGUE, DVM individually and as Trustee of THE MCTIGUE FAMILY TRUST, NANCY A. MCTIGUE, as Trustee of the MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM, GARDNER ANIMAL CARE CENTER, LLC d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D. CORMIER, ASSOCIATES INC., and BENNETT BUILDING CORPORATION, Defendants. | ) ) ) ) ) ) ) ) ) ) ) |

**MOTION OF DEFENDANT, MICHAEL MCTIGUE TO AMEND HIS ANSWER
PURSUANT TO F.R.C.P. 15(a) TO ADD A COUNTERCLAIM AGAINST THE
PLAINTIFF**

Now comes the Defendant, Michael McTigue ("the Moving Defendant") and

requests leave pursuant to F.R.C.P. 15(a) to amend his Answer to the Complaint to add a

counterclaim against the Plaintiff. The proposed counterclaim is attached hereto

As further grounds for this motion, the Moving Defendant notes as follows:

I.     NATURE AND STATUS OF PROCEEDINGS

The Plaintiff filed this suit on or about July 27, 2005 alleging that the Defendants in

this lawsuit infringed on protected copyright rights.  The Plaintiff also raised allegations

of violations of the Lanham Act which are clearly ancillary to the copyright claims.

On or about February 9, 2006, this Court dismissed the copyright claims, leaving

the sole Lanham Act claim to be adjudicated. Because the Lanham Act claims arise out of

the same copyright claims, and because Congress has clearly stated the exclusivity of the

copyright claims, it is anticipated that this Court will dismiss the Lanham Act claim on a

summary judgment motion which will soon be filed.

In its pleadings and attachment, the Plaintiff has admitted, with amazing and rare

candor, that the work in question was not solely the Plaintiff's work, and also that the

Plaintiff had not identified his joint author, Michael McTigue, as the joint author in the

copyright registration.

The Moving Defendant is fully entitled to his rights as the joint author of the

work, and now seeks damages arising from the Plaintiff's infringement of those rights, as

well as damages for conversion and unfair and deceptive trade practices.


II.     RELEVANT FACTS

Curiously, the Plaintiff admitted in his Complaint, and in subsequent documents,

that he has violated Defendant, Michael McTigue's copyright rights.  In the Plaintiff's

own Complaint, ¶ 24, the Plaintiff authenticated as Exhibit H a termination agreement of

September 2, 1999 in which the Plaintiff conceded as both a matter of fact and law that

the work created by the Plaintiff was not "solely" his work, but rather a joint effort by the Plaintiff and Michael McTigue of the Gardner Animal Care Center, LLC.

In the Plaintiff's own Complaint, ¶ 23, the Plaintiff states that he received a Certificate of Registration , attached as Exhibit G, in which the Plaintiff failed to identify his co-author of the Work, Michael McTigue. He then palmed-off McTigue's work as his own in interstate commerce.

Again, this information is known from the Plaintiff's own admission that McTigue was the joint author of the work.

It is expected that the evidence will show that since September 2, 1999 the Plaintiff has routinely sold the Moving Defendant's work to other veterinarians as his own work product.

The Moving Defendant has also learned that the Plaintiff, while palming-off McTigue's work as his own, has sued other architects in cases such as this, and has received judgments or awards based upon his theft of the Moving Defendant's work. Consequently, as McTigue would have gladly licensed the work to his veterinary colleagues, and as the Plaintiff had no right to bring these suits and claims, McTigue will seek disgorgement of prior awards received as a direct result of the Plaintiff's theft of the protected intellectual property.

The Moving Defendant is entitled to a say in how the work is used, sold, licensed or protected, and he is entitled to compensation for prior use, and to the right to license the work to his fellow veterinarians, and to seek to reverse unauthorized lawsuits brought to "protect" the copyright.

3

III.    ARGUMENT

A. THE MOVING DEFENDANT'S MOTION IS TIMELY AND APPROPRIATE
IN THIS MATTER, SUCH THAT LEAVE TO FILE THE COUNTERCLAIM
MUST BE GRANTED

Pursuant to F.R.C.P. 15(a), a party may amend a responsive pleading by leave of

Court and that "leave shall be freely given."

This is a lawsuit in which the Plaintiff has admitted that the work which is subject

to the copyright registration was jointly authored, and that the work was not "solely" his

own. He has also conceded that he filed a knowingly false registration of the copyright

that excluded his joint author. Apparently, the Plaintiff has engaged in a pattern and

practice of exploiting the copyright to the detriment of the joint author for seven years.

The proposed counterclaim, in effect, is a damages claim, in which only the scope

and magnitude of the infringement is in question.

The Court should note that the Moving Defendant attempted to ascertain the

scope of the violation and infringement through a document request. This Court denied

the motion to compel production of documents which would have identified the scope of

the harm. While the Moving Defendant would have preferred to bring this Counterclaim

with the information already ascertained, the Moving Defendant accepts the Court's order

that such information is more properly gained through the discovery process.

Based upon the clear admissions of wrong-doing by the Plaintiff, and a clear

admission from the Plaintiff that McTigue is a joint author, the Court would have no

basis for denying this timely motion. Indeed, judicial efficiency requires that the motion

be allowed, as the Moving Defendant could quite simply file this as a new matter in the

4

federal court in Worcester. The Moving Defendant respectfully suggests that these two
matters should proceed in one claim.


IV.    CONCLUSION

        WHEREFORE, as the underlying admissions of wrongdoing found in the
counterclaim are drawn directly from the Plaintiff's own admission, and whereas the
Plaintiff has conceded that McTigue is his joint author, and whereas it is clear on the
basis of admissions that the Plaintiff has engaged in knowingly false conduct against the
Moving Defendant in filing the registration, and whereas the statute provides for a
remedy for this conduct, justice requires that this motion to amend by ALLOWED.


                                        Respectfully Submitted,

                                        The Moving Defendant,

                                        By his attorneys,


                                        s/Robert N. Meltzer
                                        Robert N. Meltzer, BBO #564745
                                        P.O. Box 1459
                                        Framingham, MA 01701
                                        Phone: (508) 872-7116


Dated: July 24, 2006


5

## CERTIFICATE OF SERVICE

I, Robert N. Meltzer, do hereby certify that on this day I have served the foregoing by providing a copy of the same by first class mail, postage prepaid, to:

Barry S. Scheer, Esq.
Parker Scheer, LLP
One Constitution Center
Boston, MA 02129

Stephen D. Rosenberg, Esq.
The McCormack Firm
One International Place
Seventh Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D.City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109

s/Robert N. Meltzer_____

July 24, 2006