UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 11573 RGS

WARREN FREEDENFELD ASSOCIATES, INC. )
as successor in interest to WARREN FREEDENFELD )
& ASSOCIATES, INC., )
    Plaintiff, )
)
v. )
)
MICHAEL P. MCTIGUE, DVM individually and as )
Trustee of THE MCTIGUE FAMILY TRUST, )
NANCY A. MCTIGUE, as Trustee of the )
MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM, )
GARDNER ANIMAL CARE CENTER, LLC )
d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D. )
CORMIER, ASSOCIATES INC., and BENNETT )
BUILDING CORPORATION, )
    Defendants. )

**PLAINTIFF'S OPPOSITION TO THE HOSPITAL DEFENDANTS' MOTION TO FILE REPLY BRIEF TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, REQUEST BY THE PLAINTIFF FOR LEAVE TO FILE A REPLY TO THE HOSPITAL DEFENDANTS' REPLY BRIEF**

The defendants, Michael McTigue, Nancy McTigue as Trustee of the McTigue Family, Trust, Brian Hurley, DVM, and Gardner Animal Care Center, LLC d/b/a Gardner Animal Hospital (collectively, the "Hospital Defendants"), have moved to file a reply brief to the Plaintiff's Opposition to their Motion for Summary Judgment. The motion should be denied because the Nevyas case from the Eastern District of Pennsylvania, is not dispositive of the case at bar. The facts are absolutely distinguishable in every possible way and the Hospital Defendants have failed to cite even one single case in the First Circuit where a Court adopted their overreaching and incorrect interpretation of the

holding in that case. The plaintiff will leave to the Court the applicability of the cases cited by the plaintiff in its Opposition to the Hospital Defendants' Motion for Summary Judgment, except to say that the facts presented in those cases offer substantially more insight into how the language of 15 U.S.C. § 1125(a) should be applied when the parties are not actual direct competitors.

It is noteworthy that despite the statement in their proposed reply brief that Nevyas is "well respected and precedential", the Hospital Defendants did not include any citations from other federal jurisdictions where their interpretation of the Nevyas holding was adopted or specifically followed. To say that Nevyas is the "current state of law" is quite a stretch especially given the obvious reality that the facts in that case are clearly distinguishable from the case at bar. As discussed in the detail in the plaintiff's Opposition to the Hospital Defendants' Motion for Summary Judgment, Nevyas is simply a defamation case. What we have here is strikingly different. In this case, the plaintiff can and will prove that the defendants by their own actions, falsely designated and falsely misrepresented the origin of the architectural plans that the plaintiff created for the project by palming them off to the plaintiff's current and prospective clients as their own designs.

To correct some of the alleged but unsupported "factual" assertions made by the Hospital Defendants in their proposed reply brief, discovery completed to date indicates that the Hospital Defendants, through their ring leader, Michael McTigue ("McTigue"), gave the plaintiff's architectural designs to their replacement architect, Edward D. Cormier ('Cormier"), and told him that he could use the designs to complete the Gardner Animal Care facility. Cormier has admitted in its answers to the plaintiff's interrogatories

that he did in fact receive the plaintiff's plans from the McTigue. This is a fact that can now be proven. It is the plaintiff's position, that McTigue then instructed Cormier to copy the plaintiff's architectural designs and submit them to the municipal planning board for approval. The copying had the desired effect of removing the plaintiff's logos from the original designs. As part of a scheme to disguise the fact that the designs were copied, Cormier made minor superficial changes to some aspects of the design and then placed his own logos on the copied plans. It should be noted that in his responses to the Plaintiff's First Request for Production of Documents, Cormier produced copies of the plaintiff's plans with the plaintiff's logos which contained handwritten notes made by either McTigue or Cormier specifically pointing out some of the elements of the design that McTigue wanted Cormier to slightly alter to disguise that they were being copied. Copies of theses marked up plans have been made available to the Hospital Defendants for inspection and copying.

Several years after the hospital was completed using the plaintiff's plans, the Hospital Defendants then caused the plaintiff's designs to be published in a national trade publication, *Veterinary Economics Magazine,* without giving the plaintiff any credit or attribution whatsoever. According to the article, the design won a "Merit Award" in the 2004 Veterinary Hospital Design Competition, a national and international competition. The article is entitled "Giving an Old House a Cutting –Edge Extension." Pages 52-53 of the article contain drawings that are nearly identical to the architectural drawings created by the plaintiff in all important aspects, including, but not limited to, the locations of the front vestibules and locations of the waiting area, medical records room, laundry room, food prep, consultation room, canine and feline exam rooms, surgery suite, doctor's work

stations, surgery prep, treatment room, pharmacy, lab, canine hospital ward, feline/exotic hospital ward, storage rooms, and canine and feline boarding areas. A copy of the article has also been made available to the Hospital Defendants.[1] There is no doubt that this action most definitely caused confusion as to the origin of the work by another person. In addition this was done to deceive the public. Therefore the Lanham Act is absolutely on point relative to the defendants' actions.

