UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

.                                                                    CIVIL ACTION NO. 05 11573 RGS

|  |  |
|---|---|
| WARREN FREEDENFELD ASSOCIATES, INC. as successor in interest to WARREN FREEDENFELD & ASSOCIATES, INC., Plaintiff, v. MICHAEL P. MCTIGUE, DVM individually and as Trustee of THE MCTIGUE FAMILY TRUST, NANCY A. MCTIGUE, as Trustee of the MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM, GARDNER ANIMAL CARE CENTER, LLC d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D. CORMIER, ASSOCIATES INC., and BENNETT BUILDING CORPORATION, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**MOTION OF DEFENDANTS MICHAEL MCTIGUE, NANCY A. MCTIGUE, AS TRUSTEE OF THE MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM AND GARDNER ANIMAL CARE CENTER, LLC D/B/A/ GARDNER ANIMAL HOSPITAL FOR RECONSIDERATION OF THE COURT'S ORDER PERMITTING THE PLAINTIFF TO FILE A SURRPELY, OR, IN THE ALTERNATIVE, TO STRIKE THE SURREPLY**

Now come the Moving Defendants and respectfully request that this Honorable Court either reconsider its order permitting the Plaintiff to file its surreply or, in the alternative, that the surreply be stricken as inappropriate, immaterial, unnecessary, irrelevant and tending to confuse, rather than clarify, the issues before the Court.

It has often been noted that the concept of a "surreply" is not addressed in either the federal rules of civil procedure or the local rules. The rules of pleading are

specifically designed to avoid an endless briefing and with the intent of forcing a pleading party to marshal his thoughts and present his arguments in one document.

This issue as to whether a surreply is appropriate has been occasionally addressed. In Kansas, in which Local Rule 7.1 is similar to the local rule in this circuit, the Court noted that "there is no provision in the local rules of this court for the filing of surreplies." Pehr v. Rubbermaid, 87 F.Supp. 2d. 1222, 1237 (D.Kan. 2000). Thus, the Court noted, "[l]eave to file a surreply is generally only granted in 'rare circumstances' as where the movant 'improperly raises new arguments in a reply'.", Pehr, 87 F.Supp. 2d at 1237.

It has also been noted that "in general, a court should not consider arguments raised for the first time in a reply brief." Reliance Insurance Co. of Illinois v. Richfield Hospitality, 92 F. Supp. 2d 1329,1332 (N.D. Ga. 2002). Specifically, a surreply is not appropriate where the "plaintiffs have merely extended the arguments that they originally made…" Garrison v. Georgia Northeast Medical Center, Inc., 66 F.Supp. 2d 1336,1340 (N.D. Georgia, 1999).

Indeed, it has been questioned whether any such thing as a surreply even exists in the federal court . The Court has noted that a surreply should only be permitted to provide new information not previously available to the moving party at the time that prior papers were filed. As the Court has noted, in the absence of new material, "surreplies would be nothing more than surplussage." Lopez v. Garcia, 1 F.Supp. 2d 1404, 1406 (D. N.M. 1997).

This is the situation in the case at bar. The Reply Brief submitted by the Moving Defendants did not contain any new information that would require further briefing. In

fact, the Reply Brief was necessitated because the Plaintiff had never even annunciated his cause of action until his opposition, at which time the Plaintiff distorted facts, failed to meet its standard of proof and otherwise cited out-dated case law.

Finally, the Reply Brief noted that the Plaintiff had misconstrued the material elements of Lanham Act elements, and that the Plaintiff had confused trademark litigation for false advertisement precedent.

There was nothing in the Reply Brief that was new, or that posited new arguments or that otherwise introduced new material. Thus, there was no need for rebuttal to the Reply Brief. By allowing the Plaintiff to file the Surreply, the Court suggested that the Moving Defendants had acted improperly (Pehr) or that the Court was amenable to non-stop briefing of surplussage.

A review of the Surreply demonstrates exactly the policy arguments against allowing surreplies. There was no misconduct by the Moving Defendants in filing its Reply Brief, and, as the Surreply shows, there was no benefit to the Court in allowing its filing. Thus, the Court should reconsider its Order accepting the Surreply as unnecessary and improper under the rules of pleading, and this Motion should be ALLOWED.

