UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

.                                                                    CIVIL ACTION NO. 05 11573 RGS

```
                                                      )
WARREN FREEDENFELD ASSOCIATES, INC.                   )
as successor in interest to WARREN FREEDENFELD        )
& ASSOCIATES, INC.,                                   )
            Plaintiff,                                )
                                                      )
v.                                                    )
                                                      )
MICHAEL P. MCTIGUE, DVM individually and as           )
Trustee of THE MCTIGUE FAMILY TRUST,                  )
NANCY A. MCTIGUE, as Trustee of the                   )
MCTIGUE FAMILY TRUST, BRIAN C. HURLEY, DVM,           )
GARDNER ANIMAL CARE CENTER, LLC                       )
d/b/a GARDNER ANIMAL HOSPITAL, EDWARD D.              )
CORMIER, ASSOCIATES INC., and BENNETT                 )
BUILDING CORPORATION,                                 )
            Defendants.                               )
                                                      )
```

**EMERGENCY MOTION OF DEFENDANT, GARDNER ANIMAL CARE CENTER, LLC d/b/a GARDNER ANIMAL HOSPITAL TO QUASH A DEPOSITION SERVED ON DAN MCCARTY OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER PURSUANT TO L.R. 37.1, F.R.C.P. 33 AND F.R.C.P. 26(c)**

Now come the Defendant, Gardner Animal Care Center, LLC d/b/a Gardner Animal Hospital ("the Moving Defendant"), and requests that this Honorable Court quash the subpoena served by the Plaintiff on one Dan McCarty, the Moving Defendant's construction consultant in 1999, on the grounds that there is no possible relevance to this testimony, and that the discovery, which is baseless, is clearly intended to harass and annoy the intended witness. The deposition is now scheduled for January 24, 2007.

As grounds for this motion, the Moving Defendant states as follows:

1. The Plaintiff originally brought this suit against the Moving Defendant, and others, alleging infringement of copyrighted materials and a violation of the Lanham Act. In February of 2006, this Court dismissed all of the copyright claims on the grounds that the claims were time-barred by the 1999 commencement date for the statute of limitations. This dismissal left only the Lanham Act claim.

2. The Plaintiff failed to identify any factual basis for a claim under the Lanham Act in its Complaint.

3. Indeed, the Plaintiff never identified its cause of action under the Lanham Act until after the Moving Defendant filed a motion for summary judgment, which is now pending.

4. According to the opposition to the motion for summary judgment, the violation of the Lanham Act occurred in 2004 when the Moving Defendant provided the floor plans of its hospital, designed by Defendant, Cormier to Veterinary Economics magazine.

5. At his deposition on December 28, 2006, Freedenfeld admitted, (transcript, page 129), that the plans submitted by the Moving Defendant to Veterinary Magazine in 2004 were not the same plans that were subject to the original copyright. In fact, counsel for the Moving Defendant had to ask Freedenfeld six times if the plans were the same before Freedenfeld finally admitted that they were not. On page 148, Freedenfeld also admitted, after being asked the question several times, that he had not seen his own plan with Cormier's name on it.

6. Freedenfeld, throughout his deposition, couldn't identify any facts that would support a Lanham Act claim against any of the parties in this case. When asked

what constituted a violation of the Lanham Act by Defendant, McTigue, Freedenfeld stated that McTigue "lied." The two lies, according to Freedenfeld, occurred when McTigue identified Cormier as the architect (which he clearly was), and when, according to Freedenfeld, McTigue said "he rolled up our drawings and threw them in the trash." (page 160). On the next page of the transcript, Freedenfeld was forced to admit that McTigue had said no such thing.

7. At his deposition, Freedenfeld confirmed, repeatedly, that the plans submitted by Cormier contained ideas that Freedenfeld had had thirty years before and "have almost become industry standard today." (page 52). Thus, Freedenfeld's entire claim is based upon the Moving Defendant's failure to attribute 30 year old ideas, which are now common in veterinary hospitals across the United States, to Freedenfeld in the submission to Veterinary Economics magazine in 2004.

8. The Supreme Court, in <u>Dastar Corp. v. Twentieth Century Fox Film Corp</u>., 539 U.S. 23 (2003), has stated, unequivocally, that the type of claim brought by Freedenfeld is prohibited under the Lanham Act. Freedenfeld has testified himself out of court, and it is expected that this court will dismiss the Lanham Act claim in February of 2007 when the Moving Defendant's summary judgment motion is heard.

9. The Plaintiff has now scheduled a deposition for January 24, 2007 of Dan McCarty, the Moving Defendant's construction consultant in 1999. The Moving Defendant is baffled as to how McCarty's testimony has any relevance to the bogus Lanham Act claim.

10. The Moving Defendant raised this question in the obligatory meet and confer conference. Counsel for the Plaintiff stated as follows: "I would again refer to Cormier's answers to interrogatories where the Defendant states that he attended a meeting at McCarty's office in 1999 where the use and disposition of the plaintiff's plans were specifically discussed. I remind you that your client has asserted rights of 'joint authorship' in this case….Among other things, the plaintiff has a right to know what authorship rights, if any, McTigue claimed in the plans during the meeting at McCarty's office. What transpired in 1999 is also necessary to establish a baseline for events leading up to the publication of the plaintiff's plans in Vet Economics."