Although the Hospital Defendants claim, in their proposed reply brief, that the plans that they submitted to the magazine for publication were created solely by Cormier, it does not take an architectural expert to recognize that those plans are virtually identical to plans created by the plaintiff. At the very least, the position taken by the Hospital Defendants relative to the authorship of the plans displayed in the article creates a question of fact precluding summary judgment on this issue. But the Court need not address this issue since the only issue before the Court at this time is whether or not the plaintiff has standing to sue under the Lanham Act. A review of the Lanham Act indicates that there is definitive language in the statute to even create the suggestion that the right of a plaintiff to bring suit under 15 U.S.C. § 1125(a)(1) is limited to a situation where the parties are "direct competitors" in the same industry.[2] If Congress intended to

---

[1] It should be noted that the *Veterinary Economics Magazine* article with the plaintiff's design is still being broadcast over the worldwide web through the website HospitalDesign.net. The article can be found at the following web address:

http://www.hospitaldesign.net/vethospitaldesign/article/articleDetail.jsp?id=131710&pageID=1&sk=&date=

[2] Under the relevant provision of the Lanham Act, it is unlawful for:

> [a]ny person ... on or in connection with any goods or services ... [to] use [ ] in commerce ... any false designation of origin ... which ... is likely to cause confusion, or to cause mistake, or to deceive ... as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person.

create such a requirement, then they would have included language to this effect in the statute.

In any event, as discussed above, even if the Court adopted the Hospital Defendants' incorrect interpretation of the Nevyas decision, which it should not, the Hospital Defendants should be judicially estopped from arguing that they are not directly competing with the plaintiff in the field of architecture since their ring leader and agent, Michael McTigue, has taken the hypocritical and contradictory position in this case, in the form of a counterclaim, that he was a "joint author" of the subject architectural designs and as such had the right to sell, license, or authorize other veterinarians to make use of the plaintiff's architectural plans.³ Doubtless, this reeks of direct competition since it is undisputed that the plaintiff is in the business of designing veterinary hospitals and markets its designs to veterinarians.

For all the foregoing reasons, the Hospital Defendants' Motion for Leave to File a Reply Brief to the Plaintiff's Opposition to their Motion for Summary Judgment should be denied. In the alternative, if the motion is allowed, the plaintiff respectfully requests that court permit the plaintiff to submit a reply to the Hospitals Defendants' reply brief.

---

15 U.S.C. § 1125(a)(1)(A).

The use of the term "any person" in this section has broad meaning.

³ See Intergen N.V. v. Grina, 344 F.3d 134, 144 (1st Cir. 2003)("[T]he doctrine of judicial estoppel prevents a litigant from pressing a claim that is *inconsistent* with a position taken by that litigant either in a prior legal proceeding or in an earlier phase of the same legal proceeding.").

          Respectfully submitted

          WARREN FREEDENFELD ASSOCIATES, INC. as successor in Interest to WARREN FREEDENFELD & ASSOCIATES, INC.,

          By its attorneys,


          /s/ Garrett J. Lee
          Barry S. Scheer, BBO # 445100
          Garrett J. Lee, BBO # 641876
          PARKER | SCHEER LLP
          One Constitution Center
          Boston, MA  02129
          (617) 886-0500
          Email: bss@parkerscheer.com
                 gjl@parkerscheer.com


Dated: November 22, 2006

## CERTIFICATE OF SERVICE

I, Garrett J. Lee, attorney for the plaintiff, Warren Freedenfeld Associates, Inc. as successor in interest to Warren Freedenfeld & Associates, Inc., hereby certify that on this 22nd day of November, 2006 a true copy of the following was served on all counsel record:

**PLAINTIFF'S OPPOSITION TO THE HOSPITAL DEFENDANTS' MOTION TO FILE REPLY BRIEF TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, REQUEST BY THE PLAINTIFF FOR LEAVE TO FILE A REPLY TO THE HOSPITAL DEFENDANTS' REPLY BRIEF**

By first-class mail postage pre-paid, addressed to:

Michael J. Stone,
Robert A. McCall
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA 02110

Robert N. Meltzer, Esq.
P.O. Box 1459
Framingham, MA 01701

Stephen D. Rosenberg
The McCormack Firm, LLC
One International Place
7th Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D. City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109
Mary C. Casey, Esq.
Harbor Law Group
385 South Street
Shrewsbury, MA 01545

/s/ Garrett J. Lee
Garrett J. Lee