1. THE SURREPLY WAS IMPROPER, AS THE PLAINTIFF USED THE OPPORTUNITY TO FILE A SURREPLY BRIEF TO ARGUE, ONCE AGAIN, OUTDATED AND SUPERCEDED CASE LAW THAT SHOULD NOT HAVE BEEN RAISED FOR THE FIRST TIME IN A SURREPLY BRIEF

Rather than provide new case law which might shed light on the law of this case, the Plaintiff has dragged out the ancient case known as Camel Hair and Cashmere

<u>Institute of America, Inc. v Associated Dry Goods Corporation</u>, 799 F.2d 6 (1986) for the proposition, cited on page 11 of that case that "there appears to be a general consensus that the plaintiff does not have to be a competitor in order to have standing to sue." The Plaintiff then specifically notes that it is not citing the precedent followed by the Court in reaching this conclusion. This was a key omission.

As a threshold matter, Camel Hair is not a new case, and it certainly existed at the time that the Opposition was filed. Thus, as a practical matter, raising this case in a Surreply brief was improper and should be stricken.

However, it was also improper for the Plaintiff to cite this case, as the next sentence indicates that the case law no longer has precedential value. After the line cited by the Plaintiff, the Court goes on to cite the case law upon which the holding was based. One such case was <u>Colligan v. Activities Club of New York, Ltd</u>, 442 F.2d 698 (2nd Cir. 1971) and <u>Thorn v. Reliance Van Co. Inc</u>, 736 F.2d 929 (3rd Cir. 1984)

As noted in the Reply Brief, both the Second and Third circuits have specifically overturned these holdings. The First Circuit, in <u>Camel Hair</u>, specifically noted that it was relying upon the prior national trend, specifically holding that <u>Camel Hair</u> was decided as it was decided because the consensus within the circuits supported the interpretation of the law. However, the case makes clear that the First Circuit follows the Second and Third Circuit, which no longer would support the <u>Camel Hair</u> holding.

At best, the <u>Camel Hair</u> holding is now questionable. At worst, it has been superseded by case law that followed these decisions.[1]

---

[1] The Court should also note that the Lanham Act underwent substantial revision in 1989, after these cases were decided.

In its Reply Brief, the Moving Defendants specifically noted that the Plaintiff was relying upon superseded case law. In its Surreply, the Plaintiff did it again. One has to wonder whether the Plaintiff engages in this conduct out of ignorance, out of an intent to deceive the court or out of malice.

Under either scenario, the references to <u>Camel Hair</u> should be stricken. Further, as the case law was not new, and could have been raised in the original opposition, it is simply improper to raise the issue now, without giving the Moving Defendants yet another opportunity to correct the record.

Rather than allowing ad nauseum briefing, the Court should deem the inclusion of old case law in the Surreply Brief to be improper, and the Surreply should be stricken as a matter of law, and this Motion should be ALLOWED.

2. THE SURREPLY BRIEF WAS IMPROPER, AS IT CONTAINS, FOR THE FIRST TIME, A NOVEL ARGUMENT THAT PERTAINS TO THE DISMISSED CLAIMS FOR COPYRIGHT INFRINGEMENT AS A BASIS FOR DISMISSING CLAIMS PERTAINING TO THE LANHAM ACT

The Plaintiff, in its Surreply, launches into a long and involved discussion pertaining to what the Moving Defendants did with copyrighted work back in 1999 in arguing that the Court should deny the Motion for Summary Judgment on the Lanham Act claim. The Plaintiff weaves a long and involved, and ultimately useless dialog, about what was supposedly said and done in 1999.

The Court should note that this entire argument reverts to the copyright claims dismissed by the Court has time barred last February. The Court should also note that the Supreme Court has explicitly held that copyright law is exclusive, and that a party may

not argue claims sounding in copyright law under the Lanham Act. See, Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23 (2003)

What Gardner Animal Hospital and Edward Cormier did in 1999 has no relevance to the Lanham Act claim which, apparently, arose in 2003, when Gardner Animal Hospital sent its as-built drawings to Veterinary Economics magazine.