11. As a threshold matter, the Plaintiff concedes in this paragraph that he is exploring issues of copyright that were dismissed in February of 2006. There are no extant copyright claims, and he cannot conduct discovery as to copyright.

12. Second, this paragraph completely fails to address any relevant portion of the Lanham Act claim. With Freedenfeld's admission that his Lanham Act claim was based on lack of attribution of ideas that had, in any case, become industry standard, the Plaintiff has no Lanham Act claim to prove. Thus, no testimony can be relevant, because relevance must apply, under F.R.C.P. 26 to information reasonably calculated to lead to the discovery of admissible evidence. Since Freedenfeld has admitted to no claim, there is no admissible evidence and no basis for this deposition. Freedenfeld admitted in his deposition, under oath, contrary to the statement of his attorney, that the plans in Veterinary Economics magazine were *not* his plans.

13. In addition, the comment trying to tie a 1999 meeting to the Moving Defendant's conduct in 2004 is a transparent attempt to find some basis for a deposition that has no purpose. What, exactly, is a "baseline for events" that would lead from 1999 to 2004? The letter from Plaintiff's counsel is gibberish.

14. It is evident that the Plaintiff is simply trying to harass and annoy the Moving Defendant and the people and companies who have worked with it. It should be noted that, even following this Court's Order that Defendant McTigue turn over personal financial records to Freedenfeld, Freedenfeld couldn't annunciate any relevance of these documents in his deposition.

15. The Moving Defendant has been forced to defend the frivolous Lanham Act claim for a year. There has never been a basis for the claim, and Freedenfeld has confirmed this in his own testimony. The Moving Defendant, and its members, have been forced to incur legal fees and substantial inconvenience while Freedenfeld has thrashed hopelessly to find a basis for his claim.

16. Inconveniencing the Moving Defendant is one thing; harassing, annoying and inconveniencing a third-party witness who has had no involvement with this matter in seven years, is another matter. Dan McCarty had nothing to do with any events that transpired in 2004, and no amount of word games will change that fact. Even if Freedenfeld had managed to identify a viable claim that arose in 2004 regarding the Veterinary Economics magazine, Dan McCarty had had no involvement in that matter whatsoever.

17. Finally, in terms of the "authorship" issue, this Court should take note that Freedenfeld is subpoenaing witnesses to testify as to the time-barred copyright

claim. Freedenfeld's conduct is, in fact, a blatant contempt of the Court's Order of February 8, 2006 that these claims not go forward.

18. F.R.C.P. 26(c) states that "the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" In this case, the Court should act to prevent the Plaintiff from dragging McCarty to the Plaintiff's office in Charlestown for a deposition which is meaningless and without any purpose.

WHEREFORE, the Moving Defendant respectfully requests that:

1. This Court issue an Order finding that McCarty's testimony has not been shown to be relevant and necessary to the Lanham Act claim in this case, and that no basis exists for summoning McCarty to testify as to a meeting held in 1999, five years before the alleged Lanham Act violation

2. That Court reaffirm that discovery not be had on copyright claims that have been dismissed; or

3. alternatively, that the Court order that the deposition not take place until after the Court considers the summary judgment motion at the hearing in February of 2007 in which the Moving Defendant has asked the Court to dismiss the Lanham Act claim, after which the issue might be moot; and

4. that this Court enter any further relief deemed appropriate by this Court.

                                                Respectfully Submitted,

                                                The Moving Defendant,

By its attorneys,

s/Robert N. Meltzer_____
Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

s/Mary C. Casey_____
Mary C. Casey, BBO #636250
Harbor Law Group
385 South Street
Shrewsbury, MA 01545
Phone: (508) 842-9244

Dated: January 17, 2007

    I hereby certify that, as the moving party, I initiated a meeting to confer under L.R. 7.1 and L.R. 37.1 as to the motion filed this day, and that I have made a good faith effort to reach agreement with the opposing party, and that the parties were unable to reach a resolution without court intervention.

                                   s/Robert N. Meltzer

## CERTIFICATE OF SERVICE

      I, Robert N. Meltzer, do hereby certify that on this day I have served the foregoing by providing a copy of the same by first class mail, postage prepaid, to:

Barry S. Scheer, Esq.
Parker Scheer, LLP
One Constitution Center
Boston, MA 02129

Stephen D. Rosenberg, Esq.
The McCormack Firm
One International Place
Seventh Floor
Boston, MA 02110

Robert D.City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109

Robert A. McCall, Esq.
Peabody & Arnold, LLP
30 Rowes Wharf
Boston, MA 02110

                                                                        s/Robert N. Meltzer_____

January 17, 2007

9

CERTIFICATE OF SERVICE

      I, Robert N. Meltzer, do hereby certify that on this day I have served the foregoing by providing a copy of the same by first class mail, postage prepaid, to:

Barry S. Scheer, Esq.
Parker Scheer, LLP
One Constitution Center
Boston, MA 02129

Stephen D. Rosenberg, Esq.
The McCormack Firm
One International Place
Seventh Floor
Boston, MA 02110

F. Joseph Gentili, Esq.
Capobianco & Gentili, PC
15 West Central Street
Natick, MA 01760

Robert D.City, Esq.
Michael J. Dissette, Esq.
City, Hayes & Dissette, PC
50 Congress Street
Boston, MA 02109

                                              s/Robert N. Meltzer_____

June 4, 2006