As a threshold matter, even ignoring the plain language of Dastar, the Court should note that the Plaintiff has now defeated his own Lanham Act claim. He has provided his disputed copyrighted work to the Court, as well as the copy of Cormier's as built drawing from Veterinary Economics magazine. The Court can clearly see that the Work and the as-built are entirely different. In fact, the as-built shows sections of the hospital that were not within the original Work prepared by Freedenfeld, including an entire building. Thus, the Plaintiff has completely undermined his claim under Smith v. Montoro, 648 F.2d 602 (9th Cir. 1981), which requires, in a false labeling claim, that the work be identical, but that the label has been changed.

In any event, attempting to raise the time-barred copyright issues in the Surreply brief are, well, surreal. The Plaintiff, as a matter of law, may not raise dismissed claims, or any new claims, in a Surreply. It is simply too late to try and argue a whole new case theory, especially a claim rejected by Dastar.

Further, the attempt to raise the issue at this late date poses no useful material, as the argument has been heard and rejected by this Court in February of 2005.

The only basis for permitting the filing of Surreply Brief is to address new material that was not available or could not be made available at the time that the Opposition was filed. Instead, the Plaintiff has attempted to trot-out seven year old

documents, and a dismissed copyright claim, in an attempt to defeat the Summary Judgment motion on the Lanham Act claim. It is entirely improper.

The argument as to what transpired in 1999 does not add anything to the issue before the Court. At worst, it is confusing and misleading, and it was put forward without an opportunity for the Moving Defendants to respond.

At this juncture, unless the Court is willing to allow the Moving Defendants the opportunity to address the bizarre argument that dismissed claims warranted denial of the current motion, the argument should be stricken in its entirety.

3. THE SURREPLY IS IMPROPER, AS FURTHER ATTEMPTS TO DISTINGUISH NEVYAS ARE MERE SURPLUSSAGE, AND THE PLAINTIFF'S CONTINUING INSISTANCE ON IGNORING CURRENT CASE LAW IS DECEPTIVE

The Plaintiff has demonstrated a stubborn refusal to recognize that current case law completely bars the Lanham Act claim. The Supreme Court has been explicit on this issue in Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23 (2003). Dastar, which is now the guiding law, has been discussed in great detail during the past three years, and the holding in Dastar is not ambiguous in completely undercutting the Plaintiff's reliance on old case law.

Annual treatises, such as the Trademark Reporter, 95 TMR 5 (Jan-Feb. 2005) exhaustively chronicles the trend away from the case law cited by the Plaintiff and the legal theories propounded by him. See, for example, Carroll v. Kahn, 68. U.S.P.Q. 2d 1357 (2003) "A Lanham Act claim based on Defendants' alleged failure to give Plaintiff proper credit as author and/or producer…is foreclosed by Dastar.", citing to Williams v.

UMG Recordings, Inc., 281 F.Supp. 2d 1177 (C.D.Cal 2003)("failure to credit film narrator and director not actionable under the Lanham Act")

As the Carroll Court wrote, "In Dastar…, the Supreme Court held that 'the phrase origin of goods is incapable of connoting the person or entity that originated the ideas or communications that 'goods' embody or contain. The Court believed that to hold otherwise and afford 'special treatment to communicative products [such as a book or video]…causes the Lanham Act to conflict with the law of copyright, which addresses that subject specifically." Citing Dastar, 123 S.Ct at 2048.

Nonetheless, the Plaintiff continues to ignore Dastar and three years of case development and to argue pre-Dastar theories.

As in the Opposition, the Plaintiff attempts to distinguish current statements of the law, such as Nevyas, from the case at bar by trying to convince the Court that Nevyas is a "defamation" case. The Court can clearly see from the headnotes that Nevyas is not just a defamation case, but rather the most current statement on the state of Lanham Act jurisprudence. The arguments against Nevyas are not new; they are a rehash of the Opposition. As such, the material is not appropriate, and the argument in the Surreply must be stricken.

The Plaintiff may have stated a claim if this was 1985. But the insistence on propounding legal theories and citing case law that has no longer has any credibility undermines the surreply in its entirety, such that the surreply, as outdated and incorrect, is inappropriate and the Motion to Strike must be ALLOWED.

    4.  THE ENTIRE SURREPLY IS IMPROPER. AND SHOULD BE STRICKEN IN ITS ENTIRETY

The Surreply is comprised of the three sections discussed herein. None of these sections should survive the motion to strike. Each section is redundant, surplussage, the attempt to argue new legal theories that could have been argued in the Opposition, or irrelevant material pertaining to dismissed copyright claims that have no relevance to this motion.[2]

The Moving Parties have no interest in endless briefing. Clearly, maintaining the Surreply on the docket would require, in equity, the ridiculous exercise of a sur-Surreply to address each argument in detail.

Since each section of the Surreply is irrelevant, and nothing in the procedural rules would warrant, as a matter of right, the need to have the Surreply on the docket, the Motion to Strike should be ALLOWED.

5. EVEN AFTER TWO BRIEFS, THE PLAINTIFF HAS UTTERLY FAILED TO IDENTIFY ANY ADMISSIBLE EVIDENCE THAT WOULD JUSTIFY DENYING THE MOTION FOR SUMMARY JUDGMENT, SUCH THAT MERE ARGUMENTATIVE STATEMENTS UNSUPPORTED BY EVIDENCE WARRANT THAT THE SURREPLY BE STRICKEN

Even after the Surreply Brief was filed, the Plaintiff has still failed to submit any admissible evidence that would support a Lanham Act claim. The following facts remain undisputed with regard to the 2003 submission to Veterinary Economics magazine:

1. The submission was made by Gardner Animal Hospital

---

[2] As noted, even the "new" theories are barred by Dastar.

2. There is no conduct by any of the other Moving Defendants even identified by the Plaintiff that would warrant denying their motion for summary judgment

3. Gardner Animal Hospital was not engaged in commercial activity when it made its submission to Veterinary Economics magazine—it was engaging in show and tell with its peers, not advertising to its customers. Even if the Plaintiff had a copyright claim, which it does not, the conduct by Gardner Animal Hospital would constitute fair use.

4. Gardner Animal Hospital did not engage in false labeling—the as-built was prepared by Cormier, not Freedenfeld, and it does not constitute the work upon which Freedenfeld claims a copyright

5. Gardner Animal Hospital did not relabel the Cormier drawing, or relabel the Freedenfeld Work.

6. Gardner Animal Hospital was not engaging in any advertising activity, false or otherwise

The law makes it clear, under these undisputed facts, that no Lanham Act claim exists. Since the Surreply Brief has failed to even address the most basic issue, the existence of admissible evidence that would support any claim under the Lanham Act, the Surreply serves no purpose but to confuse the issues and to present inaccurate statements of fact or law.

Therefore, the Motion to Strike must be ALLOWED.

        Respectfully Submitted,

        The Moving Defendants

        By their attorneys,


        s/Robert N. Meltzer_____
        The Mountain States Law Group
        Robert N. Meltzer, BBO #564745
        P.O. Box 1459
        Framingham, MA 01701
        Phone: (508) 872-7116


        s/Mary C. Casey_____
        Mary C. Casey, BBO #636250
        Harbor Law Group
        385 South Street
        Shrewsbury, MA 01545
        Phone: (508) 842-9244


Dated: December 11, 2006

Case 1:05-cv-11573-RGS    Document 77    Filed 12/12/2006    Page 12 of 14

CERTIFICATE OF COMPLIANCE WITH L.R. 7.1

      I, Robert N. Meltzer, do hereby certify that I advised opposing counsel of my intent to file the attached motion, and provided the Plaintiff with an opportunity to meet and confer by letter as to the issues at hand, or to assent to the motion to file a reply brief. Opposing counsel has declined to assent to the motion. I have attempted in good faith to address this issue with opposing counsel before filing this motion as required by LR 7.1

                                            s/Robert N. Meltzer

December 11, 2006

CERTIFICATE OF SERVICE

      I, Robert N. Meltzer, do hereby certify that on this day I have served the foregoing by providing a copy of the same by first class mail, postage prepaid, to:

Barry S. Scheer, Esq.
Parker Scheer, LLP
One Constitution Center
Boston, MA 02129

Stephen D. Rosenberg, Esq.
The McCormack Firm
One International Place
Seventh Floor
Boston, MA 02110

Robert D.City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109

Robert A. McCall, Esq.
Peabody & Arnold, LLP
30 Rowes Wharf
Boston, MA 02110

                                                      s/Robert N. Meltzer_____

December 11, 2006